# EXHIBIT G

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3210**

WRITER'S EMAIL ADDRESS
**garygans@quinnemanuel.com**

December 13, 2019

**VIA EMAIL AND FEDERAL EXPRESS**

William F. Mongan, Esq.
Akin Gump Straus Hauer & Feld LLP
One Bryant Park
Bank of America Tower
New York, NY 10036-6745

Re:   **SunTrust Bank**

Dear Bill:

     As we discussed last week, I am writing on behalf of Emigrant Bank ("Emigrant") and Pacific Mercantile Bank ("PMB") with respect to claims against Virgo Investment Group LLC and related persons and entities (collectively, "Virgo") relating to the Revolving Credit and Term Loan Agreement with Our Alchemy, LLC ("Alchemy"), dated as of September 4, 2014, as amended (the "Original Loan Agreement"); the Guaranty and Security Agreement with Calrissian, LP ("Calrissian"), dated as of September 4, 2014, as amended (the "Guaranty"); the Amended and Restated Revolving Credit and Term Loan Agreement with Alchemy, dated as of July 9, 2015, as amended (the "Amended Loan Agreement"); and the Term Loan Joinder Agreement (the "Joinder Agreement") with Emigrant, dated as of July 10, 2015.  The Original Loan Agreement, the Guaranty, the Amended Loan Agreement, and the Joinder Agreement are collectively referred to as the Loan Documents.[1]

     Emigrant and PMB have determined that a lawsuit should be filed on behalf of Lenders against Virgo in connection with the transactions underlying the Loan Documents.  Emigrant and PMB would like to file the lawsuit in conjunction with SunTrust.  Accordingly, earlier this year, we made a specific proposal to SunTrust with respect to pursuing and financing such litigation. As you may recall, Emigrant offered to finance the litigation without cost to SunTrust pursuant to certain terms.  Although SunTrust did not agree to the proposal at that time, and although Emigrant

---

[1]   All capitalized terms used herein which are not otherwise defined shall have the meanings ascribed to them in the Loan Documents.

**quinn emanuel urquhart & sullivan, llp**

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON | SALT LAKE CITY
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

William F. Mongan, Esq.
December 13, 2019

is unwilling at this time to provide a release to SunTrust as it has requested, we would like to renew the offer and discuss any issues or concerns that SunTrust may have with the proposal.

Alternatively, Emigrant and PMB request that SunTrust, as Administrative Agent, file a lawsuit on behalf of Lenders against Virgo for breach of the Guaranty as the alter ego and/or the principal of Calrissian. The basis of this request is as follows:

Under § 8.1 of the Amended Loan Agreement, Events of Default have occurred because, among other things, Alchemy failed to pay principal and interest when due and filed a proceeding under federal bankruptcy law. The Amended Loan Agreement provides that if an Event of Default has occurred, "the Administrative Agent may, and *upon the written request of the Required Lenders shall*, by notice to the Borrower, take any or all of the following actions … (iii) *exercise all remedies contained in any other Loan Document,* and (iv) *exercise any other remedies available at law or in equity* ...." (Emphasis added.)

Emigrant and PMB together hold more than 50% of the aggregate outstanding Revolving Credit Exposure and Term Loans, and thus qualify as "Required Lenders." Emigrant and PMB believe that (i) Alchemy, Calrissian, and Virgo engaged in acts of fraud and negligent misrepresentation to, *inter alia*, induce Lenders to provide Alchemy with revolving and credit term loan facilities in an aggregate principal amount of approximately $59,500,000 pursuant to the Loan Documents; (ii) Calrissian breached the Guaranty; and (iii) Virgo is liable to the Lenders as Alchemy's and Calrissian's alter ego and/or principal.

Thus, as Required Lenders, Emigrant and PMB hereby request, pursuant to § 8.1 of the Amended Loan Agreement, that SunTrust, as Administrative Agent, exercise all remedies at law and in equity, including all remedies available under any of the Loan Documents, to seek payment in full of all Obligations under the Loan Documents, including interest, attorney's fees, and costs. Without limiting SunTrust's obligations pursuant to this request, the Required Lenders specifically request that SunTrust, in its capacity as Administrative Agent, file a lawsuit against Virgo in New York state court for breach of the Guaranty on the basis, *inter alia*, that Virgo is the alter ego and/or principal of Calrissian.[2] SunTrust must file the lawsuit in good faith and so as to comply with all applicable statutes of limitation.

Emigrant and PMB further request that SunTrust retain Quinn Emanuel Urquhart & Sullivan to file such lawsuit. If SunTrust does not retain Quinn Emanuel Urquhart & Sullivan, Emigrant and PMB intend to retain Quinn Emanuel to monitor the litigation on their behalves, and expect that Lenders will reimburse such attorney's fees *pro rata* as they have done in connection with the bankruptcy proceedings.

---

[2] SunTrust, in its capacity as Administrative Agent, previously commenced a civil action against Calrissian in New York state court for breach of contract. That action is stayed as a result of Calrissian's bankruptcy.

William F. Mongan, Esq.
December 13, 2019

      Finally, if SunTrust does not comply with Emigrant and PMB's request to file such a lawsuit, and will not agree to Emigrant's proposal to finance the lawsuit, Emigrant and PMB intend to seek all available legal remedies. Because of the possible expiration of a statute of limitations at the end of this year, we need a response from SunTrust no later than December 18, 2019.

      This letter is not intended to state all the facts or legal issues relating to the foregoing, and neither Emigrant nor PMB shall be deemed to waive any of Emigrant's or PMB's rights or remedies, in law or in equity, all of which are expressly reserved.

      Please note that, while I would normally not undertake to communicate directly with your client, this letter is sent on behalf of Emigrant and PMB to the Administrative Agent pursuant to § 8.1 of the Amended Loan Agreement, and therefore is being delivered in accordance with the notice provisions thereof.

Yours truly,

Gary E. Gans

cc:    J. Matthew Rowand (matt.rowand@suntrust.com), SunTrust Bank
       Doug Weltz (douglas.weltz@sunstrust.com), Sun Trust Bank
       John Burke (jburke@akingump.com), Akin Gump Strauss Hauer & Feld LLP
       Howard Milstein (HPM@Emigrant.com), Emigrant Bank
       Debra Newbrough (Debra.Newbrough@pmbank.com), Pacific Mercantile Bank