# KING & SPALDING

1185 Avenue of the Americas
New York, NY 10036
www.kslaw.com

**Peter Isajiw**
Partner
Tel:  +1 212 556 2235
Fax:  +1 212 556 2222
pisajiw@kslaw.com

June 24, 2020

**VIA ECF**

The Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 705
New York, NY 10007

> Re:     *Emigrant Bank, et al. v. SunTrust Bank, et al.*, No. 1:20-cv-02391 (S.D.N.Y.):
>           Request for Pre-Motion Conference Regarding Motion to Stay

Dear Judge Gardephe:

We represent Defendants Truist Bank and SunTrust Bank (collectively, for convenience, "SunTrust").[1] We write pursuant to Rule IV.A of Your Honor's Individual Rules of Practice to request a pre-motion conference regarding SunTrust's intended motion to stay discovery pending the resolution of SunTrust's anticipated Rule 12(b)(6) motion to dismiss.

As detailed in SunTrust's April 13, 2020 letter to the Court concerning its intention to file a motion to dismiss (ECF No. 13), SunTrust is the Administrative Agent under a Credit Agreement (ECF No. 1-1) through which Plaintiffs (and SunTrust) lent non-party Our Alchemy LLC about $60 million.  After Our Alchemy defaulted on the loan and declared bankruptcy, SunTrust pursued Our Alchemy's sole owner, Calrissian LP, in New York Supreme Court, to enforce the guaranty agreement it signed (the "Guaranty Action").  Plaintiffs brought this case against SunTrust because SunTrust had not also pursued Virgo Investment Group, LLC or its affiliates ("Virgo"), seeking to hold Virgo liable for Our Alchemy's debt through an alter ego or principal/agent theory.

SunTrust's motion to dismiss will argue that the terms of the Credit Agreement foreclose all of Plaintiffs' claims.  Under New York law, those are pure questions of law, which the Court can decide without the need for discovery.  Moreover, as anticipated in the April 13, 2020 letter, SunTrust has now moved for leave to amend the Guaranty Action complaint to add a claim against Virgo Service Company LLC, Calrissian's general partner, and a Virgo affiliate.  As explained in the April 13, 2020 letter, Plaintiffs' claims are not ripe.  They are now also moot.  Finally, in recognition of the parties' shared interest—each are Lenders—in collecting on Our Alchemy's

---

[1]    Effective December 6, 2019, Defendant SunTrust Bank's parent, SunTrust Banks, Inc., merged with BB&T Corporation to form Truist Financial Corporation.  Following that merger, SunTrust Bank merged with and into a wholly-owned subsidiary of BB&T to form Defendant Truist Bank ("Truist"), and the separate existence of SunTrust Bank ceased.  There is no dispute that Truist is the successor to SunTrust for the purposes of this case.  For the Court's convenience, and consistent with the underlying loan documents, the parties refer to Defendants SunTrust and Truist collectively as "SunTrust".

Hon. Paul G. Gardephe
June 24, 2020
Page 2

debts under the Credit Agreement, SunTrust has informed Plaintiffs that it will share all documents obtained during discovery in the Guaranty Action to the fullest extent possible.

Given SunTrust's forthcoming motion to dismiss and the new state-court claim against Virgo Service Company, SunTrust requested Plaintiffs' agreement to stay discovery in this action until this Court rules on SunTrust's motion to dismiss. Counsel for Plaintiffs declined to agree, indicated that Plaintiffs will oppose SunTrust's motion to stay, and confirmed Plaintiffs' intention to pursue discovery in this case pending the resolution of the motion to dismiss. As explained below, a discovery stay is warranted here because all three of the factors to be considered by the Court weigh heavily in favor of granting SunTrust's motion to stay. The Court should therefore stay discovery pending the Court's ruling on SunTrust's forthcoming motion to dismiss.

A.    **Background**

The allegations in the Complaint relate to an Amended and Restated Revolving Credit and Term Loan Agreement dated July 9, 2015 (the "Credit Agreement," ECF 1-1), under which a group of sophisticated lenders (the "Lenders") loaned money to Our Alchemy, LLC ("Borrower"), an independent film and video distributor. SunTrust serves as the Administrative Agent under the Credit Agreement. SunTrust, Plaintiff Pacific Mercantile Bank, and non-party Preferred Bank were the original Lenders on the Credit Agreement, and Plaintiff Emigrant Bank became a Lender under the Credit Agreement pursuant to a Term Loan Joinder Agreement dated July 10, 2015 (ECF 1-4). The Credit Agreement was secured by a Guaranty and Security Agreement (ECF 1-2), executed by Calrissian LP ("Guarantor").

Plaintiffs filed this action on March 18, 2020. (ECF No. 1.) Plaintiffs assert two breach-of-contract claims and an implied-covenant claim. (*See id.*) All three claims are based on Plaintiffs' demand that SunTrust, as Administrative Agent, sue one or more Virgo entities that are not parties to the Credit Agreement or any other loan document to collect on Borrower's and Guarantor's defaults under the Credit Agreement and the Guaranty. (*See id.*) At the time of the suit, SunTrust had not yet filed any such suit. (*See id.*) However, as set forth in SunTrust's April 13, 2020 request for a pre-motion conference on its anticipated motion to dismiss (ECF No. 13), SunTrust was evaluating potential claims against Guarantor's general partner, Virgo Service Company, and whether those claims could be added to the New York State Court case SunTrust has already brought against the Guarantor. *SunTrust Bank v. Calrissian LP*, Index No. 654148/2016 (N.Y. Sup. Ct., N.Y. Cty.). Plaintiffs responded to SunTrust's request for a pre-motion conference on April 23, 2020. (ECF No. 17.) Subsequently, on June 24, 2020, SunTrust filed a motion to amend the state-court complaint and add Virgo Service Company as a defendant.

B.    **Discussion**

Pursuant to Federal Rule of Civil Procedure 26(c), district courts "ha[ve] considerable discretion to stay discovery" for good cause pending a motion to dismiss. *Integrated Sys. & Power, Inc. v. Honeywell Int'l Inc.*, No. 09-cv-5874, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009); *see also Shulman v. Becker & Poliakoff, LLP*, No. 17-cv-9330, 2018 WL 4938808, at *2 (S.D.N.Y. Oct. 11, 2018) (same). Although a motion to dismiss does not automatically stay discovery, "a pending motion to dismiss may constitute good cause for a protective order staying discovery." *O'Sullivan v. Deutsche Bank AG*, No. 17-cv-8709, 2018 WL 1989585, at *3–4 (S.D.N.Y. Apr. 26,

Hon. Paul G. Gardephe
June 24, 2020
Page 3

2018) (citations and quotation marks omitted).  In determining whether to stay discovery, courts consider: "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *New York by James v. Pennsylvania Higher Educ. Assistance Agency*, No. 19-cv-9155, 2020 WL 605944, at *1 (S.D.N.Y. Feb. 7, 2020) (quotation marks omitted).

      1.    <u>SunTrust has made a strong showing that Plaintiffs' claims are not meritorious and should be dismissed.</u>

      To determine whether Plaintiffs' claims are meritorious, courts analyze the "strength of the dispositive motion that is the basis of the discovery stay application." *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002).  A stay of discovery may be warranted when "the viability of the Plaintiffs' claims is in at least some doubt pending the resolution of the motion[] to dismiss[.]" *Spinelli v. Nat'l Football League*, No. 13-cv-7398, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015).  A court may grant a motion to stay if a pending motion to dismiss identifies grounds for dismissal that "are well-founded in the law." *See New York by James*, 2020 WL 605944, at *2.

      SunTrust's letter requesting a pre-motion conference (ECF No. 13) shows that the Court should dismiss all three claims in the Complaint (ECF No. 1), because the claims are foreclosed by the plain terms of the Credit Agreement, as a matter of law, and for want of damages.  Plaintiffs' response (ECF No. 17) reveals the strength of SunTrust's arguments.  For example, while Plaintiffs dispute SunTrust's interpretation of the key contractual phrase "by notice to the Borrower," they fail to offer a contrary interpretation, let alone a contrary, *reasonable* interpretation as necessary to establish an ambiguity under New York law.  *Brad H. v City of New York*, 17 N.Y. 3d 180, 186 (N.Y. 2011).  The Court thus can and should dispose of Plaintiffs claims on a motion to dismiss without the need for discovery, because "whether an agreement is ambiguous is a question of law for the courts."  *Kass v. Kass*, 91 N.Y.2d 554, 566 (N.Y. 1998).  Because SunTrust's grounds for dismissal "are well-founded in the law" and cast doubt on the viability of Plaintiffs claims, good cause exists for a stay of discovery while the Court considers the motion to dismiss.  *Spinelli*, 2015 WL 7302266, at *2; *New York by James*, 2020 WL 605944, at *2.

      Further, an order staying discovery is especially appropriate here because the underlying agreement at issue relieves SunTrust of all liability "in the absence of its own gross negligence or willful misconduct," and Plaintiffs do not allege gross negligence or willful misconduct in the Complaint. *See* ECF No. 13, at 4–5; *Eaton Vance Management v Wilmington Sav Fund Soc., FSB*, No. 654397/2017, 2018 WL 1947405, at *5 (N.Y. Sup. Ct., N.Y. Cty. Apr. 25, 2018) (dismissing claim against administrative agent for, among other things, stipulating to dismiss a lawsuit about the propriety of certain contested transactions because "[n]either gross negligence nor willful misconduct are alleged" in the complaint); *see also Repsol, S.A. v The Bank of New York Mellon*, No. 652653/2012, 2014 WL 468910 (N.Y. Sup. Ct., N.Y. Cty. Feb. 04, 2014) (applying same exculpatory language and dismissing complaint because "the complaint contains only a conclusory assertion, and no factual allegations, that [the agent] acted in a 'grossly negligent' manner"). SunTrust should not be required to incur the time and expense of responding to discovery requests propounded by Plaintiffs pending the resolution of the forthcoming motion to dismiss, when Plaintiffs have already agreed that SunTrust would have no liability under these circumstances.

Hon. Paul G. Gardephe
June 24, 2020
Page 4

Finally, as a practical matter, Plaintiffs' complaint has been largely mooted based on SunTrust's filing a motion to add Virgo Service Company to the pending Guaranty Action. Accordingly, the first factor weighs heavily in favor of staying discovery here. *See Spinelli*, 2015 WL 7302266, at *2.

2.    The benefit of staying discovery outweighs the burden of engaging in discovery.

An order staying discovery is appropriate where, like here, discovery will result in unnecessary expense during the pendency of a motion to dismiss that may eliminate all of the claims in the case. *See Spencer Trask Software & Info. Servs., LLC*, 206 F.R.D. 367, 368 ("[P]roceeding with discovery while the motion to dismiss is pending would unnecessarily drain the parties' resources."). Moreover, even where a motion to dismiss would resolve only some of Plaintiffs' claims, a discovery stay may be appropriate because the pending motion to dismiss "may significantly narrow" the scope of discovery. *See Rivera v. Heyman*, No. 96-cv-4489, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997); *see also Spinelli* , 2015 WL 7302266, at *2 ("A stay may also have the advantage of simplifying and shortening discovery in the event that some of Plaintiffs' claims are dismissed and others survive . . . .").

While Plaintiffs have not yet served discovery requests that present specific breadth and burden considerations, Plaintiffs' Complaint indicates they will likely seek discovery regarding several separate agreements and events spanning more than half a decade, including: (1) the negotiation and execution of the original credit agreement in 2014 (ECF No. 1-3); (2) the negotiation and execution of the Guaranty Agreement in 2014 (ECF No. 1-2); (3) the negotiation and execution of the amended credit agreement in 2015 (ECF No. 1-1); (4) the negotiation and execution of the Term Loan Joinder Agreement in 2015 (ECF No. 1-4); (5) the facts surrounding Borrower's financial difficulties in 2015 and 2016 and the resulting Forbearance Agreement executed in 2016 (ECF No. 1-5); (6) Borrower's 2016 bankruptcy petition and the resulting Notice of Acceleration of Debt issued by SunTrust (ECF No. 1-6); and (7) Plaintiffs' demands for SunTrust to sue non-parties and SunTrust's responses (e.g., ECF No. 1-7).[2] The pending motion to dismiss could render some or all of that potential discovery moot.

This action also relates to two bankruptcy cases[3] and an adversary proceeding[4] that have already resulted in extensive discovery. Among other things, the Trustee in the Borrower's bankruptcy case provided to SunTrust, and SunTrust has already provided to Plaintiffs, more than 2 million documents collected from the Borrower's e-mail server. In addition, SunTrust intends to commence, and expects to incur the burden of responding to, discovery in the lawsuit SunTrust brought against Guarantor (and potentially Virgo Service Company) now that the New York courts have resumed operations following the pandemic-related shutdown for non-essential filings. And, just as SunTrust provided the Borrower's e-mail server documents to Plaintiffs, SunTrust

---

[2] While SunTrust would object to discovery requests seeking documents or information relating to many of these categories, such objections would likely lead to motion practice that would unnecessarily burden SunTrust, and potentially the Court, pending the resolution of the motion to dismiss.

[3] *In re Our Alchemy, LLC*, No. 16-bk-11596 (Bankr. D. Del.); *In re Calrissian LP*, No. 17-bk-10356 (Bankr. D. Del.).

[4] *Miller v. ANConnect, LLC et al.*, No. 18-ap-50633 (Bankr. D. Del.).

Hon. Paul G. Gardephe
June 24, 2020
Page 5

intends to provide Plaintiffs with all discovery it obtains in the Guaranty Action to the extent permitted by any operative protective order.

Accordingly, the burden of responding to discovery in this action pending the motion to dismiss would far outweigh any benefit.  This factor therefore strongly supports staying discovery. *See Spencer Trask*, 206 F.R.D. at 368; *Rivera*, 1997 WL 86394, at *1; *Spinelli*, 2015 WL 7302266, at *2.

       3.      <u>Plaintiffs would suffer no prejudice as a result of a stay.</u>

"A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue."  *Rivera*, 1997 WL 86394, at *1; *see also Spinelli*, 2015 WL 7302266, at *2 (same).

Here, a stay will not prejudice Plaintiffs for several reasons.  First, the Complaint fails for the reasons outlined in SunTrust's April 13 letter (ECF No. 13), all of which can be decided on a motion to dismiss.  Second, Plaintiffs' ultimate goal here—for SunTrust to assert claims against non-party Virgo or its affiliates—is not subject to a statute of limitations defense until at least June 15, 2022 (*see id.* at 5) and, in the case of Virgo Service Company, has already been accomplished by SunTrust's filing of the motion for leave to amend the Guaranty Action complaint.  Third, as noted above, SunTrust intends to pursue discovery in the Guaranty Action and further intends to share that discovery with Plaintiffs.  Thus, Plaintiffs will suffer no prejudice as a result of a discovery stay pending the resolution of the forthcoming motion to dismiss.

Accordingly, this factor also strongly favors granting a stay of discovery.  *See Rivera*, 1997 WL 86394, *Spinelli*, 2015 WL 7302266, at *2.

*    *    *

For the foregoing reasons, SunTrust respectfully request that the Court stay all discovery in this matter pending the outcome of SunTrust's motion to dismiss pursuant to Rule 12(b)(6).

Sincerely,

*/s/ Peter Isajiw*
Peter Isajiw

cc:    All counsel of record via ECF