| | |
|---|---|
| **QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010-1601<br>Tel.: (212) 849-7000<br>Fax: (212) 849-7100 | **KING & SPALDING LLP**<br>1185 Avenue of the Americas,<br>35th Floor<br>New York, NY 10036<br>Tel.: (212) 556-2235<br>Fax.: (212) 556-2222 |

June 25, 2020

**VIA ECF**

The Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 2204
New York, NY 10007

Re:   *Emigrant Bank and Pacific Mercantile Bank v. SunTrust Bank, et al.*, No. 1:20-cv-02391

Dear Judge Gardephe:

The parties respectfully submit this joint letter in advance of the initial pretrial conference scheduled for July 2, 2020 at 10:30 a.m.

**A.   Brief Description of the Case**

The allegations in the Complaint relate to an Amended and Restated Revolving Credit and Term Loan Agreement dated July 9, 2015 (the "Credit Agreement," ECF 1-1), through which Defendant SunTrust Bank ("SunTrust"),[1] Plaintiff Emigrant Bank ("Emigrant"), Plaintiff Pacific Mercantile Bank ("PMB") and non-party Preferred Bank provided Our Alchemy, LLC ("Alchemy"), an independent film and video distributor, with revolving credit and term loan facilities in an aggregate principal amount of $59.5 million.  SunTrust also serves as the Administrative Agent under the Credit Agreement.  The Credit Agreement was secured by a Guaranty and Security Agreement (the "Guaranty", ECF 1-2), executed by Calrissian L.P. ("Calrissian") in favor of SunTrust as Administrative Agent.

---

[1]   Effective December 6, 2019, Defendant SunTrust Bank's parent SunTrust Banks, Inc. merged with BB&T Corporation to form Truist Financial Corporation .  Following that merger, SunTrust Bank merged with and into a wholly-owned subsidiary of BB&T to form Defendant Truist Bank ("Truist"), and the separate existence of SunTrust Bank ceased.  There is no dispute that Truist is the successor to SunTrust for the purposes of this case.  For the Court's convenience, and consistent with the underlying loan documents, the parties refer to Defendants SunTrust and Truist collectively as "SunTrust".

In 2016, with approximately $46 million outstanding under the Credit Agreement, Alchemy defaulted on the Credit Agreement and filed for Chapter 7 bankruptcy protection. SunTrust then sued Calrissian for breach of the Guaranty in the New York Supreme Court. *See SunTrust Bank v. Calrissian LP*, Index No. 654148/2016 (N.Y. Sup. Ct., N.Y. Cty.). Calrissian filed for bankruptcy protection in 2017, but its bankruptcy case was dismissed earlier this year (without discharging any of its debts). In December 2019, Plaintiffs Emigrant and PMB made a formal request under the Credit Agreement that SunTrust also sue Virgo Investment Group, LLC and related persons and entities (collectively, "Virgo"), for breach of the Guaranty as the alter ego and/or the principal of Calrissian. Plaintiffs relied upon Section 8.1 of the Credit Agreement, which provides, in relevant part, that in the event of a default:

> [T]he Administrative Agent may, and upon the written request of the Required Lenders shall, by notice to the Borrower, take any or all of the following actions, at the same or different times: (i) terminate the Commitments, whereupon the Commitment of each Lender shall terminate immediately, (ii) declare the principal of and any accrued interest on the Loans, and all other Obligations owing hereunder, to be, whereupon the same shall become, due and payable immediately, without presentment, demand, protest or other notice of any kind, all of which are hereby waived by the Borrower, (iii) exercise all remedies contained in any other Loan Document, and (iv) exercise any other remedies available at law or in equity[.]"

(Credit Agreement [ECF 1-1] § 8.1).[2]

SunTrust did not then sue Virgo upon Plaintiffs request, informing Plaintiffs that SunTrust did not agree that Section 8.1 of the Credit Agreement gave Plaintiffs the authority to require SunTrust to take such action. Subsequently, Plaintiffs brought this action for breach of contract and breach of the implied covenant of good faith and fair dealing. On June 24, 2020, SunTrust filed a motion for leave to amend the state-court complaint against Calrissian to add Virgo Service Company LLC, Calrissian's general partner and a Virgo affiliate, as a defendant in that action.

**B.    Contemplated Motions**

As stated in its request for a pre-motion conference (ECF 13), SunTrust seeks to file a motion to dismiss the Complaint pursuant to Rule 12(b)(6). According to SunTrust: (i) Section 8.1 of the Credit Agreement does not give Emigrant and PMB the right to require SunTrust to sue Virgo; (ii) Section 9.2 of the Credit Agreement expressly disclaims the implied covenant of good faith; (iii) the implied covenant claim is duplicative of the breach of contract claim; (iv) the breach of contract claim is barred by an exculpatory provision in Section 9.2 of the Credit Agreement; and (v) Plaintiffs have not yet sustained damages because the claim is not ripe.

Plaintiffs have set forth their counterarguments in their response letter (ECF 17). According to Plaintiffs: (i) Section 8.1 of the Credit Agreement gives Emigrant and PMB the right

---

[2] Plaintiffs Emigrant and PMB allege they constitute "Required Lenders" as referenced in Section 8.1.

to demand that SunTrust take legal action to enforce the Guaranty; (ii) the Credit Agreement does not contain a waiver of the implied covenant of good faith; (iii) the implied covenant claim has independent factual bases and is not duplicative of the breach of contract claim; (iv) the exculpatory provision of Section 9.2 is not applicable here, in part because SunTrust engaged in willful misconduct by demanding a full release as a condition to taking action against Virgo; and (v) the claim is ripe and Plaintiffs have adequately alleged damages.

In addition, the parties have discussed the timing of discovery, and have reached an agreement on all points except whether discovery should open now or after the Court decides Defendants' proposed motion to dismiss. SunTrust has filed a request for a pre-motion conference on a motion to stay discovery (ECF 25). Attached to this letter please find (a) Plaintiffs' proposed Case Management Plan and (b) Defendants' proposed Case Management Plan. The two Plans are identical, except for whether discovery opens immediately (Plaintiffs' proposal) or after the Court decides Defendants' contemplated motion to dismiss (Defendants' proposal).

**C.    Prospect for Settlement**

The parties have discussed settlement but the prospect for resolution is undetermined at this time.

Respectfully submitted,

Corey Worcester
QUINN EMANUEL URQUHART & SULLIVAN, LLP

(Counsel for Plaintiffs Emigrant Bank and Pacific Mercantile Bank)

Respectfully submitted,

Peter Isajiw
KING & SPALDING LLP

(Counsel for Defendants SunTrust Bank and Truist Bank)