**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7471**

WRITER'S EMAIL ADDRESS
**coreyworcester@quinnemanuel.com**

June 29, 2020

<u>**VIA ECF**</u>

The Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 2204
New York, NY 10007

Re: <u>*Emigrant Bank and Pacific Mercantile Bank v. SunTrust Bank, et al.*, No. 1:20-cv-02391: Response to Defendants' Request for Pre-Motion Conference Regarding Motion to Stay</u>

Dear Judge Gardephe:

We represent Plaintiffs Emigrant Bank ("Emigrant") and Pacific Mercantile Bank ("PMB") in the above-captioned matter. We write in response to the June 24, 2020 letter filed by Defendants SunTrust Bank and Truist Bank (together, "SunTrust") requesting a pre-motion conference relating to SunTrust's anticipated motion to stay discovery (ECF 25). SunTrust's letter fails to establish any basis for a successful motion to stay discovery pending the result of SunTrust's anticipated motion to dismiss.

None of the three factors to be considered by the Court in determining whether to grant a stay weigh in favor of SunTrust. *First*, SunTrust fails to make the required "strong showing" that Plaintiffs' claims lack merit. As detailed in Plaintiffs' response to SunTrust's letter motion regarding a motion to dismiss (ECF 17), SunTrust's legal and factual arguments do not meet the standards required for a successful motion under Fed. R. Civ. P. 12(b)(6). While SunTrust now argues that Plaintiffs' claims are moot, it only reaches that conclusion by further misconstruing the facts. *Second*, SunTrust offers mere speculation about the burden of responding to anticipated discovery, essentially admitting that its request for a stay is premature. *Third*, a stay of "all discovery"—including third party discovery—would unduly prejudice Plaintiffs by delaying the course of litigation and denying access to discovery critical to Plaintiffs' litigation strategy. The Court should deny any motion to stay discovery by SunTrust.

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON | SALT LAKE CITY
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

A.     **Background**

As alleged in the Complaint, SunTrust served as the Administrative Agent under a Credit Agreement (ECF 1-1) pursuant to which SunTrust, Emigrant, PMB, and non-party Preferred Bank ("Lenders") provided nearly $60 million in loans to borrower Our Alchemy, LLC ("Alchemy"). The loans were guaranteed by Calrissian L.P. ("Calrissian"), a shell company owned, managed and controlled by private investment firm, Virgo Investment Group LLC ("Virgo"). When Alchemy defaulted on the loans and filed for bankruptcy in 2016, SunTrust brought suit (the "Guaranty Action") against Calrissian for breach of the Guaranty Agreement. Calrissian filed for bankruptcy protection in 2017, but the bankruptcy was dismissed earlier this year.

For the last three years, Plaintiffs sought to persuade SunTrust to pursue a claim against Virgo to recover the $46 million that Alchemy and Calrissian failed to repay (and much of which Virgo pocketed). As alleged in the Complaint, Calrissian guaranteed the loans as the agent and/or alter-ego of Virgo and its affiliates. Virgo completely controlled Calrissian; Calrissian had virtually no assets, no independent offices, and no employees; Virgo directed that funds distributed to Calrissian be paid to Virgo affiliates, leaving Calrissian insolvent; and Virgo used Calrissian as a shell to control Alchemy, misrepresent Alchemy's finances to Lenders, and misappropriate funds advanced to Alchemy and Calrissian (ECF 1, ¶¶ 76-78).

Plaintiffs hold approximately 51.67% of the outstanding loans, and therefore constitute "Required Lenders" under the Credit Agreement. (ECF 1-1, § 1.1). Section 8.1 of the Credit Agreement states that if an "Event of Default" has occurred (such as Alchemy's bankruptcy, which is ongoing) and "upon the written request of the Required Lenders," SunTrust "***shall***, by notice to the Borrower, take any or all of the following actions: . . . (iii) exercise all remedies contained in any other Loan Document, and (iv) exercise any other remedies available at law or in equity[.]" (*Id.* § 8.1) (emphasis added). The Credit Agreement further provides that only SunTrust has the right to enforce the Guaranty Agreement. (*Id.* § 9.13)

On December 13, 2019, Plaintiffs made a formal request as Required Lenders that SunTrust "exercise all remedies contained in any other Loan Document" and "exercise any other remedies available at law or in equity" by pursuing litigation against Virgo Investment Group LLC and its affiliates. (ECF 1-7). Despite the requirement in Section 8.1 of the Credit Agreement that SunTrust "shall" take such actions upon the written request of the Required Lenders, SunTrust refused to cooperate in any action *unless Plaintiffs gave it a release of all claims, known and unknown*. Plaintiffs gave SunTrust months to reconsider its position. When it became clear that SunTrust would not fulfill its contractual obligations in the absence of a general release, Plaintiffs filed suit on March 18, 2020.

Plaintiffs' Complaint sets forth three claims for relief: (i) breach of the Credit Agreement, based upon SunTrust's failure to sue Virgo and its affiliates; (ii) breach of the implied covenant of good faith and fair dealing based on SunTrust's demand for a release as a condition to performing its contractual obligations; and (iii) breach of the Term Loan Joinder Agreement (ECF 1, ¶¶ 92-110). On June 24, 2020, SunTrust moved for leave to amend its lawsuit against Calrissian to add a single Virgo affiliate—Virgo Service Company, LLC—as a defendant. SunTrust has refused to pursue litigation against Virgo despite the minimal marginal cost of doing so.

### B.     SunTrust Has Failed to Establish Good Cause for a Stay of Discovery

A pending motion to dismiss is not sufficient grounds to stay discovery. *See Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) ("[D]iscovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed.") (citation omitted); *see also Freund v. Weinstein,* 2009 WL 2045530, at *1 (E.D.N.Y. July 8, 2009) ("The pendency of a dispositive motion is not, in itself, an automatic ground for a stay."). Instead, a party seeking to stay discovery pursuant to Fed. R. Civ. P. 26(c) has the burden of establishing "good cause" by identifying particular circumstances that justify a stay. *Freund,* 2009 WL 2045530, at *1; *see also Hollins v. U.S. Tennis Ass'n.*, 469 F. Supp. 2d 67, 78 (E.D.N.Y. 2006) ("The mere filing of a motion to dismiss does not constitute 'good cause' for a stay of discovery.").

Courts consider three factors to determine whether good cause exists for a stay: "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Guiffre v. Maxwell*, 2016 WL 254932, at *1 (S.D.N.Y. Jan. 20, 2016).

None of these factors weigh in favor of a stay. SunTrust's proposed motion to dismiss is premised upon an unreasonable interpretation of the parties' contract, and it improperly requests that the Court decide issues of fact. SunTrust offers mere speculation regarding the breadth of Plaintiffs' future discovery requests, effectively admitting that SunTrust intends to argue undue burden regardless of the discovery requests it receives. Finally, SunTrust's motion will unduly prejudice Plaintiffs by further delaying resolution of this case. SunTrust's letter motion does not demonstrate any cause, let alone good cause, to delay the beginning of discovery.

### C.     SunTrust Has Failed to Make a Strong Showing That Its Motion to Dismiss is Likely to Succeed

"Generally, Courts will find 'good cause' for a stay only upon a ***strong*** showing that a motion to dismiss the case in its entirety would be granted." *Medina v. City of New York*, 2020 WL 3050971, at *2 (S.D.N.Y. June 8, 2020) (denying motion to stay discovery) (emphasis in original). As Plaintiffs previously argued (ECF 17), SunTrust's proposed motion to dismiss is fatally flawed. SunTrust now offers a new argument, mootness, to resuscitate its proposed motion. As explained further below, SunTrust's claim that the case is now moot is just as baseless as its other arguments.

As a threshold matter, SunTrust's proposed motion to stay discovery is premature. SunTrust has not yet filed a motion to dismiss, but only a letter motion requesting a pre-motion conference (ECF 13). SunTrust's request to stay discovery pending the resolution of a motion it has yet to file is therefore improper, particularly since the Court has does not have the benefit of a full briefing. *See Briscoe v. City of New Haven*, 2009 WL 5184357, at *3 (D. Conn. Dec. 23, 2009) ("Given that the motion to dismiss has yet to be filed, staying discovery in anticipation of it would require speculation by the Court as to the content and strength of the arguments [defendant] might raise in such a motion."). The Court should deny SunTrust's request to file a motion to stay discovery until SunTrust has filed its proposed motion to dismiss (if it is permitted to do so).

3

SunTrust argues that Plaintiffs' contract claims are foreclosed as a matter of law (ECF 25), but SunTrust's arguments rely upon a fundamental misinterpretation of the contract. For example, SunTrust argues that Section 8.1 of the Credit Agreement only requires it to provide "notice to the Borrower" when a request is made by the Required Lenders to "exercise all remedies contained in any other Loan Document" or "exercise any other remedies available at law or in equity" (ECF 13). This argument is belied by a plain reading of the contract. Such an interpretation would render Section 8.1 toothless, since a "notice to the Borrower" would be insufficient to "exercise all remedies contained in any other Loan Document" or "exercise any other remedies available at law or in equity" (ECF 1-1, § 1.1). *See God's Battalion of Prayer Pentecostal Church, Inc. v. Miele Assocs.*, LLP, 6 N.Y.3d 371, 374 (2006) ("[A] contract should be read to give effect to all its provisions.") (internal quotation marks omitted). The plain terms of Section 8.1 unambiguously require SunTrust to take legal action when requested to do so by the Required Lenders during an Event of Default.

SunTrust further argues that the Credit Agreement contains an exculpatory clause for actions other than "gross negligence" or "willful misconduct." (ECF 13, 25). This argument is inappropriate for a motion to dismiss, since the phrase at issue is ambiguous and Plaintiffs *did* allege willful misconduct. "If … the contract's language is ambiguous and susceptible to differing, reasonable interpretations, the contract's interpretation becomes a question of fact for a jury or trier of fact." *Scott v. New York Health & Human Servs. Union, 1199/SEIU, AFL-CIO*, 2003 WL 359534, at *9 (S.D.N.Y. Feb. 6, 2003) (citing *Bourne v. Walt Disney Co.*, 68 F.3d 621, 629 (2d Cir. 1995)); *Rus, Inc. v. Bay Indus., Inc.*, 322 F. Supp. 2d 302, 309 (S.D.N.Y. 2003) (extrinsic evidence of the parties' intent is admissible when contract terms are not clear); *Bank of New York Tr., N.A. v. Franklin Advisors, Inc.*, 522 F. Supp. 2d 632, 637 (S.D.N.Y. 2007) ("The Court's role on a 12(b)(6) motion to dismiss is not to resolve contract ambiguities.").

The New York Court of Appeals has held that the meaning of contractual phrases such as "willful misconduct" must be ascertained from the intent of the parties and not from general tort law principles. *See Metro. Life Ins. Co. v. Noble Lowndes Int'l, Inc.*, 84 N.Y.2d 430, 435–38 (1994). Moreover, while the Complaint may not use the phrase "willful misconduct," such formalism is not required. *See Markey v. Cameron Compression Systems*, 2011 WL 90318, at *2 (W.D.N.Y. Jan. 11, 2011) ("[P]laintiff did not need to use the actual word 'willful' to plead successfully that defendant intentionally violated the FLSA."). The Complaint adequately alleges that SunTrust engaged in willful misconduct by refusing to fulfill its contractual obligations unless Plaintiffs would give it a general release of unknown claims. ECF 1, ¶¶ 11-12, 85, 89-90). *See Banc of Am. Sec. LLC v. Solow Bldg. Co. II*, 47 A.D.3d 239, 242–43(1st Dep't 2007) ("The allegations of the complaint suffice to raise the issue of defendant's resort to coercion to derive a benefit not bestowed by the parties' agreement[.]").

Finally, SunTrust seeks to justify a stay by arguing that the case is moot as a result of its decision to add Virgo Service Company as a defendant in the Guaranty Action. While Plaintiffs welcome this move, it does not fulfill SunTrust's contractual obligations or resolve this case. In their December 13, 2019 letter, Plaintiffs requested that SunTrust bring legal action against "Virgo Investment Group, LLC *and* related persons and entities." (ECF 1-7) (emphasis added). SunTrust now misleadingly claims that Plaintiffs demanded legal action against "Virgo Investment Group, LLC *or* its affiliates." (ECF 25) (emphasis added). Plaintiffs are concerned that SunTrust sued an

inadequately capitalized company to avoid its obligations to Plaintiffs. Furthermore, SunTrust has not even received leave to add Virgo Service Company as a defendant.

D.     **SunTrust Fails to Establish That Discovery Is So Burdensome That a Stay is Proper**

In its letter motion, SunTrust admits that it has yet to receive initial discovery requests from Plaintiffs. *Id.* Rather than admit that it is therefore premature to argue that the breadth of such discovery would present a burden, SunTrust simply assumes that *any* discovery would be unduly burdensome. Such an argument lacks credibility. Moreover, SunTrust's burden argument is belied by the fact that in the Guaranty Action it will have to produce many of the same documents that Plaintiffs will request, since that lawsuit involves nearly identical factual issues. If anything, it would be *less burdensome* for SunTrust to respond to discovery requests in both cases simultaneously, as it could avoid searching the same databases for the same documents twice.

E.     **Plaintiffs Will Be Unduly Prejudiced by a Delay in Discovery**

A stay of discovery will unduly prejudice Plaintiffs. As explained above, SunTrust's proposed motion to dismiss is meritless and unlikely to succeed. Therefore, it is in the interest of the parties to proceed promptly with discovery. Targeted discovery will inform Plaintiffs' litigation strategy, potentially expediting resolution of the lawsuit. *Gervis v. Bing*, 2005 WL 3299436, at *3 (E.D.N.Y. Nov. 29, 2005) (discovery stay may be lifted where access to records "are essential to make informed strategy decisions"). An unnecessary stay of discovery will simply delay the litigation, increase legal expenses, and forestall any resolution.

SunTrust's letter motion seeks to stay "all discovery" in this litigation, presumably including discovery addressed to third parties. A blanket stay on all discovery would further prejudice Plaintiffs by denying access to critical discovery relevant to their claims, and the evidence may become stale or lost. Moreover, SunTrust lacks standing for such a motion. Rule 26(c) only permits a "party or any person *from whom discovery is sought*" to seek a protective order limiting discovery (emphasis added). *See US Bank Nat. Ass'n v. PHL Variable Ins. Co.*, 2012 WL 5395249, at *2-3 (S.D.N.Y. Nov. 5, 2012) ("A party lacks standing to challenge, on grounds of relevance or burden, a subpoena served on a non-party."). The Court should direct SunTrust to limit any motion under Rule 26(c) to party discovery.

SunTrust's arguments in support of its potential motion for a stay of discovery are without merit, and Plaintiffs therefore respectfully request that the Court deny such a motion.

Respectfully submitted,

*/s/ Corey Worcester*
Corey Worcester

cc:     All counsel via ECF