# Attachment A



**WILLIAM F. MONGAN**
+1 212.872.7452
wmongan@akingump.com

January 3, 2020

**VIA E-MAIL** (garygans@quinnemanuel.com)

Gary E. Gans
Quinn Emanuel Urquhart & Sullivan LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

     Re:    SunTrust Bank

Dear Gary:

     I am in receipt of your letters dated December 13, 2019 and December 19, 2019, in which Emigrant and PMB (i) renew the litigation cooperation proposal made by Emigrant last fall and, (ii) alternately, demand that SunTrust file a lawsuit on behalf of the Lenders against Virgo. SunTrust rejects the cooperation proposal and is under no obligation to file a lawsuit as requested by Emigrant and PMB.

     SunTrust again rejects the cooperation proposal. As the Lenders were made aware as early as September 2018, SunTrust will not agree to cooperate—including making available internal documents and its employees—without full and final mutual releases. It is frustrating that this is even being proposed, since it was my understanding from you that Emigrant would consider a release of all but intentional coordination with Virgo. SunTrust proposed such language on April 10; on May 6 I asked whether Emigrant had comments and your response suggested that the other Lenders were the source of delay. I also followed up with you on May 31 (no response), June 12 (no response), July 31 ("I hope to get back to you next week . . ."), September 26 ("I hope next week . . ."), October 17, and November 15. As your letter makes clear, it is in fact Emigrant that is now refusing to consider releases. The urgency that apparently precludes additional negotiation is Emigrant's fault.

     SunTrust also refuses the request of Emigrant and PMB to file a lawsuit against Virgo (the "Request"). The Amended Loan Agreement does not compel SunTrust to comply with this request. *First*, Section 8.1's requirement that the Administrative Agent "take any or all of the following actions" does not apply when there is "an event described in subsection (h) or (i) of this Section." The reference to "(h) and (i)" is an obvious scrivener's error meant to refer to the



Gary E. Gans
January 3, 2020
Page 2

two subsections related to a bankruptcy filing ((g) and (h)), and applies here.[1] ***Second***, even if the applicable Event of Default were such that SunTrust could be compelled to take action, the Request is not such an action. The clear intent of section 8.1 is to empower the Administrative Agent to render the Obligations "due and payable", not to force it to pursue "any" remedy that the Lenders can imagine. As a result of the bankruptcy filings made by Alchemy and Calrissian, the Obligations "automatically [are] due and payable . . . ." No other remedies, including the Request, are required. ***Third***, even if SunTrust could be compelled to file a lawsuit against Virgo, the one-sentence Request is vague and inadequate. Section 9.2 of the Amended Loan Agreement states that "the Administrative Agent shall not be required to take any action that, in its opinion or the opinion of its counsel, may expose the Administrative Agent to liability or that is contrary to any Loan Document or applicable law . . . ." This includes filing potentially frivolous lawsuits. As noted in a memo from August 2017, and as I have conveyed to you in multiple discussions, SunTrust is not aware of persuasive evidence that would help establish an overall element of injustice or unfairness perpetrated by Virgo through an abuse of the corporate form. The Request is silent on this point, and SunTrust therefore additionally declines to act pursuant to its rights under section 9.2.[2]

Finally, SunTrust refuses to retain Quinn Emanuel Urquhart & Sullivan to file such a lawsuit. Section 9.1 gives the Administrative Agent the unambiguous right to appoint its own attorneys. SunTrust reserves all rights with respect to Emigrant and PMB's expectation of reimbursement. SunTrust further notes that, whether additional Collateral is recovered or not, the Administrative Agent is entitled to receive *pro rata* reimbursement of its fees directly from the Lenders pursuant to section 10.3(d), including reimbursement for attorneys' fees incurred by the Administrative Agent protecting its rights under the Amended Loan Agreement.

SunTrust is disappointed that Emigrant has reverted to its prior negotiating position, and that Emigrant's procrastination has apparently eliminated the possibility of consensual resolution. To the extent that Emigrant and PMB decide to take action against SunTrust, SunTrust intends to defend its rights forcefully and at the Lenders' expense.

In the alternative, SunTrust may be willing to sell its claim or a portion thereof to Emigrant and/or PMB. As your letter notes, Emigrant and PMB believe that the claim against

---

[1] Alternately, even viewed as written, subsection (i) is implicated, as you note in your December 13 letter.

[2] Your assumption in your December 19 letter is incorrect. I have previously explained SunTrust's position regarding the Amended Loan Agreement, both by email (e.g. my email to you dated February 7, 2019) and by phone (in multiple conversations concerning the impracticality of a general request to "sue Virgo" without any additional specificity concerning the merits of the claims or the ongoing management of hypothetical litigation).


Gary E. Gans
January 3, 2020
Page 3

Virgo is worth roughly $50 million. SunTrust stands to recover 36.67%, which is over $18 million. As with any assignment, such a sale would be conditioned on full releases. If Emigrant and PMB reconsider their position to grant releases that could secure SunTrust's cooperation, let me know.

                                      Sincerely,

                                      William F. Mongan

cc:    Howard Milstein (via e-mail, HPM@emigrant.com)
        Debra Newbrough (via e-mail, Debra.Newbrough@pmbbank.com)
        Alissa Miller (via e-mail, almiller@akingump.com)



Gary E. Gans
January 3, 2020
Page 3

Virgo is worth roughly $50 million. SunTrust stands to recover 36.67%, which is over $18 million. As with any assignment, such a sale would be conditioned on full releases. If Emigrant and PMB reconsider their position to grant releases that could secure SunTrust's cooperation, let me know.

                              Sincerely,

                              William F. Mongan

cc:    Howard Milstein (via e-mail, HPM@emigrant.com)
        Debra Newbrough (via e-mail, Debra.Newbrough@pmbbank.com)
        Alissa Miller (via e-mail, almiller@akingump.com)