| | |
|---|---|
| **QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010-1601<br>Tel.: (212) 849-7000<br>Fax: (212) 849-7100 | **KING & SPALDING LLP**<br>1185 Avenue of the Americas,<br>35th Floor<br>New York, NY 10036<br>Tel.: (212) 556-2235<br>Fax.: (212) 556-2222 |

September 10, 2021

<u>**Via ECF**</u>

Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 2204
New York, New York 10007

Re:   *Emigrant Bank and Pacific Mercantile Bank v. SunTrust Bank, et al.*, No. 1:20-cv-02391

Dear Judge Gardephe:

      The parties in the above-captioned action write jointly pursuant to Rules I(A) and IV(A) of Your Honor's Individual Rules of Practice regarding Plaintiffs Emigrant Bank and Pacific Mercantile Bank's desire to amend the Complaint.

      Pursuant to Your Honor's Individual Rules of Practice, parties moving for leave to amend a pleading generally must request a pre-motion conference. However, in an effort to avoid unnecessary motion practice and minimize the burden on the Court, the parties have conferred and reached agreement on a procedure that would allow Plaintiffs to amend their Complaint while preserving the resources already expended on briefing and considering Defendants' pending Motion to Dismiss. If Your Honor approves of the proposal, which is described below, Your Honor may choose to enter the proposed order attached hereto as Exhibit 1 and avoid the need for a pre-motion conference.

      As the Court is aware, Plaintiffs' Complaint asserts claims for breach of contract and breach of the implied covenant of good faith and fair dealing against Defendants SunTrust Bank and Truist Bank (collectively, "SunTrust"). SunTrust filed a Motion to Dismiss all of Plaintiffs' claims on October 9, 2020 (ECF 36). That motion is pending. Plaintiffs now seek to amend their Complaint to add one or more additional breach of contract claims against SunTrust, based on events that have occurred after Plaintiffs filed this lawsuit, while maintaining the original claims.

      The parties have conferred regarding Plaintiffs' intent to seek leave to amend the Compliant, including whether Defendants would consent to an amendment and how any amendment would impact Defendants' pending Motion to Dismiss. The parties agreed that they did not want to unduly burden the Court by simply stipulating to an amended complaint that might moot the pending motion when the claims that are the subject of the Motion to Dismiss would also be included in the proposed amended complaint. Likewise, Defendants agreed that they would

consent to an amendment if the parties could fashion a procedure that eliminated the need to re-brief the issues raised by the pending Motion to Dismiss.

Fortunately, an amended complaint does not automatically moot a pending motion to dismiss and this Court may evaluate the motion to dismiss in light of the facts alleged in the amended complaint. *Pettaway v. National Recovery Solutions, LLC*, 955 F.3d 299 (2d Cir. 2020) (holding that, "when a plaintiff properly amends her complaint after a defendant has filed a motion to dismiss that is still pending, the district court has the option of either denying the pending motion as moot or evaluating the motion in light of the facts alleged in the amended complaint"). Based on the foregoing, and to preserve resources while assisting the Court's evaluation of the pending Motion to Dismiss, the parties propose the following procedure, subject to the Court's approval:

1. Defendants will consent to Plaintiffs filing an amended complaint solely to add new claims (and new allegations of facts related to the new claims).

2. The amended complaint will reassert the original claims in the same order and style as the initial complaint (i.e., Count I will be the first breach of contract claim, Count II will be the breach of the covenant of good faith and fair dealing claim, and so on) so that the references to the Counts in the Complaint in the pending Motion to Dismiss will pertain to the amended complaint.

3. After Plaintiffs file their amended complaint, Defendants will be required to respond (by motion or by answer) only to any new cause(s) of action and any new factual allegations added in support of such cause of action.

4. To avoid having the parties re-brief the issues related to Defendants' pending Motion to Dismiss, the parties agree that the amendment does not moot that Motion.

5. In the event that the Court grants the Motion to Dismiss, in whole or in part, the ruling shall apply with full force and effect to the amended complaint, and any count dismissed shall be deemed dismissed from the amended complaint. Defendants will not oppose Plaintiffs' request, if any, to file a second amended complaint on the basis that leave to amend was granted to file the proposed amended complaint.

The parties appreciate the Court's attention to this matter and do not wish to interfere with the Court's deliberative process or otherwise unduly burden the Court. To the contrary, the parties submit this proposal in the hopes that, by reaching agreement on this procedure, they will minimize any burden on the Court caused by the amendment.

For the reasons outlined above, the parties respectfully request that the Court approve this procedure by entering the proposed order attached as Exhibit 1. However, to the extent the Court believes a pre-motion conference is necessary, the parties will be available at the Court's convenience for such a conference.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| *Corey Worcester* (signature) | *Peter Isajiw* (signature) |
| Corey Worcester<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP | Peter Isajiw<br>KING & SPALDING LLP |
| (Counsel for Plaintiffs) | (Counsel for Defendants) |