# EXHIBIT F



Juan De Jesus-Caballero
Senior Vice President

SunTrust Bank
200 S. Orange Avenue
5th Floor
Orlando, FL 32801
Tel 407-237-4507
juan.dejesus-caballero@suntrust.com

## NOTICE OF ACCELERATION OF DEBT

June 15, 2016

Our Alchemy, LLC
5900 Wilshire Boulevard, Floor 18
Los Angeles, California 90036
Facsimile Number: 323-937-0750
Attention: Scott Guthrie and Kelly Summers
Email: Scott.Guthrie@ouralchemy.com and
Kelly.Summers@ouralchemy.com

VIA FACSIMILE, EMAIL, HAND
DELIVERY AND OVERNIGHT COURIER
SERVICE RETURN RECEIPT REQUESTED

Calrissian LP
c/o Virgo Investment Group LLC
555 Twin Dolphin Drive, Suite 615
Redwood Shores, California 94065
Attention: Mark A. Perez
Facsimile Number: 650-461-9117
Email: mperez@virgo-llc.com

Anderson Digital, LLC
c/o Virgo Investment Group LLC
555 Twin Dolphin Drive, Suite 615
Redwood Shores, California 94065
Attention: Mark A. Perez
Facsimile Number: 650-461-9117
Email: mperez@virgo-llc.com

As required by Section 10.1(a)(i) of the Credit Agreement:
Our Alchemy, LLC
5900 Wilshire Boulevard, Floor 18
Los Angeles, California 90036
Facsimile Number: 323-937-0750
Attention: Bill Lee

Re:   Notice of Acceleration of Debt

Dear Mr. Guthrie, Ms. Summers and Mr. Perez:

We refer to (a) that certain AMENDED AND RESTATED REVOLVING CREDIT AND TERM LOAN AGREEMENT, dated as of July 9, 2015, as amended to date (the "Credit Agreement"), among (i) Our Alchemy, LLC, a Delaware limited liability company, as Borrower (the "Borrower"), (ii) each of the

financial institutions referred to therein ("Lenders"), and (iii) SunTrust Bank, as Administrative Agent for the Lenders (the "Administrative Agent"); (b) that certain FORBEARANCE AGREEMENT, dated as of April 20, 2016 (the "Forbearance Agreement"), among (i) the Borrower, (ii) the Lenders, (iii) the Guarantors (as defined below) and (iv) the Administrative Agent; and (c) that certain GUARANTY AND SECURITY AGREEMENT, dated as of September 4, 2014, as amended to date, by and among the Borrower, Calrissian LP ("Calrissian"), Anderson Digital, LLC ("Anderson") and certain subsidiaries of Alchemy (collectively with Calrissian and Anderson, the "Guarantors"), in favor of Administrative Agent (the "Guaranty and Security Agreement"). The Guaranty and Security Agreement, the Credit Agreement and the Forbearance Agreement, together with all other documents, instruments or agreements executed in connection therewith, are collectively referred to as the "Fundamental Documents." Any capitalized term used herein and not defined herein shall have the meaning assigned to such term in the Credit Agreement.

In addition, we refer to (a) the RESERVATION OF RIGHTS LETTER, dated January 19, 2016, issued by the Administrative Agent to the Borrower ("Letter No. 1"), (b) the RESERVATION OF RIGHTS LETTER, dated March 1, 2016, issued by the Administrative Agent to the Borrower ("Letter No. 2"), (c) the RESERVATION OF RIGHTS LETTER, dated May 5, 2016, issued by the Administrative Agent to the Borrower ("Letter No. 3"), and (d) the RESERVATION OF RIGHTS LETTER, dated May 18, 2016, issued by the Administrative Agent to the Borrower ("Letter No. 4" and, collectively with Letter No. 1, Letter No. 2 and Letter No. 3, the "Letters"). By the Letters and the Forbearance Agreement, the Borrower was formally notified, among other things, (i) of the occurrence and continuation of certain Events of Default and Existing Defaults (as such term is defined in the Forbearance Agreement) under the Fundamental Documents and (ii) that the Administrative Agent (on behalf of the Lenders) was entitled to exercise any and all of its rights and remedies available under the Fundamental Documents and applicable law. As of the date of this Notice of Acceleration of Debt, the Borrower has not cured one or more of such Events of Default or Existing Defaults. The foregoing is not meant to be a reference to all present Defaults or Events of Default under the Fundamental Documents. Other Defaults or Events of Default may also exist. These failures, as well as those referenced hereinabove, continue and have not been waived by the Administrative Agent.

In accordance with Section 8.1 of the Credit Agreement and Section 7.5 of the Guaranty and Security Agreement, the Administrative Agent (on behalf of itself and the Lenders) hereby (i) terminates the Commitments, (ii) declares the principal of and any accrued interest on the Loans currently outstanding, and all other Obligations owing under the Credit Agreement, to be due and payable immediately and accelerated, (iii) notifies the Borrower and each Guarantor that, as a result of such acceleration, pursuant to Section 2.12(b) of the Credit Agreement, interest continues to accrue, from December 31, 2015, at the Default Interest rate, as provided in the Forbearance Agreement, and (iv) demands immediate payment of all amounts described in clauses (ii) and (iii) above, and any other amounts lawfully due and payable under the terms of the Fundamental Documents, including, without limitation, all out-of-pocket costs and expenses (including, without limitation, the reasonable fees, charges and disbursements of outside counsel and the allocated cost of inside counsel) incurred by the Administrative Agent or any Lender in connection with the enforcement or protection of its rights in connection with the Credit Agreement. **This letter constitutes, and constitutes notice of, a declaration of acceleration under Section 8.1 of the Credit Agreement.**

Additionally, the Administrative Agent hereby notifies each of the Borrower, Calrissian and Anderson of its intent to exercise its rights pursuant to Section 7.1(b) of the Guaranty and Security Agreement. Accordingly, none of the Borrower, Calrissian or Anderson shall be permitted to (i) receive cash dividends paid in respect of the Pledged Securities (as such term is defined in the Guaranty and Security Agreement) paid in the normal course of business of the relevant Issuer (as such term is defined

Page 3
June 15, 2016

in the Guaranty and Security Agreement), or (ii) exercise any voting or corporate rights with respect to the Pledged Securities.

The Administrative Agent (on behalf of itself and the Lenders) expressly reserves the right, in its discretion, to exercise any or all of its available rights, remedies, powers, privileges, claims and causes of action under any of the Fundamental Documents, or available by law or otherwise, and no delay on the part of the Administrative Agent or the Lenders in exercising any such rights, remedies, powers, privileges, claims or causes of action shall be construed to be a waiver thereof or an election of one or more of such rights, remedies, powers, privileges, claims or causes of action in lieu of others.

Payment to, or acceptance by, the Administrative Agent or the Lenders, including by any exercise of a right of set-off, of any amount less than the total sums due, or any other partial cure of the Existing Defaults or any other Event of Default should not be construed as an accord and satisfaction or as the Administrative Agent's or any Lender's agreement to accept a lesser amount as payment in full of the total sums due. The Administrative Agent's or any Lender's acceptance of any endorsement or statement on any check evidencing a payment or letter accompanying a payment, any exercise of a right of set-off, or other acceptance of payment, may not be deemed to be an accord and satisfaction. The Administrative Agent or any Lender may accept any such payment or check, or exercise a right of set-off, without prejudice to its rights to receive the balance of all amounts due under the Fundamental Documents or to pursue any remedy thereunder or at law or in equity.

No modification of the Fundamental Documents and no other agreement or understanding of any nature shall be deemed to have been entered into by or be binding on the Administrative Agent or the Lenders unless and until the Administrative Agent and all other required parties have reached agreement on all issues, and such entire agreement shall have been reduced to a written document that expressly states that it modifies the Fundamental Documents and is duly executed by the Administrative Agent, the Borrower, all Guarantors and any other required parties. Oral agreements, e-mails, memoranda of meetings, summaries of proposed terms, etc. shall have no effect whatsoever and shall not be binding on the Administrative Agent or the Lenders.

Sincerely,

SUNTRUST BANK,
as Administrative Agent and as a Lender

By: _____
Name: Juan de Jesus-Caballero
Title: Senior Vice President