# KING & SPALDING

1185 Avenue of the Americas
New York, NY 10036
www.kslaw.com

**Peter Isajiw**
Partner
Tel: +1 212 556 2235
Fax: +1 212 556 2222
pisajiw@kslaw.com

October 12, 2021

**VIA ECF**

The Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 705
New York, NY 10007

      Re:    *Emigrant Bank and Pacific Mercantile Bank v. SunTrust Bank, et al.*,
             No. 1:20-cv-02391 (S.D.N.Y.): Request for Pre-Motion Conference

Dear Judge Gardephe:

      We represent Defendants Truist Bank and SunTrust Bank (collectively, "SunTrust") and write to request a pre-motion conference concerning Defendants' anticipated motion to dismiss all counts of the First Amended Complaint (ECF 45) pursuant to Fed. R. Civ. P. 12(b)(6).

      Plaintiffs filed the original Complaint (ECF 1, "Original Complaint") in this action on March 18, 2020. SunTrust's motion to dismiss all three counts in the Original Complaint is pending. (ECF 35.) Plaintiffs filed the First Amended Complaint, re-asserting the claims in the Original Complaint and amending the complaint to add three new claims, pursuant to the Court's order granting leave to amend (ECF 44). The order provides that the First Amended Complaint does not moot SunTrust's pending motion to dismiss, and SunTrust will respond only to the First Amended Complaint's new causes of action and allegations.

      SunTrust intends to move to dismiss all three new claims—and thus the First Amended Complaint in its entirety. Defendants understand that Plaintiffs intend to oppose the motion to dismiss, but Plaintiffs acknowledge Defendants' right to respond under Rule 12(b)(6) and the Court's order.

**I.**    **Background**

      The allegations in the First Amended Complaint relate to a Credit Agreement (ECF 45-1), under which a group of lenders, including Plaintiffs and SunTrust, loaned money to Our Alchemy, LLC ("Borrower"). SunTrust served as the Administrative Agent under the Credit Agreement, and non-party Calrissian LP ("Guarantor") executed a performance guaranty on behalf of Borrower. In 2016, Borrower defaulted and filed for bankruptcy protection. SunTrust has sought to recover funds on behalf of the lenders through Borrower's bankruptcy estate. When Guarantor also failed to perform, SunTrust sued Guarantor in New York state court (the "Guaranty Action").

In the Original Complaint, Plaintiffs asserted they could force SunTrust to also sue various affiliates of Virgo Investment Group, LLC ("Virgo"), a non-party to the loan documents, under alter-ego or principal-agent theories of liability. As explained in SunTrust's briefs in support of its motion to dismiss the Original Complaint (ECF 36, 40), the Original Complaint fails as a matter of law. Underscoring the meritless nature of Plaintiffs' claims, SunTrust amended the complaint in the Guaranty Action to add a Virgo affiliate as a defendant after SunTrust identified a legal theory that Plaintiffs never identified. The Virgo affiliate failed to respond, and SunTrust has moved for a default judgment seeking at least $65.9 million in principal and interest, and intends to pursue its recovery.

After Plaintiffs filed the Original Complaint, SunTrust informed the lenders that SunTrust was entitled to indemnification from the Borrower for its expenses in this action under the Credit Agreement and that, if SunTrust were not reimbursed by the Borrower, the lenders were severally required to pay any outstanding amounts. In anticipation of not being reimbursed by the Borrower, SunTrust noted that it would send written demands to the lenders for such payments.

In December 2020 and February 2021, however, SunTrust received approximately $1.2 million in distributions from the Borrower's bankruptcy trustee. (ECF 45, at ¶ 125.) The Credit Agreement says that all proceeds from each sale or realization of collateral after an event of default "shall be applied" *first*, to the Administrative Agent's reimbursable expenses incurred in connection with the sale or realization upon the Collateral;[1] *second*, to the Administrative Agent's other due and payable fees and reimbursable expenses; and *third*, to lenders' due and payable reimbursable expenses, if any. (ECF 45-1, at § 8.2.) SunTrust applied the distributions according to these terms, first distributing approximately $956,000 to itself, as Administrative Agent, for fees and expenses incurred in connection with the bankruptcy proceedings, the Guaranty Action, and this action, and then distributed the remainder to all four lenders *pro rata*.

Plaintiffs' First Amended Complaint asserts three new causes of action based on SunTrust's distributions. All three fail as a matter of law and should be dismissed.

## II. Argument

### A. Plaintiffs Fail to State a Claim for Breach of Contract (Counts 4 and 6)

In Counts 4 and 6 of the First Amended Complaint, Plaintiffs contend that SunTrust's application of the proceeds from the Borrower's bankruptcy trustee breached the Credit Agreement and the parties' Term Loan Joinder Agreement, respectively.[2] To the contrary, the facts alleged in the First Amended Complaint demonstrate SunTrust properly followed the contract, and that Plaintiffs' new breach of contract claims fail as a matter of law.

---

[1] The Credit Agreement defines "Collateral" to include "all tangible and intangible property, real and personal, of any Loan Party that is or purports to be the subject of a Lien to the Administrative Agent to secure the whole or any part of the Obligations or any Guarantee thereof." (ECF 45-1, § 1.1.)

[2] Plaintiffs' breach of contract claim arising under the Term Loan Joinder Agreement (Count 6) is entirely derivative of its breach claim under the Credit Agreement (Count 4). (*See* ECF 45, at ¶ 138 (allegation based on the Credit Agreement).) Accordingly, Count 6 rises and falls with Count 4.

1. <u>SunTrust is entitled to indemnification and reimbursement for expenses incurred in connection with this action.</u>

The Credit Agreement provides, in pertinent part, that "Borrower shall indemnify the Administrative Agent" for "any and all losses, claims, damages, liabilities and related expenses (including the reasonable fees, charges and disbursements of any outside counsel for any Indemnitee) . . . arising out of, in connection with, or as a result of," among other things, the parties' "performance" of their "obligations" under the loan documents or "any actual or prospective claim, litigation, investigation or proceeding relating to any of the foregoing, whether based on contract, tort or any other theory, whether brought by a third Person or by the Borrower, [or] any other Loan Party." (ECF 45-1, § 10.3(b).)[3]

Here, the allegations in the First Amended Complaint establish that SunTrust is entitled to indemnification. The Credit Agreement defines Indemnitees to include the Administrative Agent. (ECF 45-1, § 10.3(b).) This lawsuit has caused SunTrust, as Administrative Agent, to incur "losses, claims, . . . and related expenses (including the reasonable fees, charges and disbursements of any outside counsel for any Indemnitee)." (*See id.*) Moreover, the First Amended Complaint asserts claims "arising out of, in connection with, or as a result of actual . . . claim[s], litigation[s], . . . [and] proceedings relating to" the Credit Agreement and other loan documents, and the parties' performance of their obligations thereunder. (*See id.*) Indeed, Plaintiffs' breach of contract claims are expressly claims arising under the Credit Agreement (Count 4) and the Term Loan Joinder Agreement (Count 6), which is a loan document as that term is defined in the Credit Agreement. (ECF 45, ¶¶ 121–28, 135–41.) Accordingly, SunTrust is entitled to indemnification for its expenses, including attorney's fees.

2. <u>SunTrust properly distributed the funds obtained from the bankruptcy trustee according to the Credit Agreement.</u>

Likewise, SunTrust was entitled—and, in fact, required—to distribute the funds received from the bankruptcy trustee just the way it did.[4] The Credit Agreement provides, in relevant part, that "[a]ll proceeds from each sale of, or other realization upon, all or any part of the Collateral by any Secured Party after an Event of Default arises shall be applied as follows":

(a) <u>first</u>, to the reimbursable expenses of the Administrative Agent incurred in connection with such sale or other realization upon the Collateral;

(b) <u>second</u>, to the fees and other reimbursable expenses of the Administrative Agent then due and payable pursuant to any of the Loan Documents, until the same shall have been paid in full;

(c) <u>third</u>, to all reimbursable expenses, if any, of the Lenders then due and payable pursuant to any of the Loan documents, until the same shall have been paid in full;

---

[3] Section 10.3(b) contains two exceptions to the Borrower's obligation to indemnify the Indemnitees, neither of which is applicable here because no "court of competent jurisdiction by final and non-appealable judgment" has entered any order and because this action arises from and relates to Borrower's default. (ECF 45-1, at § 10.3(b).)

[4] Had Borrower's bankruptcy estate distributed funds sufficient to indemnify SunTrust, SunTrust would have been entitled to indemnification from the lenders directly. (ECF 45-1, at § 10.3(d).)

> (d) <u>fourth</u>, to the fees and interest then due and payable under the terms of this Agreement, until the same shall have been paid in full[.]
>
> * * *
>
> All amounts allocated pursuant to the foregoing clauses third through fifth to the Lenders as a result of amounts owed to the Lenders under the Loan Documents shall be allocated among, and distributed to, the Lenders *pro rata* . . . .

(ECF 45-1, at § 8.2 (emphasis in original).)

Here, the Credit Agreement required SunTrust to distribute the funds it received from the Borrower's bankruptcy trustee first to reimburse itself, as Administrative Agent, for its expenses before distributing the remainder to the lenders. First, because SunTrust's legal fees and expenses incurred in connection with the bankruptcy proceedings and the Guaranty Action were incurred by the Administrative Agent to recover on behalf of the lenders, those fees were incurred "in connection with" the "realization upon the Collateral" and thus were required to be reimbursed prior to any other distributions. (ECF 45-1, at § 10.3(a)(i).)

Second, SunTrust's fees and expenses incurred in connection with this action are "reimbursable expenses of the Administrative Agent," as described above. (ECF 45-1, at § 10.3(a)(ii).) SunTrust accordingly was required to use any remaining funds to satisfy any such due and payable sums prior to any further distributions. (ECF 45-1, at § 8.2(b).)

Third, pursuant to the Credit Agreement, SunTrust was required to pay any reimbursable expenses of the lenders then due and payable. (ECF 45-1, at § 8.2(c).) Plaintiffs do not allege, and cannot allege, that any such reimbursable expenses were due and payable to them at the time SunTrust made the distributions in question. (*See generally* ECF 45.)

Finally, SunTrust was required to distribute any remaining funds to the lenders, *pro rata*, until all fees and interest due and payable under the Credit Agreement were satisfied. (ECF 45-1, at § 8.2.) That is precisely what Plaintiffs allege SunTrust did. (ECF 46, ¶ 96.)

In sum, the allegations in the First Amended Complaint establish that SunTrust committed no breach of contract as a matter of law. Counts 4 and 6 fail to state a claim.

### B.     Plaintiffs Fail to State a Claim for Breach of the Implied Covenant (Count 5).

Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing fails for two reasons.

#### 1.     <u>Plaintiffs expressly waived an implied covenant claim.</u>

Under New York law,[5] parties may contractually disclaim implied covenant of good faith and fair dealing claims. *See Phoenix Light SF Ltd. v. U.S. Bank Nat'l Ass'n*, No. 14-cv-10116,

---

[5] The Credit Agreement and Term Loan Joinder Agreement are governed by New York law. (ECF 45-1 § 10.5(a).)

2016 WL 1169515, at *10 (S.D.N.Y. Mar. 22, 2016) ("Every contract is assumed to incorporate a covenant of good faith and fair dealing unless such obligation is expressly disclaimed.").

The Credit Agreement here specifies that "the Administrative Agent shall not have any duties or obligations except those expressly set forth in this Agreement and the other Loan Documents." (ECF 45-1, § 9.2.) By agreeing that SunTrust would not have any duties or obligations except those expressly set forth in the Credit Agreement, these sophisticated Plaintiffs waived any claim that SunTrust breached the implied covenant of good faith and fair dealing. *See In re Enron Corp.*, 292 B.R. 752, 783 (Bankr. S.D.N.Y. 2003).

Moreover, where "a plaintiff asserts both express and implied contract claims, the plaintiff must allege an implied duty that is consistent with the express contractual terms . . . ." *JM Vidal, Inc. v. Texdis USA, Inc.*, 764 F. Supp. 2d 599, 620 (S.D.N.Y. 2011) (quotation marks omitted). Here, Plaintiffs expressly agreed in Section 9.2 that SunTrust "shall not be subject to any fiduciary or other implied duties." (ECF 45-1, § 9.2.) By disclaiming any duties on SunTrust's part, Plaintiffs waived any implied covenant claim because such a claim "must allege an implied duty that is consistent with the express contractual terms." *JM Vidal, Inc.*, 764 F. Supp. 2d at 620.

    2. <u>The implied covenant claim should be dismissed as redundant of the breach of contract claims.</u>

"Under New York law, the same facts cannot give rise to both a claim for breach of contract and a claim for breach of implied duty of good faith and fair dealing." *Friedman v. Maspeth Fed. Loan & Sav. Ass'n*, 30 F. Supp. 3d 183, 195 (E.D.N.Y. 2014). Accordingly, "claims for breach of the implied covenant of good faith and fair dealing are routinely dismissed where the conduct at issue is also the predicate for a claim that the defendant breached an express contract." *Citadel Equity Fund Ltd. v. Aquila, Inc.*, 371 F. Supp. 2d 510, 522 (S.D.N.Y. 2005), *aff'd*, 168 F. App'x 474 (2d Cir. 2006). If a plaintiff's implied covenant claim rests on the same provision as a breach of contract claim, or if it is based on the same alleged breach and seeks the same damages as the breach of contract claim, a court will dismiss the implied covenant claim. *See Kirschner as Tr. of Millennium Lender Claim Tr. v. JPMorgan Chase Bank, N.A.*, No. 17-cv-6334, 2020 WL 2614765, at *17 (S.D.N.Y. May 22, 2020).

Here, Plaintiffs' implied covenant claim is based on the same facts and apparently seeks the same damages as their new breach of contract claims. *Compare* ECF 45, at ¶¶ 121–28 *with id.* at ¶¶ 129–134. Accordingly, the Court should dismiss Plaintiffs' implied covenant claim as duplicative of their breach of contract claims. *See Kirschner*, 2020 WL 2614765, at *17; *JM Vidal, Inc.*, 764 F. Supp. 2d at 620.

In sum, Plaintiffs' new claims fail as a matter of law. The Court should therefore permit SunTrust to move to dismiss all three new claims in the First Amended Complaint and, based on its prior motion to dismiss, the First Amended Complaint in its entirety.

              Sincerely,

              */s/ Peter Isajiw*
              Peter Isajiw

Hon. Paul G. Gardephe
October 12, 2021
Page 6


cc: All counsel via ECF