# Attachment G

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| PRESENT: | HON. MARGARET CHAN | PART 49 |
| | *Justice* | |

-----------------------------------------------------------------X

SUNTRUST BANK, in its capacity as administrative agent,

                                Plaintiff,

                        - v -

CALRISSIAN LP, and VIRGO SERVICE COMPANY, LLC

                                Defendants.

-----------------------------------------------------------------X

| INDEX NO. | 654148/2016 |
|---|---|
| MOTION DATE | 08/24/2021 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85

were read on this motion to/for       AMEND CAPTION/DEFAULT JUDGMENT.

      Plaintiff SunTrust Bank moves for an order (i) directing the Clerk to amend the caption to identify plaintiff as Truist Bank f/k/a SunTrust Bank; (ii) granting a default judgment against defendants Calrissian LP and Virgo Service Company LLC ("Virgo") based on their failure to answer, move or otherwise respond to the amended complaint; and (iii) directing the Clerk of the Court to enter a money judgment in favor of plaintiff and against defendants in the amount of $65,868,278.69, plus contractual default interest of $10,356.14 per day from July 1, 2021 until entry of judgment, and attorneys' fees in the amount of $356.759.63, plus costs and disbursements of this action. The motion is unopposed.

      In this action, plaintiff seeks to recover on a debt due and owing from non-party Alchemy LLC ("the Borrower") under an Amended and Restated Revolving Credit and Term Loan Agreement ("Credit Agreement") (NYSCEF #'s 1, 66). Pursuant to a Guaranty and Security Agreement ("Guaranty Agreement") defendant Calrissian LP ("Calrissian"), guaranteed the payment of Borrower's financial obligations and the performance of all covenants and agreements under the Credit Agreement (NYSCEF # 67).

      By Decision and Order dated October 5, 2020, Justice O. Peter Sherwood granted plaintiff's motion for leave to amend to add Virgo as a defendant based on allegations that Virgo is Calrissian's general partner and thus liable for Calrissian's debt and to set the matter down for a virtual status conference on November 17, 2020 (NYSCEF # 43). Virgo and Calrissian failed to answer or respond to the amended complaint, and in his affirmation, plaintiff's counsel states that "[d]uring [the] status conference held by the court on November 17, 2020, counsel for Calrissian and Virgo indicated defendants' intent not to answer the amended

654148/2016   SUNTRUST BANK, vs. CALRISSIAN LP           Page 1 of 3
Motion No.  002

1 of 3

complaint and instead subject themselves to a default judgment" (NYSCEF # 73 - Fowler Aff., ¶ 14).

Plaintiff now moves to amend the caption and for a default judgment. The motion to amend is granted as plaintiff has provided proof that plaintiff SunTrust Bank was renamed after a merger as Truist Bank, and that SunTrust Bank's separate existence ceased (NYSCEF # 65 - De Jesus-Caballero Aff.- ¶¶ 18, 19; NYSCEF #'s 71, 72)(*see* CPLR 1018 [providing that "[u]pon any transfer of interest, the action may be continued by or against the original parties, unless the court directs the person to whom the interest is transferred to be substituted or joined in the action"]).

As for plaintiff's motion for an entry of a default judgment against defendants, CPLR 3215(f) requires a movant seeking such relief to submit the following: (1) proof of service of the summons and complaint or summons with notice; (2) an affidavit of the facts constituting the claim and the amount due; and (3) an affidavit showing the default in answering or appearing (*Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 70-71 [2003]).

Here, plaintiff's motion for a default judgment is granted as to liability. Plaintiff has provided proof of service of the amended complaint on defendants, and of defendants' default (NYSCEF # 73 - Fowler Aff., ¶¶ 4, 11, 13; NYSCEF # 76, 80, 81). In addition, plaintiff has sufficiently established the merits of the claim based on the affidavit from its Senior Vice President, Juan De Jesus-Caballero, and documentary evidence including the Credit Agreement and the Guaranty Agreement (NYSCEF # 65-67). However, as the submissions are insufficient to establish the amount due and owing, as directed below, a Special Referee is appointed for the purposes of calculating the amounts due and owing.

In view of the above, it is

ORDERED that plaintiff's motion to amend the caption to substitute Truist Bank f/k/a SunTrust Bank, as plaintiff in the place and stead of SunTrust Bank, is granted, and the caption shall be amended to read as follows:

---------------------------------------------------------------------- X   Index No. 654148/2016
Truist Bank f/k/a SunTrust Bank, in its capacity
as administrative agent,

                          Plaintiff,

       -against-

Calrissian LP and Virgo Service Company LLC,

                          Defendant
---------------------------------------------------------------------- X

654148/2016   SUNTRUST BANK, vs. CALRISSIAN LP                Page 2 of 3
Motion No. 002

2 of 3

and it is further

ORDERED, that plaintiff shall serve a copy of this order with notice of entry on the General Clerk's Office and the County Clerk, who are directed to mark the court records to reflect the amendment in the caption to correct plaintiff's name to read Truist Bank f/k/a SunTrust Bank, in its capacity as administrative agent; and it is further

ORDERED that plaintiff's motion for a default judgment is granted as to liability and the issue of the amount due and owing, including principal and, interest owed, and reasonable attorneys' fees, is severed and referred to a Special Referee to hear and report with recommendations; and it is further

ORDERED that counsel for the plaintiff shall, within 30 days from the date of this order, serve a copy of this order with notice of entry, together with a completed Information Sheet, upon the Special Referee Clerk in the General Clerk's Office (Room 119), who is directed to place this matter on the calendar of the Special Referee's Part; and it is further

ORDERED that such service upon the Special Referee Clerk shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh); and it is further.

ORDERED that within 20 days of efiling this order plaintiff shall serve a copy of this order with notice of entry on Calrissian LP via NYSCEF and on Virgo Service Company, LLC by overnight mail return receipt requested and efile proof of such service with the court.

|  |  |
|---|---|
| **11/3/2021** | _MARGARET A. CHAN, J.S.C._ |
| **DATE** | **MARGARET CHAN, J.S.C.** |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED   ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

654148/2016   SUNTRUST BANK, vs. CALRISSIAN LP
Motion No.  002

Page 3 of 3