**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7471**

WRITER'S EMAIL ADDRESS
**coreyworcester@quinnemanuel.com**

February 25, 2022

<u>VIA ECF</u>

The Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 2204
New York, NY 10007

Re: <u>*Emigrant Bank and Pacific Mercantile Bank v. SunTrust Bank, et al.*, No. 1:20-cv-02391: Notice of Relevant Decision in Related Matter</u>

Dear Judge Gardephe:

We represent Plaintiffs Emigrant Bank ("Emigrant") and Pacific Mercantile Bank ("PMB" and, together with Emigrant, "Plaintiffs") in the above-captioned matter. We write to inform the Court of a recent order in a related matter in the Supreme Court of the State of New York, *Emigrant Bank and Pacific Mercantile Bank v. Virgo Investment Group LLC, et al.*, Index. No. 65450/2021 (N.Y. Sup. Ct.) (the "Virgo Action"), that is relevant to the pending motions to dismiss of Defendants SunTrust Bank and Truist Bank (together, "SunTrust") in this action.

Specifically, the New York Supreme Court issued an order granting a motion to dismiss the Virgo Action on the basis that SunTrust was ***contractually required*** to bring suit against Virgo Investment Group, LLC and its affiliates (collectively, "Virgo") following a request to do so by Emigrant and PMB. This interpretation of the Credit Agreement—the same contract at issue in this action—is ***entirely consistent*** with Plaintiffs' interpretation set forth in the Complaint and Amended Complaint (ECF Nos. 1, 45), and ***completely contradicts*** the interpretation forming the basis of SunTrust's pending motion to dismiss (ECF No. 36). The court dismissed the Virgo Action, holding that SunTrust had exclusive standing to bring claims against Virgo relating to the Credit Agreement. A copy of the order is attached as Exhibit A.

Plaintiffs wanted to bring this order to the Court's attention to reduce the risk of inconsistent judgments.

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON | SALT LAKE CITY
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

**Factual Background**

In July 2015, SunTrust, Emigrant, PMB, and non-party Preferred Bank (collectively, the "Lenders") entered into an Amended and Restated Revolving Credit and Term Loan Agreement (the "Credit Agreement"). Through the Credit Agreement, the Lenders established a $59.5 million revolving credit and term loan facility for the borrower, Our Alchemy LLC ("Alchemy"). The loans were guaranteed by Calrissian, L.P. ("Calrissian"), the 100% owner of Alchemy, through a Guaranty and Security Agreement (the "Guaranty"). Calrissian was, in turn, wholly owned and controlled by Virgo.[1] Together, Emigrant and PMB hold 51.67% of the aggregate outstanding loan commitments, making them "Required Lenders" under Section 1.1 of the Credit Agreement.

In order to induce the Lenders to enter into the Credit Agreement, Virgo made numerous material misrepresentations and omissions of fact regarding Alchemy's financials and the ability of Calrissian to guaranty the loan. After Alchemy defaulted on the Credit Agreement, Emigrant and PMB determined that the Lenders had colorable claims against Virgo for breach of the Guaranty, fraud, and other claims. As provided in Section 8.1 of the Credit Agreement, the Required Lenders formally requested that SunTrust "exercise all remedies in law and in equity" against Virgo, including a request that SunTrust sue Virgo for breach of the Guaranty as the alter ego or principal of Calrissian. ECF No. 1-7. SunTrust refused to bring a lawsuit against Virgo unless the Required Lenders provided a general release of all claims, known and unknown, against SunTrust even though the Credit Agreement does not require any such release.

The original Complaint (ECF No. 1)[2] states claims against SunTrust for breach of contract and breach of the implied covenant of good faith and fair dealing. SunTrust moved to dismiss the original Complaint on October 9, 2020. ECF No. 36. SunTrust argued, among other things, that "Plaintiffs cannot compel SunTrust to sue Virgo Investment Group" (*id.* at 11) and that "[n]othing in the Credit Agreement or the other Loan Documents specifies that the Required Lenders can force SunTrust to sue nonparties to the loan documents" (*id.* at 12). SunTrust's motion to dismiss relies heavily on its argument that the Credit Agreement does not require SunTrust to sue Virgo even when requested to do so by the Required Lenders.[3]

SunTrust's motion to dismiss is pending.

---

[1] A more complete recitation of the relevant facts can be found in Plaintiffs' Complaint (ECF No. 1) and Plaintiffs' Opposition to Defendants Motion to Dismiss the Complaint (ECF No. 39).
[2] With the permission of the Court (ECF No. 44), Plaintiffs amended their Complaint to add additional claims against SunTrust related to SunTrust's reimbursement of its own legal expenses from funds belonging to all Lenders under the Credit Agreement. ECF No. 45. Pursuant to the Court's instruction, Defendants then moved to dismiss only those new claims (ECF No. 52), leaving the prior motion to dismiss the original Complaint pending.
[3] SunTrust also argued that Plaintiffs claims are not ripe since SunTrust could bring additional claims against Virgo until June 15, 2022. This date is now less than fourth months away.

**The Virgo Action and the Order of Dismissal**

Because SunTrust refused to bring suit against Virgo, and in order to avoid the expiration of a potential statute of limitation, Emigrant and PMB brought fraud and other non-contractual claims against Virgo in the Virgo Action in July 2021. Virgo moved to dismiss the complaint arguing, among other things, that Plaintiffs did not have standing to bring the claims against Virgo because SunTrust, as Administrative Agent under the Credit Agreement, had exclusive standing to assert these claims.

On February 9, 2022, Justice Borrok of the New York Supreme Court issued a Decision and Order granting Virgo's motion to dismiss. Ex. A.[4] Relying on *Beal Savings Bank v. Sommer*, 8 N.Y.3d 318 (2007), Justice Borrok held that Plaintiffs "lack standing to bring claims premised on a loan transaction where they have delegated the Authorized Agent to do so on behalf of all of the Lenders when the Required Lenders authorize and direct the same." Ex. A at 4. Justice Borrok ruled that the Credit Agreement "expressly provides that the Authorized Agent ***was required to act on behalf of the Lenders when requested by the Lenders*** holding more than 50% of the aggregate outstanding revolving commitments and term loans" and "the fact is that ***the Administrative Agent must bring claims against the Virgo entities***." *Id.* (emphases added). The court's interpretation of the Credit Agreement directly rebuts SunTrust's argument in this action that it was not obligated to bring claims against Virgo following the demand by Emigrant and PMB.[5]

Justice Borrok's Decision and Order suggests that SunTrust's motion to dismiss in this action should be denied. Furthermore, inconsistent judgments in this action and the Virgo Action could leave Plaintiffs without an effective remedy. Therefore, Plaintiffs respectfully request that the Court consider the Decision and Order in deciding SunTrust's pending motion.

Respectfully submitted,

*/s/ Corey Worcester*
Corey Worcester

cc:    All counsel via ECF

---

[4] In his ruling Justice Borrok dismissed the Virgo Action without prejudice, holding that Plaintiffs may only re-file if SunTrust's motion to dismiss this action is granted. Ex. A at 5.
[5] While Justice Borrok's order supports Plaintiffs' argument that SunTrust was obligated to file suit against Virgo upon Plaintiffs' request, Plaintiffs do not agree that SunTrust has *exclusive* standing and may consider filing an appeal on that basis.