# KING & SPALDING

1185 Avenue of the Americas
New York, NY 10036
www.kslaw.com

**Peter Isajiw**
Partner
Tel: +1 212 556 2235
Fax: +1 212 556 2222
pisajiw@kslaw.com

March 1, 2022

**VIA ECF AND COURTESY COPY VIA FAX**

The Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 705
New York, NY 10007

   Re: *Emigrant Bank and Pacific Mercantile Bank v. SunTrust Bank, et al.*, No. 1:20-cv-02391 (S.D.N.Y.): Response to February 25, 2022 Letter from Plaintiffs (ECF 57)

Dear Judge Gardephe:

  We represent Defendants SunTrust Bank and Truist Bank (collectively, "SunTrust") in the captioned matter. We write in response to Plaintiffs' letter dated February 25, 2022 (ECF 57), which attempts unconvincingly to turn their recent defeat in a New York Supreme Court case into a positive development for them in this matter. Plaintiffs' letter sets forth several assertions which require correction.

  First, Plaintiffs assert that the New York Supreme Court's February 9, 2022 order "completely contradicts" SunTrust's interpretation of the Credit Agreement (ECF 1-1). Not so. SunTrust's primary argument in favor of its pending motion to dismiss is that Plaintiffs cannot force SunTrust to sue non-parties to the Credit Agreement because the Credit Agreement only allows the "Required Lenders" to demand that SunTrust take certain actions that can be achieved "by notice to the Borrower." (*See* ECF 36, Motion to Dismiss, at 10-12; ECF 1-1, Credit Agreement § 8.1.) Lawsuits against third parties cannot be accomplished "by notice the Borrower."

  The New York Supreme Court did not address that issue, let alone issue a ruling contradicting SunTrust's position, with good reason. SunTrust is not a party to the state court case, and neither Plaintiffs nor the defendants they sued (Virgo Investment Group, LLC affiliates (collectively, "Virgo")) raised the argument in the motion to dismiss briefing in that case. (*See* Exhibit A, Virgo's Motion to Dismiss; Exhibit B, Plaintiffs' Opposition; Exhibit C, Virgo's Reply Brief.) Plaintiffs could have raised the issue, and stopped Virgo's standing argument dead in its tracks, by arguing that they had only assigned SunTrust the power to take actions achievable "by notice to the Borrower" and therefore they retained the ability to sue Virgo for alleged fraud. But to remain consistent with the arguments they've made in this case, Plaintiffs did not make that argument in the state court case (*See* Exhibit B, Plaintiffs' Opposition), and their case was dismissed, in an order that did not address the issue. Plaintiffs overreach by asking this Court to infer that the state court's understandable silence on the issue supports their arguments here. Plaintiffs also tacitly concede that the state court's order has no preclusive effect on SunTrust by

Hon. Paul G. Gardephe
March 1, 2022
Page 2

arguing only that the order is "relevant" to SunTrust's pending motions to dismiss. Given that the order does not address a key issue in this matter, we dispute its relevance. However, to the extent the Court agrees the order has any relevance, it certainly has no probative or precedential value.

Moreover, Plaintiffs' concerns about the risk of "inconsistent judgments" (ECF 57, at 1, 3) if this Court grants SunTrust's motion to dismiss are overblown because the New York Supreme Court order expressly allows Plaintiffs to re-file their lawsuit against Virgo if this Court grants SunTrust's motion to dismiss. (ECF 57-1, State Court Order, at 3, 6 (PACER/ECF numbering).) This Court's granting of SunTrust's motion to dismiss will, therefore, allow Plaintiffs to pursue Virgo in the New York state court and raise the "by notice to Borrower" argument with the benefit of an order analyzing all relevant arguments related to Credit Agreement Section 8.1.

Second, Plaintiffs' assertion that they sued Virgo for "fraud and other non-contractual claims" in 2021 "[b]ecause SunTrust refused to bring suit against Virgo" (ECF 57, at 3) attempts to re-write history. Plaintiffs omit that they never demanded that SunTrust bring *any* fraud or non-contractual claims against Virgo until *after* the New York state court's February 9, 2022 order dismissing their complaint against Virgo. (*See* Exhibit D, Plaintiffs' February 16, 2022 Letter to SunTrust.) Indeed, the *only* claims Plaintiffs demanded that SunTrust bring prior to February 16, 2022 were <u>contractual</u> claims against Virgo based on vaguely outlined alter ego and principal-agent theories of liability. (*See* ECF 1, Complaint ¶ 10 (Plaintiffs demanded SunTrust "file suit against Virgo for breach of the Guaranty"); *id.* ¶ 90 (alleging SunTrust breached "by filing a lawsuit . . . against Virgo for breach of the Guaranty").) Regardless of Plaintiffs' historical revisionism, this Court can grant the motion to dismiss by applying the plain terms of the Credit Agreement and finding it only allows the "Required Lenders" to demand that SunTrust take certain actions that can be achieved "by notice to the Borrower." (*See* ECF 36, Motion to Dismiss, at 10-12; ECF 1-1, Credit Agreement § 8.1.) Whether based on fraud or contract, lawsuits against third parties to the Credit Agreement require more than notice to the Borrower.

Finally, Plaintiffs needlessly repeat their false claim that "SunTrust refused to bring a lawsuit against Virgo unless the Required Lenders provided a general release of all claims, known and unknown, against SunTrust even though the Credit Agreement does not require any such release." (ECF 57, at 2.) As SunTrust has previously explained, it never conditioned its actions as Administrative Agent on any parties providing a release. (*See* ECF 40, SunTrust Motion to Dismiss Reply Brief, at 7.) Moreover, SunTrust is already pursuing a Virgo entity in a separate state court case that is entirely consistent with its duties as Administrative Agent, without the benefit of a release. What SunTrust has refused to do is to take Plaintiffs' instructions to pursue vague and unspecified contractual claims against various Virgo affiliates, who are not parties to the Credit Agreement or borrowers in any applicable loan documents, and nothing in the Credit Agreement requires SunTrust to do so. Plaintiffs' claims are based on the presumed but non-existent ability to force SunTrust into litigation, and the Amended Complaint should be dismissed for the reasons set forth in the pending motion.

Sincerely,

*/s/ Peter Isajiw*
Peter Isajiw

Hon. Paul G. Gardephe
March 1, 2022
Page 3

cc: All counsel via ECF