quinn emanuel trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7471**

WRITER'S EMAIL ADDRESS
**coreyworcester@quinnemanuel.com**

May 13, 2022

<u>VIA ECF</u>

The Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 2204
New York, NY 10007

Re:   *Emigrant Bank and Pacific Mercantile Bank v. SunTrust Bank, et al.*, No. 1:20-cv-02391

Dear Judge Gardephe:

We represent Plaintiffs Emigrant Bank ("Emigrant") and Pacific Mercantile Bank ("PMB") in the above-captioned matter. We write respectfully pursuant to Rule IV.A of Your Honor's Individual Rules of Practice to request a pre-motion conference regarding Plaintiffs' anticipated motion to partially lift the current stay of discovery so that the parties may serve third-party discovery to ensure that any relevant evidence or testimony is collected before it becomes lost or stale. This action was filed more than two years ago, on March 18, 2020 (ECF No. 1), and while the parties in this action are obligated to preserve relevant documents, third parties may have no such obligation, depending on their awareness of the action and their own documents. Given the significant amount of time since this action has been filed—and since the relevant events occurred—Plaintiffs respectfully request that the Court allow the parties to proceed with third-party discovery while Defendants' Motions to Dismiss (ECF Nos. 35, 51) are pending.

**Background**

In July 2015, Defendant SunTrust Bank ("SunTrust"), Emigrant, PMB, and non-party Preferred Bank (collectively, the "Lenders") entered into an Amended and Restated Revolving Credit and Term Loan Agreement (the "Credit Agreement"). Through the Credit Agreement, the Lenders established a $59.5 million revolving credit and term loan facility for the borrower, Our Alchemy LLC ("Alchemy"). The loans were guaranteed by Calrissian, L.P. ("Calrissian"), the 100% owner of Alchemy, through a Guaranty and Security Agreement (the "Guaranty"). Calrissian was, in turn, wholly owned and controlled by Virgo Investment Group, LLC and its

quinn emanuel urquhart & sullivan, llp

07601-00001/13357814.7

ATLANTA | AUSTIN | BOSTON | BRUSSELS | CHICAGO | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

affiliates (collectively, "Virgo").[1]  Together, Emigrant and PMB hold 51.67% of the aggregate outstanding loan commitments, making them "Required Lenders" under Section 1.1 of the Credit Agreement.

In order to induce the Lenders to enter into the Credit Agreement, Virgo made numerous material misrepresentations and omissions of fact regarding Alchemy's financials and the ability of Calrissian to guaranty the loan.  After Alchemy defaulted on the Credit Agreement, SunTrust, as well as Emigrant and PMB, determined that the Lenders had colorable claims against Virgo for breach of the Guaranty, fraud, and other claims.  As provided in Section 8.1 of the Credit Agreement, the Required Lenders formally requested that SunTrust "exercise all remedies in law and in equity" against Virgo, including a request that SunTrust sue Virgo for breach of the Guaranty as the alter ego or principal of Calrissian.  ECF Nos. 1-7.  Emigrant and PMB even offered to fund the litigation.  SunTrust refused to bring a lawsuit against Virgo unless Emigrant and PMB provided a general release of all claims, known and unknown, against SunTrust even though the Credit Agreement does not require any such release.

The original Complaint (ECF No. 1) states claims against SunTrust for breach of contract and breach of the implied covenant of good faith and fair dealing based on SunTrust's failure to bring claims against Virgo as required by the Credit Agreement.

On June 24, 2020, before moving to dismiss, SunTrust requested a stay of all discovery pending a determination of its forthcoming motion to dismiss (ECF No. 25), which Plaintiffs opposed (ECF No. 28).  SunTrust argued, among other things, that the burden to SunTrust would be great if Plaintiffs were permitted to pursue discovery because "SunTrust should not be required to incur the time and expense of responding to discovery requests propounded by Plaintiffs . . . ."  ECF No. 25 at 3-5.  The Court granted the motion to stay discovery on July 29, 2020.  ECF No. 33.

SunTrust moved to dismiss the original Complaint on October 9, 2020.  ECF No. 35.  SunTrust argued, among other things, that "Plaintiffs cannot compel SunTrust to sue Virgo Investment Group" (ECF No. 36 at 11) and that "[n]othing in the Credit Agreement or the other Loan Documents specifies that the Required Lenders can force SunTrust to sue nonparties to the loan documents" (*id.* at 12).[2]  SunTrust's motion to dismiss is still pending.

With the permission of the Court (ECF No. 44), Plaintiffs amended their Complaint to add additional claims against SunTrust related to SunTrust's improper reimbursement of its own legal expenses from funds belonging to all Lenders under the Credit Agreement.  ECF No. 45.[3]

**The Discovery Stay Should Be Partially Lifted For Third-Party Discovery**

---

[1]  A more complete recitation of the relevant facts can be found in Plaintiffs' Amended Complaint (ECF No. 45) and Plaintiffs' Oppositions to Defendants' Motions to Dismiss the Complaints (ECF Nos. 39, 54).

[2]  SunTrust also argued that Plaintiffs' claims are not ripe since SunTrust could bring additional claims against Virgo until June 15, 2022.  This date is now about a month away.

[3]  Pursuant to the Court's instruction, Defendants then moved to dismiss only those new claims (ECF No. 51), leaving the prior motion to dismiss the original Complaint pending.  This second motion to dismiss has been pending for four months.  *See* ECF No. 59.

To avoid the loss of relevant and critical evidence, the current stay of discovery should be lifted in part to allow the parties to pursue third-party discovery. There are several entities that are not parties to this action but possess critical evidence that goes to the heart of Plaintiffs' claims here. For instance, Plaintiffs intend to pursue discovery from Baker Tilly, the accounting firm that drafted a report regarding the quality of Alchemy's earnings, which Virgo then directed Baker Tilly to change. Plaintiffs also intend to seek discovery from Calrissian and Nu Image (which previously owned Alchemy) and other parties involved in the transaction.[4] SunTrust's reasons for requesting the stay are no longer valid for several reasons.

*First*, SunTrust's argument that Plaintiffs would seek broad and burdensome discovery is no longer applicable because Plaintiffs are only seeking permission to proceed with third-party discovery, not discovery from SunTrust. The burden on SunTrust would be minimal and limited to receiving the requests served by Plaintiffs and the responses from the third parties. The burden of third-party discovery does not outweigh the benefits at this point in the case given the risk of documents being lost or deleted as time goes by. In any event, SunTrust cannot object to third-party discovery on the ground that it would create a burden, because Rule 26(c) only permits a "party or any person from whom discovery is sought" to seek a protective order limiting discovery. *See US Bank Nat. Ass'n v. PHL Variable Ins. Co.*, 2012 WL 5395249, at *2-3 (S.D.N.Y. Nov. 5, 2012) ("A party lacks standing to challenge, on grounds of relevance or burden, a subpoena served on a non-party.").

*Second*, circumstances have changed significantly since the Court granted SunTrust's motion for a stay on July 29, 2020. ECF No. 33. For example, in Defendants' pre-motion letter, SunTrust represented that it intended "to pursue discovery in the Guaranty Action and further intends to share that discovery with Plaintiffs."[5] ECF No. 25 at 5. SunTrust argued that because it would provide Plaintiffs with the discovery from Calrissian and Virgo Service Company LLC, Plaintiffs would suffer no prejudice if discovery in this action were stayed. However, it is now clear that no discovery will occur in the Guaranty Action because a default judgment was entered against both defendants without any discovery taking place.[6] Thus, Plaintiffs have not and will not receive discovery from the Guaranty Action.

*Third*, now that nearly two years have passed since the Court stayed discovery, the risk that evidence related to the 2014 and 2015 transactions will be lost or become stale is increasing. Documents may be destroyed since third parties are not obligated to preserve them, and witnesses' memories will continue to fade, making their testimony less helpful in resolving this action. The cases relied on by SunTrust in its 2020 motion to stay discovery contemplated brief stays of discovery, not the **two years** being approached in this action. *See, e.g.*, *Spencer Trask Software &*

---

[4] At this time, Plaintiffs do not need to seek discovery in this action from Virgo, because Virgo is already obligated to preserve relevant documents based on its litigation with Plaintiffs in other forums.

[5] The "Guaranty Action" refers to SunTrust's separate action against Calrissian and a single Virgo entity for breach of the Guaranty. *See SunTrust v. Calrissian, et al.*, Index No. 654148/2016 (N.Y. Sup. Ct.).

[6] *See* Guaranty Action docket at NYSCEF No. 86.

*Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) ("Good cause may be shown where a party has filed a dispositive motion, **the stay is for a short period of time**, and the opposing party will not be prejudiced by the stay.") (emphasis added); *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) ("the stay requested by Defendant will likely delay the commencement of discovery for **only a few months**") (emphasis added).

*Fourth*, SunTrust's arguments as to its likelihood of succeeding on the merits of its motion to dismiss have been weakened since discovery was stayed. As Plaintiffs previously informed the Court (ECF No. 57), the New York Supreme Court issued an order on February 9, 2022 dismissing an action brought by the Plaintiffs against Virgo, holding that SunTrust was contractually required to bring suit against Virgo following a request to do so by Plaintiffs. This interpretation of the Credit Agreement—the same contract at issue in this action—refutes the interpretation forming the basis of SunTrust's pending motion to dismiss (ECF No. 36).

\*\*\*

On April 7, 2022, counsel for Plaintiffs informed SunTrust's counsel that Plaintiffs intended to ask the Court to permit third-party discovery and inquired as to SunTrust's availability to meet and confer regarding the request. On April 28, 2022, SunTrust's counsel informed Plaintiffs' counsel that SunTrust would not join Plaintiffs' request to the Court.

This action was filed in March 2020, and discovery has yet to commence. At this point, the stay should be lifted for the limited purpose of allowing third-party discovery to proceed while the Court continues to evaluate the pending motions to dismiss.

Respectfully submitted,


*/s/ Corey Worcester*
Corey Worcester

07601-00001/13357814.7