# KING & SPALDING

1185 Avenue of the Americas
New York, NY 10036
www.kslaw.com

**Peter Isajiw**
Partner
Tel:  +1 212 556 2235
Fax:  +1 212 556 2222
pisajiw@kslaw.com

May 18, 2022

**VIA ECF**

The Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 705
New York, NY 10007

Re:     *Emigrant Bank and Pacific Mercantile Bank v. SunTrust Bank, et al.*, No. 1:20-cv-
        02391 (S.D.N.Y.): Response to May 13, 2022 Letter from Plaintiffs (ECF 60)

Dear Judge Gardephe:

We represent Defendants SunTrust Bank and Truist Bank (collectively, "SunTrust") in the captioned matter.  We write in response to Plaintiffs' letter dated May 13, 2022 (ECF 60), which prematurely requests that this Court modify its order (ECF 33) staying discovery to permit the parties to engage in third-party discovery.  There is no reason for the Court to reconsider its decision to stay discovery in this case pending the resolution of SunTrust's motion to dismiss (ECF 35 & 51).

First, Plaintiffs do not (and could not) cite any controlling decisions that would undermine the strength of SunTrust's motion to dismiss.  *See Magee v. Walt Disney Co.*, No. 1:19-cv-10274, 2020 WL 8815489, at *1 (S.D.N.Y. June 10, 2020) (finding "stay of discovery is appropriate" where "[d]efendants have raised viable grounds for dismissing the Complaint").  Plaintiffs again try to twist their defeat in their state-court case against Virgo Investment Group and its affiliates ("Virgo") into a victory here by claiming that the ruling there effectively defeats SunTrust's arguments.  But for the reasons set forth in SunTrust's March 1, 2022 letter to the Court (ECF 58), Plaintiffs are wrong.  Moreover, the Supreme Court made clear in its order granting Virgo's motion to dismiss that it was dismissing Plaintiffs' claims without prejudice because it contemplated the possibility of SunTrust succeeding on its motion to dismiss, and Plaintiffs having to return to state court as a result.  The New York court did not, and did not intend to, reject the arguments SunTrust makes in its motion to dismiss here, which were neither presented to nor considered by that court.

Second, the Court's order staying discovery (ECF 33) correctly balances the interests of the parties, third parties, and the Court under the circumstances, including the strong showing SunTrust made that its motion to dismiss should dispose of all of Plaintiffs' claims.  (*See* ECF 36, 40, 52, 55.)  The breadth of proposed third-party discovery in Plaintiffs' proposal—and the third parties Plaintiffs have identified—demonstrates the wisdom of the decision to impose a discovery stay.  *See, e.g.*, *Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 84 (S.D.N.Y. 2020) (ordering stay of discovery and noting that the burden of the "discovery sought . . . is all the more troubling," as it would require "obtaining discovery from third parties"); *Miller v. Brightstar Asia, Ltd.*, No. 20-

Hon. Paul G. Gardephe
May 18, 2022
Page 2

cv-4849, 2020 WL 7483945, at *5 (S.D.N.Y. Dec. 21, 2020) (ordering stay of discovery, in part, due to anticipated third-party discovery).  While Plaintiffs assert that they "are only seeking permission to proceed with third-party discovery" (ECF 60, at 3), they fail to acknowledge that third-party discovery is likely to be the vast majority of discovery that Plaintiffs take in this case. Plaintiffs' requested modification of the stay would thus effectively abrogate it.

Third, the passage of time supports maintaining the *status quo*.  The decision to stay discovery was sound.  Without the stay of discovery, SunTrust and third parties would have wasted considerable time and expense as the targets of discovery into baseless claims over the last year and a half while a potentially dispositive motion was pending.  Lifting the stay now would undermine its very purpose and benefits.

Finally, Plaintiffs assert that they need to conduct certain third-party discovery now to avoid evidence from becoming lost, but they admit that they "do not need to seek" discovery from third party Virgo "because Virgo is already obligated to preserve relevant documents based on its litigation with Plaintiffs in other forums."  (ECF 60, at 3 n.4.)  Plaintiffs do not need to seek discovery from the other third parties in order to have them preserve documents at this time. Nothing prevents Plaintiffs from issuing document hold notices to the other third parties to ensure that third parties preserve potentially relevant evidence.  But SunTrust opposes lifting the discovery stay to allow subpoenas for documents, document productions, depositions, and the inevitable disputes about each, and incurring the costs of engaging in third-party discovery that will have been unnecessary when the Court grants the pending motions to dismiss.

In sum, the Court should deny Plaintiffs' request to lift the stay of discovery.  The stay correctly recognizes the unnecessary burdens that authorizing discovery in this case would impose on the parties, third-party recipients of discovery demands, and the Court.

Respectfully submitted,

/s/ Peter Isajiw
Peter Isajiw

cc:   All counsel via ECF