**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7471**

WRITER'S EMAIL ADDRESS
**coreyworcester@quinnemanuel.com**

January 3, 2023

<u>VIA ECF</u>

The Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 2204
New York, NY 10007

Re: *Emigrant Bank and Pacific Mercantile Bank v. SunTrust Bank, et al.*, No. 1:20-cv-02391: <u>Notice of Relevant Decision in Related Matter</u>

Dear Judge Gardephe:

  We represent Plaintiffs Emigrant Bank ("Emigrant") and Pacific Mercantile Bank ("PMB" and, together with Emigrant, "Plaintiffs") in the above-captioned matter. We write to inform the Court of the recent Decision and Order of the New York State Supreme Court Appellate Division, First Department (the "First Department") in a related matter, *Emigrant Bank and Pacific Mercantile Bank v. Virgo Investment Group LLC, et al.*, Appellate Case No. 2022/01504 (the "Virgo Action"), that is relevant to the pending motions to dismiss of Defendants SunTrust Bank and Truist Bank (together, "SunTrust") in this action. A copy of the First Department's Decision and Order is attached as **Exhibit A** to this letter.

  Specifically, the First Department affirmed the New York Supreme Court Commercial Division's dismissal of the Virgo Action. The underlying facts of the Virgo Action and rationale for the Supreme Court's prior dismissal are set forth more fully in Plaintiffs' February 25, 2022 Letter to the Court regarding that Decision. ECF No. 57 (the "February 25 Letter"). As discussed in the February 25 Letter, the Supreme Court dismissed the Virgo Action because it determined that Section 8.1 of the Amended Credit Agreement (ECF No. 1-3) granted SunTrust, as Administrative Agent for the Lenders under the agreement, the exclusive authority to bring any action in law or equity in an Event of Default and required SunTrust to bring an action against Virgo upon the request of Plaintiffs. As explained in the February 25 Letter, this determination contradicted SunTrust's position in its motions to dismiss. *See* February 25 Letter at 1.

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON | SALT LAKE CITY
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

On December 15, 2022, the First Department affirmed the New York Supreme Court's dismissal of the Virgo Action. The First Department agreed with the Supreme Court's opinion that Section 8.1 of the Amended Credit Agreement granted SunTrust the exclusive authority to bring any actions in an Event of Default, including tort claims against a non-party to the Agreement such as defendants in the Virgo Action. Ex. A at 2 ("plaintiffs lack standing to bring the instant tort claims against defendants, because Section 8.1 of the Loan Agreement broadly conferred the Administrative Agent with the power to 'exercise any . . . remedies available at law or in equity' in an Event of Default.") (alterations in original).[1] The First Department also left undisturbed the Supreme Court's opinion that SunTrust was required to bring an action against Virgo on the request of Plaintiffs. The First Department's decision therefore supports Plaintiffs' arguments, and contradicts SunTrust's arguments, with respect to SunTrust's motions to dismiss for the same reasons set forth in the February 25 Letter. *See* February 25 Letter at 3.

Further, the First Department's decision contradicts several arguments raised by SunTrust in its March 1, 2022 response to the February 25 Letter. *See* ECF No. 58 ("SunTrust's March 1 Response").

***First***, SunTrust argued that its position in this case is consistent with the Supreme Court's order because Section 8.1 requires notice to the Borrower, and "[l]awsuits against third parties cannot be accomplished 'by notice [to] the Borrower.'" SunTrust's March 1 Response at 1. This argument is undermined by the First Department's holding that "Section 8.1 of the Loan Agreement broadly conferred the Administrative Agent with the power to 'exercise *any* . . . remedies available at law or in equity' in an Event of Default." Ex. A at 2 (alterations in original, emphasis added). The First Department did not find any limitation on SunTrust's duty imposed by Section 8.1's notice requirement. Indeed, the First Department expressly held that other provisions of the Agreement did not limit SunTrust's obligation to bring actions against third parties to the Agreement. *See, e.g.,* Ex. A at 2 (Section 9.13); *id.* at 2-3 (Section 10.2(a)).

***Second***, SunTrust criticized Plaintiffs for failing to inform the Supreme Court that Plaintiffs "never demanded that SunTrust bring *any* fraud or non-contractual claims against Virgo." SunTrust's March 1 Response at 2 (emphasis in original). A copy of the transcript from the November 2, 2022 oral argument before the First Department in the Virgo Action is attached to this letter as **Exhibit B**. As the Court will observe, Plaintiffs expressly raised at oral argument the distinction between the claims in issue here that SunTrust has refused to bring and the fraud and other non-contractual claims that Plaintiffs brought in the Virgo Action. Ex. B at 25:13-26:25. Nonetheless, the First Department affirmed that SunTrust had the exclusive authority to bring *all* contractual and non-contractual claims in an Event of Default. Ex. A at 2.

For the reasons set forth above and in the February 25 Letter, the First Department's decision to affirm the dismissal of the Virgo Action contradicts SunTrust's position in this case and is strong authority in favor of denying SunTrust's pending motions to dismiss (ECF Nos. 36, 52). Furthermore, inconsistent judgments in this action and the Virgo Action could leave Plaintiffs

---

[1] Plaintiffs are considering whether they will appeal from the Decision and Order of the First Department. Plaintiffs will keep the Court apprised of the status of any future appeals in the Virgo Action.

without an effective remedy.  Therefore, Plaintiffs respectfully request that the Court consider the First Department's Decision and Order in deciding SunTrust's pending motions.

Respectfully submitted,

*/s/ Corey Worcester*
Corey Worcester

cc:     All counsel via ECF