quinn emanuel trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7471**

WRITER'S EMAIL ADDRESS
**coreyworcester@quinnemanuel.com**

January 26, 2023

<u>VIA ECF</u>

The Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 2204
New York, NY 10007

Re:   *Emigrant Bank and Pacific Mercantile Bank v. SunTrust Bank, et al.*, No. 1:20-cv-02391:
<u>Letter re: Notice of Relevant Decision in Related Matter</u>

Dear Judge Gardephe:

  We write on behalf of Plaintiffs Emigrant Bank and Pacific Mercantile Bank (collectively, "Plaintiffs") in response to a material misstatement in the letter submitted by Defendants SunTrust Bank and Truist Bank ("SunTrust") on January 17, 2023 (ECF No. 63, "SunTrust's Letter"), in response to a letter submitted by Plaintiffs on January 3, 2023 (ECF No. 62, "Plaintiffs' Letter").[1]

  Plaintiff's Letter informed the Court that "[t]he First Department . . . left undisturbed the Supreme Court's opinion that SunTrust was required to bring an action against Virgo on the request of Plaintiffs." Plaintiffs' Letter at 2. SunTrust wrote that this was a "complete fabrication," "absolutely nothing in the order say[s] anything of the sort," and neither the Supreme Court nor the First Department held that SunTrust was required to bring an action against Virgo on the demand of the Required Lenders. SunTrust's Letter at 1.

  SunTrust is wrong. In its decision, the Supreme Court *expressly* held that if Plaintiffs, as Required Lenders, "directed the Administrative Agent [SunTrust] to bring suit, the Administrative Agent (*Beal Sav. Bank v. Sommer,* 8 NY3d 318 [2007]) ***was required to bring a lawsuit in respect of the loan and any claims arising out of the loan if Required Lenders sent them written notice.***" ECF No. 57-1 at 1 (emphasis added). The Supreme Court emphasized: "***[T]he fact is that the***

---

[1]   Capitalized terms not defined herein have the meanings attributed to them in the January 3 and January 17 Letters.

quinn emanuel urquhart & sullivan, llp
LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON | SALT LAKE CITY
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

***Administrative Agent must bring claims against the Virgo entities***." *Id.* (emphasis added).  The Supreme Court further held:

> The Amended Loan Agreement expressly provides that ***the Authorized Agent was required to act on behalf of the Lenders when requested by the Lenders holding more than 50% of the aggregate outstanding revolving commitments and term loans*** . . . the Individual Lenders lack standing to bring claims premised on a loan transaction where ***they have delegated the Authorized Agent to do so on behalf of all of the Lenders when the Required Lenders authorize and direct the same***.

*Id.* at 4 (emphasis added).  The First Department's decision did not disturb this holding.  *See generally* ECF No. 62-1.

Plaintiffs appreciate the Court's attention to this matter.

Respectfully submitted,

*/s/ Corey Worcester*
Corey Worcester

cc:  All counsel via ECF