## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

EMIGRANT BANK, and PACIFIC
MERCANTILE BANK,

                Plaintiffs,

vs.

SUNTRUST BANK, TRUIST BANK, and DOES
1 THROUGH 10, Inclusive,

                Defendants.

Civil Action No. 1:20-CV-02391-PGG

## SUNTRUST BANK AND TRUIST BANK'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants SunTrust Bank and Truist Bank (collectively, "Defendants"), by and through their attorneys, hereby submit this Answer with Affirmative Defenses and Counterclaims to the First Amended Complaint of Plaintiffs, Emigrant Bank ("Emigrant") and Pacific Mercantile Bank ("PMB," and, collectively with Emigrant, "Plaintiffs"), dated September 27, 2021 (the "Complaint").

Defendants respond, allege, and aver as follows below on knowledge and otherwise on information and belief. Any statement or allegation not expressly admitted below is denied.

## ANSWER
## Nature of the Case[1]

1.      Defendants lack knowledge or information sufficient to admit or deny the first and second sentences of Paragraph 1. Defendants deny the third sentence of Paragraph 1.  Defendants

---

[1] The headings and subheadings appearing throughout the Complaint do not contain allegations to which a response is required and are repeated in this Answer solely for convenience. To the extent those portions of the Complaint contain any allegations to which a response is required, Defendants deny the allegations.

admit the fourth sentence of Paragraph 1.

2.      Defendants admit the first sentence of Paragraph 2. Defendants deny the second sentence of Paragraph 2, as the referenced Exhibit A is not a full and complete copy of the Credit Agreement. The third sentence of Paragraph 2 asserts a legal conclusion to which no response is required; to the extent a response is required, Defendants respectfully refer the Court to the Credit Agreement for its complete contents and otherwise deny the allegations in the third sentence of Paragraph 2.

3.      Defendants admit that a Guaranty and Security Agreement (the "Guaranty") was executed, dated September 4, 2020, but otherwise the first sentence of Paragraph 3 asserts a legal conclusion to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the Guaranty for its complete contents and otherwise deny the allegations in the first sentence of Paragraph 3 to the extent they mischaracterize the document. Defendants admit the second sentence of Paragraph 3. Defendants admit that SunTrust and Calrissian LP were parties to the Guaranty but otherwise deny the third sentence of Paragraph 3. Defendants lack sufficient knowledge to admit or deny the allegations in the fourth sentence of Paragraph 3 and therefore deny the fourth sentence of Paragraph 3. The fifth sentence of Paragraph 3 states a legal conclusion to which no response is required; to the extent a response is required, Defendants deny the allegations in the fifth sentence of Paragraph 3.

4.      Defendants admit that the Credit Agreement designated SunTrust as Administrative Agent on behalf of the Lenders, but otherwise deny the allegations in Paragraph 4.

5.      Defendants deny the allegations in the first sentence of Paragraph 5. Defendants admit that Emigrant and PMB together hold more than 50% of the aggregate outstanding revolving credit exposure and term loans, but further state that the second sentence of Paragraph 5 asserts

legal conclusions to which no response is required; to the extent a response is required, Defendants respectfully refer the Court to the Credit Agreement for its complete contents and otherwise deny the allegations in the second sentence of Paragraph 5.

6.      Defendants admit the first, second, and third sentences of Paragraph 6. Defendants deny the fourth and fifth sentences of Paragraph 6.

7.      Defendants admit the allegations in Paragraph 7.

8.      Defendants admit the first sentence of Paragraph 8. Defendants deny the second sentence of Paragraph 8.

9.      Defendants admit that Calrissian filed a petition under Chapter 11 of Title 11 of the United States Code in the Bankruptcy Court for District of Delaware, under the caption *In re Calrissian LP*, Case No. 17-10356-KG, but otherwise deny the allegations in the first sentence of Paragraph 9 as the petition was filed on February 15, 2017. Defendants admit the second and third sentences of Paragraph 9.

10.     Defendants admit that on December 13, 2019, Plaintiffs sent a letter to SunTrust, the contents of which speak for themselves, but otherwise deny the first and third sentences of Paragraph 10. The second sentence of Paragraph 10 states legal conclusions to which no response is required; to the extent a response is required, Defendants deny the second sentence of Paragraph 10.

11.     Defendants deny the allegations in Paragraph 11.

12.     The first and third sentences of Paragraph 12 state legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations in the first and third sentences of Paragraph 12. Defendants deny the second and fourth sentences of Paragraph 12.

13.     Defendants admit that the Credit Agreement contains a Section 8.1 regarding Events of Default, but Defendants respectfully refer the Court to the Credit Agreement for its complete contents and otherwise deny the allegations in the first sentence of Paragraph 13. The second and third sentences of Paragraph 13 state legal conclusions to which no response is required; to the extent a response is required, denied.

14.     Paragraph 14 states legal conclusions to which no response is required; to the extent a response is required, denied.

### Jurisdiction and Venue

15.     Paragraph 15 states legal conclusions to which no response is required; to the extent a response is required, Defendants admit Paragraph 15.

16.     Paragraph 16 states legal conclusions to which no response is required; to the extent a response is required, Defendants admit Paragraph 16.

17.     Paragraph 17 states legal conclusions to which no response is required; to the extent a response is required, denied.

18.     Paragraph 18 states a legal conclusion to which no response is required; to the extent a response is required, denied.

19.     Paragraph 19 states legal conclusions to which no response is required; to the extent a response is required, denied.

### The Parties

20.     Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 20.

21.     Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 21.

22.     Defendants deny the allegations in Paragraph 22. SunTrust Bank ceased its

4

independent existence in 2019.

23.     Defendants deny the allegations in Paragraph 23.

24.     Defendants deny the allegations in Paragraph 24.

**Factual Background**

25.     Defendants lack knowledge or information sufficient to admit or deny the

allegations in Paragraph 25.

26.     Defendants admit that Our Alchemy, LLC ("Alchemy") was an independent film

and video distribution company previously called Millennium Entertainment, LLC, but lack

knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 26.

**Virgo, Acting through Calrissian, Purchases Alchemy**

27.     Defendants deny the allegations in Paragraph 27.

28.     Defendants lack knowledge or information sufficient to admit or deny the first and

third sentences of Paragraph 28. The second sentence of Paragraph 28 purports to reference a

report, the contents of which speak for themselves; to the extent a response is required, Defendants

deny the allegations in the second sentence of Paragraph 28 to the extent they mischaracterize the

document referenced. Defendants lack information sufficient to admit or deny the allegations in

the third sentence of Paragraph 28.

29.     Defendants lack knowledge or information sufficient to admit or deny the

allegations in Paragraph 29.

30.     Defendants lack knowledge or information sufficient to admit or deny the

allegations in Paragraph 30.

31.     The first sentence of Paragraph 31 purports to reference an agreement; to the extent

a response is required, Defendants respectfully refer the Court to the agreement for its complete

contents and otherwise deny the allegations in the first sentence of Paragraph 31. Defendants lack

knowledge or information sufficient to admit or deny the allegations in the second sentence of Paragraph 31.

**SunTrust Agrees to the 2014 Credit Agreement and the Guaranty**

32.     Defendants admit that SunTrust entered a Revolving Credit and Term Loan Agreement dated September 4, 2014, as a lender and Administrative Agent, but otherwise deny the allegations in the first sentence of Paragraph 32. Defendants deny the second sentence of Paragraph 32, as the referenced Exhibit C is not a full and complete copy of the 2014 Credit Agreement. The third and fourth sentences of Paragraph 32 assert legal conclusions, to which no response is required.

33.     The allegations in the first sentence of Paragraph 33 purport to characterize the Guaranty, to which Defendants respectfully refer the Court for its complete contents; Defendants admit that the quoted text is included in the Guaranty but lack information sufficient to admit or deny the remainder of the first sentence of Paragraph 33. Defendants admit that SunTrust executed the Guaranty as Administrative Agent but otherwise deny the allegations in the second sentence of Paragraph 33.

34.     The first sentence of Paragraph 34 states a legal conclusion to which no response is required; to the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations in the first sentence of Paragraph 34. The second sentence of Paragraph 34 refers to and purports to characterize the Guaranty; to the extent a response is required, Defendants respectfully refer the Court to the Guaranty for its complete contents and otherwise deny the allegations in the second sentence of Paragraph 34 to the extent that the allegations mischaracterize the Guaranty.

35.     Paragraph 35 states legal conclusions to which no response is required; to the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the

allegations in Paragraph 35.

**Virgo's Guaranteed Obligations to the Lenders**

36.     The first sentence of Paragraph 36 states a legal conclusion to which no response is required; to the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations in the first sentence of Paragraph 36. The second sentence of Paragraph 36 purports to characterize the Guaranty; to the extent a response is required, Defendants respectfully refer the Court to the Guaranty for its complete contents and otherwise deny the allegations in the second sentence of Paragraph 36 to the extent they mischaracterize the document.

37.     Paragraph 37 states legal conclusions to which no response is required; to the extent a response is required, Paragraph 37 purports to refer to the Guaranty, to which Defendants respectfully refer the Court for its complete contents and otherwise deny the allegations in Paragraph 37.

38.     Paragraph 38 states legal conclusions to which no response is required; to the extent a response is required, the allegations in Paragraph 38 purport to refer to the Guaranty, to which Defendants respectfully refer the Court for its complete contents and otherwise deny the allegations in Paragraph 38.

39.     Paragraph 39 states legal conclusions to which no response is required; to the extent a response is required, the allegations in Paragraph 39 purport to refer to the Guaranty, to which Defendants respectfully refer the Court for its complete contents and otherwise lack knowledge or information sufficient to admit or deny the allegations in Paragraph 39.

40.     The first sentence of Paragraph 40 states a legal conclusion to which no response is required; to the extent a response is required, the allegations in the first sentence of Paragraph 40 purport to refer to the Guaranty, to which Defendants respectfully refer the Court for its

complete contents and otherwise deny the allegations in the first sentence of Paragraph 40 to the extent they mischaracterize the document. Defendants lack knowledge or information sufficient to admit or deny the allegations in the second sentence of Paragraph 40.

**Virgo Immediately Siphons $14.5 Million from Alchemy, Crippling Its Finances**

41.     Defendants admit that Alchemy drew $14,539,123.65 from the credit facilities following the closing of the 2014 Credit Agreement dated September 4, 2014, but otherwise lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 41.

42.     Defendants admit that on September 17, 2014, Calrissian made a transfer of $7,110,756.29 to Virgo Onshore, and a transfer of $7,411,931.38 to Virgo Offshore, totaling $14,522,687.67, but otherwise lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 42.

43.     Defendants admit that Alchemy's debt increased to more than $31 million and that Alchemy later suffered from substantial liquidity and cash flow problems, but otherwise lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 43.

44.     Defendants admit that on March 31, 2015, Alchemy transferred $3,051,945.21, which included accrued interest, to Calrissian to pay off a January 21, 2015 Note executed in favor of Calrissian, and that on March 31, 2015, Calrissian made a $1,494,326.60 transfer to Virgo Onshore and a $1,557,618.60 transfer to Virgo Offshore, totaling $3,051,945.20; Defendants otherwise lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 44.

**Alchemy's Financial Performance Is Inflated by a "Channel-Stuffing" Scheme**

45.     Defendants lack knowledge or information sufficient to admit or deny the first and third sentences of Paragraph 45. The second sentence of Paragraph 45 states a legal conclusion to which no response is required; to the extent a response is required, Defendants lack knowledge or

information sufficient to admit or deny the second sentence of Paragraph 45.

46.     Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 46.

47.     Paragraph 47 states a legal conclusion to which no response is required; to the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 47.

48.     Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 48.

**Virgo Causes Alchemy to Purchase Distressed ANConnect Assets**

49.     Defendants admit that Alchemy considered a potential acquisition around January 2015 and pursued the ANConnect transaction, but otherwise lack knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 49.

50.     Defendants admit the first and fourth sentences of Paragraph 50. Defendants deny the second sentence of Paragraph 50. The third sentence of Paragraph 50 states a legal conclusion to which no response is required; to the extent a response is required, Defendants admit that Alchemy assumed certain liabilities but otherwise deny the remaining allegations in the third sentence of Paragraph 50.

51.     Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 51.

52.     Defendants lack knowledge or information sufficient to admit or deny the allegations in the first, second, and third sentences of Paragraph 52. Defendants admit that the quoted text in the fourth sentence of Paragraph 52 appears in a document but otherwise lack information sufficient to admit or deny the remaining allegations in the fourth sentence of Paragraph 52.

9

53.     Defendants admit that Alchemy experienced cash flow problems after the referenced deal closed, but otherwise lack knowledge or information sufficient to admit or deny the remaining allegations in the first sentence of Paragraph 53. Defendants admit that in the months following the closing, creditors of ANConnect were contacting Alchemy to demand payment and that Alchemy ultimately became unable to meet its obligations as they became due, but otherwise deny the remaining allegations in the second sentence of Paragraph 53.

54.     Defendants admit that Perez did not disclose the concerns about Alchemy's liquidity issues and lack of working capital to SunTrust, but otherwise lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 54.

**Plaintiffs Amend the Credit Agreement with SunTrust and Alchemy**

55.     Defendants admit Paragraph 55.

56.     Defendants admit the first and second sentences of Paragraph 56. Defendants further admit that Emigrant agreed to join the existing Lenders as a Lender under the Credit Agreement, but otherwise deny the remaining allegations in the third sentence of Paragraph 56.

57.     Defendants admit that, following the Term Loan Joinder Agreement, the Lenders in the Credit Agreement were SunTrust, Emigrant, PMB, and Preferred, but otherwise deny the remaining allegations in Paragraph 57.

58.     Defendants admit Paragraph 58.

59.     Defendants deny the first sentence of Paragraph 59. Defendants lack knowledge or information sufficient to admit or deny the allegations in the second and fourth sentences of Paragraph 59. Defendants admit that on July 10, 2015, Alchemy transferred $3,033,534.25 (which included accrued interest) to Calrissian to pay off a May 21, 2015 Note. Defendants deny that $10,181,733.54 was transferred from Alchemy to Virgo's affiliate on July 23, 2015, but lack

knowledge or information sufficient to admit or deny the remaining allegations in the third sentence of Paragraph 59.

60.     Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 60.

61.     Defendants admit that on December 23, 2015, Alchemy transferred $2,000,000 to OA Investment Partners, LLC, but otherwise lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 61.

**SunTrust Accelerates the Guaranteed Obligations**

*Reservation of Rights – Letter No. 1*

62.     Defendants admit that on January 19, 2016, SunTrust sent Alchemy a Reservation of Rights Letter that, among other things, notified Alchemy of the occurrence and continuation of certain Events of Default under the Credit Agreement, but otherwise deny the remaining allegations in Paragraph 62 to the extent Paragraph 62 omits the complete contents of the letter.

63.     Defendants admit that the letter identified Events of Default under Section 8.1(a) and Section 8.1(d) of the Credit Agreement but lack knowledge as to all Events of Default that may have occurred by the date of the letter.

64.     Defendants deny the allegations in Paragraph 64, as they mischaracterize the contents of the letter.

*Reservation of Rights – Letter No. 2*

65.     Defendants admit that on March 3, 2016, SunTrust sent Alchemy a Reservation of Rights Letter that, among other things, notified Alchemy of the occurrence and continuation of certain Events of Default under the Credit Agreement, but otherwise deny the remaining allegations in Paragraph 65 to the extent Paragraph 65 omits the complete contents of the letter.

66.     Defendants deny the allegations in Paragraph 66, as they mischaracterize the

contents of the letter.

***The Forbearance Agreement***

67.     Defendants admit that Alchemy, Calrissian, Anderson Digital, LLC, SunTrust (as Administrative Agent and as a Lender), and the remaining Lenders executed a Forbearance Agreement dated as of April 20, 2016, but lack knowledge or information sufficient to admit or deny the remaining allegations in the first sentence of Paragraph 67. Defendants admit the allegations in the second sentence of Paragraph 67. Defendants admit that Alchemy requested that the Lenders forbear from pursuing certain remedies, but otherwise deny the allegations in the third sentence of Paragraph 67.

68.     The allegations in Paragraph 68 constitute legal conclusions to which no response is required.

***Reservation of Rights – Letter No. 3***

69.     Defendants admit that on May 5, 2016, SunTrust sent Alchemy a Reservation of Rights Letter that, among other things, notified Alchemy of the occurrence and continuation of certain Termination Events under the Forbearance Agreement, but otherwise deny the remaining allegations in Paragraph 69 to the extent Paragraph 69 omits the complete contents of the letter.

70.     Defendants deny the allegations of Paragraph 70, as they mischaracterize the contents of the letter.

***Reservation of Rights – Letter No. 4***

71.     Defendants admit that on May 18, 2016, SunTrust sent Alchemy a Reservation of Rights Letter and that the letter, among other things, stated that "(i) the Forbearance Period (as defined in the Forbearance Agreement) has terminated, (ii) certain of the Existing Defaults (as defined in the Forbearance Agreement) are continuing, (iii) certain of the Anticipated Events of Default (as defined in the Forbearance Agreement) are now Events of Default, and (iv) the

Administrative Agent ( on behalf of the Lenders) is entitled to exercise any and all of its rights and remedies available under the Fundamental Documents and applicable law"; but Defendants otherwise deny the allegations in Paragraph 71 to the extent Paragraph 71 omits the complete contents of the letter.

72.     Defendants deny the allegations of Paragraph 72, as they mischaracterize the contents of the letter.

***Notice of Debt Acceleration***

73.     Defendants admit that, on June 15, 2016, SunTrust sent a Notice of Acceleration of Debt to Alchemy, Calrissian, and Anderson Digital, LLC, but otherwise deny the allegations in the first sentence of Paragraph 73. Defendants admit the second sentence of Paragraph 73. Defendants admit that in the letter, SunTrust stated that "Borrower has not cured one or more such Events of Default or Existing Defaults," but otherwise deny the allegations contained in the third sentence of Paragraph 73. Defendants deny the allegations in the fourth sentence of Paragraph 73, except they admit that, in the letter, SunTrust stated, among other things, that "[]in accordance with Section 8.1 of the Credit Agreement and Section 7.5 of the Guaranty and Security Agreement, the Administrative Agent (on behalf of itself and the Lenders) hereby (i) terminates the Commitments, (ii) declares the principal of and any accrued interest on the Loans currently outstanding, and all other Obligations owing under the Credit Agreement, to be due and payable immediately and accelerated, (iii) notifies the Borrower and each Guarantor that, as a result of such acceleration, pursuant to Section 2. 1 2(b) of the Credit Agreement, interest continues to accrue, from December 31, 2015, at the Default Interest rate, as provided in the Forbearance Agreement, and (iv) demands immediate payment of all amounts described in clauses (ii) and (iii) above, and any other amounts lawfully due and payable under the terms of the Fundamental Documents, including, without limitation, all out-of-pocket costs and expenses (including, without

limitation, the reasonable fees, charges and disbursements of outside counsel and the allocated cost of inside counsel) incurred by the Administrative Agent or any Lender in connection with the enforcement or protection of its rights in connection with the Credit Agreement."

74.    Paragraph 74 asserts a legal conclusion to which no response is required; to the extent a response is required, Defendants deny Paragraph 74.

**Alchemy Files for Chapter 7 Relief and Triggers an Additional Event of Default**

75.    Defendants admit that, on July 1, 2016, Alchemy initiated the Alchemy Bankruptcy, but otherwise lack knowledge or information sufficient to admit or deny the remaining allegations in the first sentence of Paragraph 75. The second sentence of Paragraph 75 states a legal conclusion to which no response is required. Defendants admit the third sentence of Paragraph 75.

**Virgo Fails to Honor the Guaranty**

76.    The first sentence of Paragraph 76 states a legal conclusion to which no response is required. Defendants admit the second sentence of Paragraph 76.

77.    Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 77.

78.    Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 78.

79.    Paragraph 79 states a legal conclusion to which no response is required; to the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 79.

80.    The first sentence of Paragraph 80 states a legal conclusion to which no response is required; to the extent a response is required, Defendants admit that SunTrust had a valid and enforceable contractual relationship with Calrissian under the Guaranty, but otherwise lack

knowledge or information sufficient to admit or deny the allegations regarding Virgo in the first sentence of Paragraph 80. The second sentence of Paragraph 80 states a legal conclusion to which no response is required; to the extent a response is required, Defendants admit the second sentence of Paragraph 80. The third sentence of Paragraph 80 states a legal conclusion to which no response is required; to the extent a response is required, Defendants admit that Calrissian breached the Guaranty, but otherwise lack knowledge or information sufficient to admit or deny the allegations regarding Virgo in the third sentence of Paragraph 80. The fourth, fifth, sixth, and seventh sentences of Paragraph 80 state legal conclusions to which no response is required; to the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 80.

81.     Paragraph 81 states a legal conclusion to which no response is required; to the extent a response is required, Defendants admit that the Credit Agreement defines Events of Default and establishes certain rights of the Required Lenders, but otherwise deny the remaining allegations in Paragraph 81.

82.     Paragraph 82 states legal conclusions to which no response is required; to the extent a response is required, Defendants admit the allegations in Paragraph 82.

83.     Defendants admit that SunTrust engaged Hemming Morse, LLP, but otherwise deny the remaining allegations in Paragraph 83.

84.     Defendants deny that Emigrant and PMB had authority as Required Lenders to demand SunTrust's work product, but otherwise admit the remaining allegations in Paragraph 84.

85.     Defendants deny the allegations in Paragraph 85.

86.     Defendants admit that Emigrant and PMB asked SunTrust to pursue legal claims against Virgo, including a claim for breach of the Guaranty as the principal and/or alter ego of

Calrissian, but deny that Emigrant and PMB ever explained the facts they believed would support such claims and otherwise deny the remaining allegations in Paragraph 86.

87.     The first sentence of Paragraph 87 states legal conclusions to which no response is required; to the extent a response is required, Defendants admit that on December 13, 2019, Emigrant and PMB sent a letter to SunTrust, to which Defendants refer the Court for its complete contents and otherwise deny the remaining allegations in the first sentence of Paragraph 87. Defendants admit the second sentence of Paragraph 87.

88.     The first sentence of Paragraph 88 states legal conclusions to which no response is required; to the extent a response is required, Defendants admit that Emigrant and PMB asked SunTrust to pursue claims against Virgo, including a claim for breach of the Guaranty as the principal and/or alter ego of Calrissian, but deny that Emigrant and PMB ever explained the facts they believed would support such claims and otherwise deny the remaining allegations in the first sentence of Paragraph 88. The second sentence of Paragraph 88 states legal conclusions to which no response is required; to the extent a response is required, Defendants admit that SunTrust can bring suit against parties to the Guaranty. With regard to the third sentence of Paragraph 88, Defendants admit that Emigrant and PMB further requested that SunTrust retain Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") to file and prosecute the lawsuit, but deny that this is the only request Emigrant and PMB made with respect to Quinn Emanuel and otherwise deny the remaining allegations in the third sentence of Paragraph 88. Defendants admit that Emigrant and PMB presented a proposal for litigation costs, but deny the remainder of the allegations in the fourth sentence of Paragraph 88 to the extent that they do not fairly represent such proposal.

89.     Defendants admit that Emigrant and PMB wrote again to SunTrust on December 19, 2019, but otherwise deny that the allegations in Paragraph 89 fairly characterize the parties'

correspondence.

90.     Defendants admit the first sentence of Paragraph 90. Defendants deny the second sentence of Paragraph 90.

91.     Defendants admit that Emigrant and PMB sent a letter to SunTrust dated January 9, 2020, to which Defendants refer the Court for its complete contents but otherwise deny the allegations in Paragraph 91.

92.     Defendants deny the first sentence of Paragraph 92. Defendants admit that Plaintiffs filed a Complaint on March 18, 2020, but otherwise lack knowledge or information sufficient to admit or deny why Plaintiffs did so.

93.     Defendants admit that SunTrust sent a letter to the Lenders dated April 2, 2020, to which Defendants respectfully refer the Court for its complete contents and otherwise deny the first and second sentences of Paragraph 93 to the extent they mischaracterize the document. Defendants deny the third sentence of Paragraph 93.

94.     Defendants admit that Plaintiffs sent a letter to SunTrust dated April 9, 2020, to which Defendants refer the Court for its complete contents, and otherwise deny the remaining allegations in Paragraph 94.

95.     Defendants admit that SunTrust sent a letter to the Lenders dated December 16, 2020, to which Defendants refer the Court for its full contents, and otherwise deny the remaining allegations in the first sentence of Paragraph 95 to the extent they mischaracterize the document. Defendants deny the second sentence of Paragraph 95.

96.     Defendants admit that SunTrust sent a letter to the Lenders dated March 11, 2021, to which Defendants respectfully refer the Court for its full contents, and deny the first and fourth sentences of Paragraph 96 to the extent they mischaracterize the document. Defendants admit that

SunTrust informed the lenders in the March 11, 2021 letter about its receipt of distributions, but Defendants deny that SunTrust had any obligation to consult with the Lenders and otherwise deny the remaining allegations in the second sentence of Paragraph 96. Defendants admit that SunTrust first applied $955,854.47 toward reimbursing SunTrust for indemnified costs it incurred as Administrative Agent (including costs incurred in connection with the Guaranty Action, this action, and the bankruptcy proceedings), and distributed the remaining funds pro rata among the Lenders, but deny that SunTrust "paid itself" any amounts or otherwise improperly allocated the distribution from the Trustee and otherwise deny the remaining allegations in the third sentence of Paragraph 96.

97.     Defendants admit that SunTrust distributed $238,282.54 pro rata to the Lenders, but otherwise deny the remaining allegations in Paragraph 97.

98.     Defendants deny that SunTrust misappropriated any expenses, but admit that Plaintiffs requested further details about SunTrust's indemnification. Defendants admit that SunTrust responded to such requests by letter, to which Defendants respectfully refer the Court for its complete contents and otherwise deny the allegations in the second sentence of Paragraph 98. Defendants admit that Plaintiffs replied by letter, to which Defendant respectfully refer the Court for its complete contents but otherwise deny the remaining allegations in the third sentence of Paragraph 98. Defendants deny the fourth sentence of Paragraph 98.

99.     Defendants deny that SunTrust misappropriated any money. Defendants admit that SunTrust cited in its letters, without limitation and among other things, Sections 8.2 and 10.3 of the Credit Agreement. The remainder of the allegations in Paragraph 99 refer to and purport to characterize the Credit Agreement, to which Defendants respectfully refer the Court for its complete contents and otherwise deny the remainder of the allegations in Paragraph 99.

100.    Paragraph 100 states legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations in Paragraph 100 to the extent they mischaracterize the document.

101.    Paragraph 101 states legal conclusions to which no response is required; to the extent a response is required, denied.

**FIRST CLAIM FOR RELIEF**
**AGAINST SUNTRUST**
**(Breach of Contract – Credit Agreement)**

102.    No response is required to Paragraph 102, which purports to incorporate by reference the allegations of Paragraphs 1-101; to the extent a response is required, Defendants repeat, re-allege, and incorporate by reference their responses to Paragraphs 1-101.

103.    Paragraph 103 states a legal conclusion to which no response is required; to the extent a response is required, Defendants admit Paragraph 103.

104.    Paragraph 104 states legal conclusions to which no response is required; to the extent a response is required, denied.

105.    Paragraph 105 states legal conclusions to which no response is required; to the extent a response is required, denied.

106.    Paragraph 106 states legal conclusions to which no response is required; to the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations in the first sentence of Paragraph 106 and deny the second sentence of Paragraph 106.

107.    Paragraph 107 states legal conclusions to which no response is required; to the extent a response is required, denied.

108.    Paragraph 108 states legal conclusions to which no response is required; to the extent a response is required, denied.

**SECOND CLAIM FOR RELIEF**
**AGAINST SUNTRUST**
**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

109.   No response is required to Paragraph 109, which purports to incorporate by reference the allegations of Paragraphs 1-101 and 103-108; to the extent a response is required, Defendants repeat, re-allege, and incorporate by reference their responses to Paragraphs 1-101 and 103-108.

110.   Paragraph 110 states legal conclusions to which no response is required; to the extent a response is required, denied.

111.   Paragraph 111 states legal conclusions to which no response is required; to the extent a response is required, denied.

112.   Paragraph 112 states legal conclusions to which no response is required; to the extent a response is required, denied.

113.   Paragraph 113 states legal conclusions to which no response is required; to the extent a response is required, denied.

**THIRD CLAIM FOR RELIEF**
**AGAINST SUNTRUST**
**(Breach of Contract – Term Loan Joinder Agreement)**

114.   No response is required to Paragraph 114, which purports to incorporate by reference the allegations of Paragraphs 1-101, 103-108, and 110-113; to the extent a response is required, Defendants repeat, re-allege, and incorporate by reference their responses to Paragraphs 1-101, 103-108, and 110-113.

115.   Paragraph 115 states a legal conclusion to which no response is required; to the extent a response is required, Defendants admit Paragraph 115.

116.   Paragraph 116 states legal conclusions to which no response is required; to the extent a response is required, denied.

20

117.   Paragraph 117 states legal conclusions to which no response is required; to the extent a response is required, denied.

118.   Paragraph 118 states legal conclusions to which no response is required; to the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 118.

119.   Paragraph 119 states legal conclusions to which no response is required; to the extent a response is required, denied.

120.   Paragraph 120 states legal conclusions to which no response is required; to the extent a response is required, denied.

**FOURTH CLAIM FOR RELIEF**
**AGAINST SUNTRUST**
**(Breach of Contract – Credit Agreement)**

121.   No response is required to Paragraph 121, which purports to incorporate by reference the allegations of Paragraphs 1-101, 103-108, 110-113, and 115-120; to the extent a response is required, Defendants repeat, re-allege, and incorporate by reference their responses to Paragraphs 1-101, 103-108, 110-113, and 115-120.

122.   Paragraph 122 states a legal conclusion to which no response is required; to the extent a response is required, Defendants admit Paragraph 122.

123.   Paragraph 123 states legal conclusions to which no response is required; to the extent a response is required, denied.

124.   Paragraph 124 states legal conclusions to which no response is required; to the extent a response is required, denied.

125.   Paragraph 125 states legal conclusions to which no response is required; to the extent a response is required, denied.

126.   Paragraph 126 states legal conclusions to which no response is required; to the

extent a response is required, denied.

127.    Paragraph 127 states legal conclusions to which no response is required; to the extent a response is required, denied.

128.    Paragraph 128 states legal conclusions to which no response is required; to the extent a response is required, denied.

**FIFTH CLAIM FOR RELIEF**
**AGAINST SUNTRUST**
**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

129.    No response is required to Paragraph 129, which purports to incorporate by reference the allegations of Paragraphs 1-101, 103-108, 110-113, 115-120, and 122-128; to the extent a response is required, Defendants repeat, re-allege, and incorporate by reference their responses to Paragraphs 1-101, 103-108, 110-113, 115-120, and 122-128.

130.    Paragraph 130 states legal conclusions to which no response is required; to the extent a response is required, denied.

131.    Paragraph 131 states legal conclusions to which no response is required; to the extent a response is required, denied.

132.    Paragraph 132 states legal conclusions to which no response is required; to the extent a response is required, denied.

133.    Paragraph 133 states legal conclusions to which no response is required; to the extent a response is required, denied.

134.    Paragraph 134 states legal conclusions to which no response is required; to the extent a response is required, denied.

**SIXTH CLAIM FOR RELIEF**
**AGAINST SUNTRUST**
**(Breach of Contract – Term Loan Joinder Agreement)**

135.    No response is required to Paragraph 135, which purports to incorporate by

reference the allegations of Paragraphs 1-101, 103-108, 110-113, 115-120, 122-128, and 130-134; to the extent a response is required, Defendants repeat, re-allege, and incorporate by reference their responses to Paragraphs 1-101, 103-108, 110-113, 115-120, 122-128, and 130-134.

136.    Paragraph 136 states legal conclusions to which no response is required; to the extent a response is required, Defendants admit Paragraph 136.

137.    Paragraph 137 states legal conclusions to which no response is required; to the extent a response is required, denied.

138.    Paragraph 138 states legal conclusions to which no response is required; to the extent a response is required, denied.

139.    Paragraph 139 states legal conclusions to which no response is required; to the extent a response is required, denied.

140.    Paragraph 140 states legal conclusions to which no response is required; to the extent a response is required, denied.

141.    Paragraph 141 states legal conclusions to which no response is required; to the extent a response is required, denied.

### **Prayer for Relief**

Plaintiffs' Prayer for Relief states legal conclusions to which no response is required; to the extent a response is required, Defendants deny that Plaintiffs are entitled to any relief.

### **AFFIRMATIVE DEFENSES**

Without assuming the burden of proof where it otherwise rests with Plaintiffs, Defendants SunTrust Bank and Truist Bank, by and through their undersigned attorneys, hereby assert the following defenses to Plaintiffs' Amended Complaint.

## First Defense

The Complaint fails to state a claim upon which relief can be granted.

## Second Defense

Plaintiffs' claims are barred or limited by their inability to establish injury or damages.

## Third Defense

Plaintiffs' claims are barred or limited by their failure to overcome the contractual limitation on liability.

## Fourth Defense

Plaintiffs' claims are barred or limited by relevant contractual provisions authorizing SunTrust to take certain actions.

## Fifth Defense

Plaintiffs' claims are barred or limited by the failure of conditions precedent.

## Sixth Defense

Plaintiffs' requests for attorney's fees are barred or limited by law.

## Seventh Defense

Plaintiffs' claims are barred or limited by a right of offset.

## Eighth Defense

Plaintiffs' claims are barred or limited by contract to be reformed based on scrivener's error or mutual mistake.

## Ninth Defense

Plaintiffs' claims are barred or limited by the doctrine of laches.

## Tenth Defense

Plaintiffs' claims are barred or limited by the lack of causation.

**Eleventh Defense**

Plaintiffs' claims are barred or limited by Plaintiffs' failure to perform under the relevant contracts.

**COUNTERCLAIMS**

1.      Effective December 6, 2019, Defendant/Counterclaim Plaintiff SunTrust Bank ("SunTrust") merged with Branch Banking and Trust Company to become Defendant/Counterclaim Plaintiff Truist Bank ("Truist").

2.      Defendant/Counterclaim Plaintiff Truist is a North Carolina bank with its principal place of business in North Carolina.

3.      Upon information and belief, Plaintiff/Counterclaim Defendant Emigrant Bank ("Emigrant") is a New York savings bank headquartered at 5 East 42nd Street New York, NY 10017.

4.      Upon information and belief, Plaintiff/Counterclaim Defendant Pacific Mercantile Bank ("PMB") is an Exempt Mortgage Loan Servicer headquartered at 949 South Coast Drive Costa Mesa, CA 92626.

5.      This Court has supplemental subject-matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. § 1367.

6.      Plaintiffs have consented to personal jurisdiction and venue in this Court by contract and by bringing suit in this Court.

7.      This action arises out of an Amended and Restated Revolving Credit and Term Loan Agreement dated July 9, 2015 (the "Credit Agreement").

8.     Under the Credit Agreement, SunTrust, non-party Preferred Bank ("Preferred"), and PMB provided non-party Our Alchemy, LLC ("Alchemy") with a loan and revolving credit facility.

9.     SunTrust was also Administrative Agent under the Credit Agreement.

10.     In addition, Alchemy's direct parent, Calrissian LP ("Calrissian"), executed a Guaranty and Security Agreement (the "Guaranty Agreement").

11.     Calrissian was also an affiliate of Virgo Investment Group ("Virgo").

12.     On July 10, 2015, Emigrant became a party to the Credit Agreement and a lender to Alchemy alongside SunTrust, Preferred, and PMB (collectively, the "Lenders") by execution of a Term Loan Joinder Agreement with the other Lenders.

13.     Alchemy defaulted under the Credit Agreement no later than December 31, 2015.

14.     After sending several reservation of rights letters and executing a forbearance agreement with Alchemy and Calrissian, SunTrust eventually sent a notice accelerating Alchemy's outstanding debt and demanding immediate payment on or about June 15, 2016.

15.     Alchemy failed to pay the outstanding debt and petitioned for bankruptcy relief on July 1, 2016.

16.     Alchemy's bankruptcy proceedings remain pending.

17.     When Calrissian failed to perform under the Guaranty Agreement, SunTrust sued Calrissian to collect under the Guaranty Agreement.

18.     Calrissian subsequently entered bankruptcy; the proceedings were ultimately closed without discharging Calrissian's debt.

19.     On December 13, 2019, Emigrant and PMB sent a letter to SunTrust purporting to require SunTrust, under the Credit Agreement, to sue Virgo and/or unspecified affiliates of Virgo

Case 1:20-cv-02391-PGG-KHP   Document 72   Filed 04/28/23   Page 27 of 35

for breach of the Guaranty Agreement on the theory that Virgo and/or its affiliates were alter egos of Calrissian or the principal in a principal-agent relationship.

20.     Despite SunTrust's request that Emigrant and PMB provide the factual bases for their contemplated legal theories of alter ego and principal-agent liability, they refused to do so.

21.     Moreover, SunTrust informed Emigrant and PMB that the Credit Agreement does not compel SunTrust to sue Virgo or its affiliates upon request.

22.     Numerous provisions in the Credit Agreement, the Guaranty Agreement, and the Term Loan Joinder Agreement bar Emigrant and PMB's assertion that they can "require" SunTrust to sue Virgo and/or its affiliates—non-parties to the Loan Documents.

23.     Nonetheless, SunTrust retains the discretionary power under the Credit Agreement to seek to collect under the Guaranty Agreement as it deems appropriate.

24.     To that end, SunTrust identified a legal basis to hold a Virgo affiliate—Virgo Service Company LLC, Calrissian's general partner—liable for Calrissian's debts under Delaware partnership law.

25.     Despite purporting to demand that SunTrust sue unspecified Virgo entities on unelaborated theories, Emigrant and PMB failed to identify this basis to hold Virgo Service Company liable for Calrissian's debts under the Guaranty Agreement.

26.     SunTrust added Virgo Service Company as a defendant in its lawsuit against Calrissian and obtained a default judgment as to liability against Calrissian and Virgo Service Company.

27.     SunTrust's motion for default judgment remains pending as to damages.

28.     SunTrust has also assisted the trustee in the Alchemy bankruptcy proceedings (the "Alchemy Bankruptcy Trustee") in recovering certain funds due to the Lenders.

27

29.     Nonetheless, Emigrant and PMB contend that Defendants/Counterclaim Plaintiffs breached the Credit Agreement and the Term Loan Joinder Agreement because they have not sued Virgo for breach of the Guaranty Agreement under an alter ego or principal-agent theory of liability.

30.     SunTrust has distributed hundreds of thousands of dollars of funds to the Lenders based on distributions made by the Alchemy Bankruptcy Trustee.

31.     Moreover, the Alchemy Bankruptcy Trustee continues to prosecute claims against third parties in which the Trustee is seeking damages of $50 million or more, for the benefit of the Lenders and Alchemy's other creditors.

32.     The Alchemy Trustee has made several distributions to SunTrust.

33.     The Credit Agreement provides, among other things, the following:

> All proceeds from each sale of, or other realization upon, all or any part of the Collateral by any Secured Party after an Event of Default arises shall be applied as follows:
>
> (a)   first, to the reimbursable expenses of the Administrative Agent incurred in connection with such sale or other realization upon the Collateral, until the same shall have been paid in full;
>
> (b)   second, to the fees and other reimbursable expenses of the Administrative Agent then due and payable pursuant to any of the Loan Documents, until the same shall have been paid in full;
>
> (c)   third, to all reimbursable expenses, if any, of the Lenders then due and payable pursuant to any of the Loan Documents, until the same shall have been paid in full;
>
> (d)   fourth, to the fees and interest then due and payable under the terms of this Agreement, until the same shall have been paid in full;
>
> (e)   fifth, to the aggregate outstanding principal amount of the Loans [and other loan documents]. . .

> All amounts allocated pursuant to the foregoing clauses third through fifth to the Lenders as a result of amounts owed to the Lenders under the Loan Documents shall be allocated among, and distributed to, the Lenders *pro rata* . . . .

(Credit Agreement § 8.2.)

"[R]eimbursable expenses," on which Section 8.2(a)–(c) turn, include:

> [A]ll out-of-pocket costs and expenses (including, without limitation, the reasonable fees, charges and disbursements of outside counsel and the allocated cost of inside counsel) incurred by the Administrative Agent or any Lender in connection with the enforcement or protection of its rights in connection with this Agreement, including its rights under this Section [10.3], or in connection with the Loans made hereunder . . . .

(*Id*. § 10.3(a)(ii).)

34.     SunTrust has applied the distributions according to the terms of the Credit Agreement.

35.     Among other things, SunTrust appropriately applied certain Trustee distributions to reimburse SunTrust for its costs in pursuing the Guaranty Action, assisting in the Trustee's enforcement and collection efforts in the bankruptcy proceedings, and litigating this action against Emigrant and PMB.

36.     SunTrust has complied with all provisions of the Credit Agreement, the Guaranty Agreement, and the Term Loan Joinder Agreement.

## COUNT I
## DECLARATORY JUDGMENT

37.     Defendants/Counterclaim Plaintiffs incorporate by reference the allegations of Paragraphs 1-36 as though set forth fully herein.

38.     Pursuant to 28 U.S.C. § 2201, a court may "declare the rights and legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

39.     There is an actual controversy between Defendants and Plaintiffs regarding the alleged breach of the Credit Agreement's Event of Default provisions.

40.     Under the Credit Agreement, Defendants/Counterclaim Plaintiffs had no obligation to sue Virgo Investment Group and/or its affiliates for breach of the Guaranty Agreement under an alter ego or principal-agent theory of liability upon the written request of Plaintiffs/Counterclaim Defendants to file such a suit.

41.     Accordingly, Defendants are entitled to a declaration that SunTrust did not breach the Credit Agreement's Event of Default provisions.

42.     Defendants therefore request that the Court enter a judgment declaring that Defendants/Counterclaim Plaintiffs have no obligation under the Credit Agreement to sue Virgo Investment Group and/or its affiliates for breach of the Guaranty Agreement under an alter ego or principal-agent theory of liability.

## COUNT II
## DECLARATORY JUDGMENT

43.     Defendants/Counterclaim Plaintiffs incorporate by reference the allegations of Paragraphs 1-42 as though set forth fully herein.

44.     Pursuant to 28 U.S.C. § 2201, a court may "declare the rights and legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

45.     There is an actual controversy between Defendants and Plaintiffs regarding the applicability of the Term Loan Joinder Agreement's Event of Default provisions.

46.     Under the Credit Agreement, Defendants/Counterclaim Plaintiffs had no obligation to sue Virgo Investment Group and/or its affiliate for breach of the Term Loan Joinder Agreement under an alter ego or principal-agent theory of liability, upon the written request of Plaintiffs/Counterclaim Defendants to file such a suit.  Accordingly, Defendants are entitled to a

declaration that SunTrust did not breach the Term Loan Joinder Agreement with respect to any Event of Default.

47.     Defendants therefore request that the Court enter a judgment declaring that Defendants/Counterclaim Plaintiffs have no obligation under the Term Loan Joinder Agreement to sue Virgo Investment Group and/or its affiliates for breach of the Guaranty Agreement under an alter ego or principal-agent theory of liability.

**COUNT III**
**DECLARATORY JUDGMENT**

48.     Defendants incorporate by reference the allegations of Paragraphs 1-47 as though set forth fully herein.

49.     Pursuant to 28 U.S.C. § 2201, a court may "declare the rights and legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

50.     There is an actual controversy between Defendants and Plaintiffs regarding SunTrust's distribution in reimbursable expenses or indemnification following distributions from the Alchemy Bankruptcy.

51.     Under the Credit Agreement, Defendants/Counterclaim Plaintiffs were entitled to reimbursement and indemnification for their legal fees and other expenses incurred in the action to enforce the Guaranty Agreement, in connection with the Alchemy Bankruptcy proceedings, and in this action.

52.     Accordingly, Defendants seek a declaration that SunTrust did not breach the Indemnification or Reimbursement provisions in the Credit Agreement.

53.     Defendants therefore request that the Court enter a judgment declaring that Defendants/Counterclaim Plaintiffs have not breached the Credit Agreement by applying funds recovered from the Alchemy Bankruptcy Trustee to reimburse or indemnify SunTrust for its legal

fees and expenses incurred in the action to enforce the Guaranty Agreement, in connection with the Alchemy Bankruptcy proceedings, and in this action, before distributing remaining amounts *pro rata*.

## COUNT IV
## DECLARATORY JUDGMENT

54.     Defendants incorporate by reference the allegations of Paragraphs 1-53 as though set forth fully herein.

55.     Pursuant to 28 U.S.C. § 2201, a court may "declare the rights and legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

56.     There is an actual controversy between Defendants and Plaintiffs regarding SunTrust's distribution in reimbursable expenses or indemnification to itself following its receipt of distributions from the Alchemy Bankruptcy.

57.     Under the Term Loan Joinder Agreement, Defendants/Counterclaim Plaintiffs were entitled to reimbursement and indemnification for their legal fees and other expenses incurred in the action to enforce the Guaranty Agreement, in connection with the Alchemy Bankruptcy proceedings, and in this action.

58.     Accordingly, Defendants seek a declaration that SunTrust did not breach the Term Loan Joinder Agreement with regard to any indemnification or reimbursement.

59.     Defendants therefore request that the Court enter a judgment declaring that Defendants/Counterclaim Plaintiffs have not breached the Term Loan Joinder Agreement by applying funds recovered from the Alchemy Bankruptcy Trustee to reimburse or indemnify SunTrust for its legal fees and expenses incurred in the action to enforce the Guaranty Agreement, in connection with the Alchemy Bankruptcy proceedings, and in this action, before distributing remaining amounts *pro rata*.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants/Counterclaim Plaintiffs respectfully request that the Court:

a.  enter a judgment declaring that Defendants/Counterclaim Plaintiffs have no obligation under the Credit Agreement to sue Virgo Investment Group and/or its affiliates for breach of the Guaranty Agreement under an alter ego or principal-agent theory of liability;

b.  enter a judgment declaring that Defendants/Counterclaim Plaintiffs have no obligation under the Term Loan Joinder Agreement to sue Virgo Investment Group and/or its affiliates for breach of the Guaranty Agreement under an alter ego or principal-agent theory of liability;

c.  enter a judgment declaring that Defendants/Counterclaim Plaintiffs have not breached the Credit Agreement by applying funds recovered from the Alchemy Bankruptcy Trustee to reimburse or indemnify SunTrust for its legal fees and expenses;

d.  enter a judgment declaring that Defendants/Counterclaim Plaintiffs have not breached the Term Loan Joinder Agreement by applying funds recovered from the Alchemy Bankruptcy Trustee to reimburse or indemnify SunTrust for its legal fees and expenses; and

e.  award Defendants/Counterclaim Plaintiffs any other relief the Court deems just and proper.

Respectfully submitted this 28th day of April, 2023.

By:   /s/ *Kenneth B. Fowler*
Kenneth B. Fowler (*admitted pro hac vice*)
Peter Isajiw
1185 Avenue of the Americas
New York, NY 10036
Phone: 212-556-2235
Fax: 212-556-2222
kfowler@kslaw.com
pisajiw@kslaw.com

David Tetrick, Jr. (admitted *pro hac vice*)
1180 Peachtree Street, NE
Atlanta, GA 30309-3521
Phone: 404-572-3526
Fax: 404-572-5100
dtetrick@kslaw.com

*Attorneys for Defendants*
*SunTrust Bank and Truist Bank*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that a true and correct copy of the foregoing was served on all counsel of record via CM/ECF on April 28, 2023.

By: */s/ Kenneth B. Fowler*
Kenneth B. Fowler