**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7471**

WRITER'S EMAIL ADDRESS
**coreyworcester@quinnemanuel.com**

May 16, 2023

**VIA ECF**

Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 2204
New York, NY 10007

Re:     *Emigrant Bank and Pacific Mercantile Bank v. SunTrust Bank, et al.*, No. 1:20-cv-02391

Dear Judge Gardephe:

We represent Plaintiffs Emigrant Bank and Pacific Mercantile Bank ("Plaintiffs") and write pursuant to Rule IV(A) of Your Honor's Individual Rules to respectfully request a pre-motion conference regarding a proposed motion by Plaintiffs to dismiss Defendants SunTrust Bank and Truist Bank's ("SunTrust's") counterclaims and to strike certain affirmative defenses included in SunTrust's Answer to the First Amended Complaint.  ECF No. 72 (the "Answer").

As set forth more fully in Plaintiffs' First Amended Complaint (ECF No. 45), Plaintiffs have brought claims against SunTrust for, *inter alia*, breach of an Amended and Restated Revolving Credit and Term Loan Agreement (ECF No. 45-1, the "Credit Agreement"). Specifically, Plaintiffs have brought claims against SunTrust premised on SunTrust's refusal to enforce a Guaranty Agreement in its capacity as Administrative Agent under the Credit Agreement after receiving a written demand to do so from a contractual majority of lenders.  Plaintiffs have also brought claims against SunTrust for improperly reimbursing itself for its costs incurred defending this litigation using funds from the bankruptcy estate of the Borrower under the Credit Agreement, which belong to all of the lenders.  SunTrust moved to dismiss the Complaint and First Amended Complaint.  ECF Nos. 35, 51.  In a Decision and Order dated March 27, 2023, this Court denied in part SunTrust's motions, holding that Plaintiffs had plausibly pleaded four causes of action for breach of contract.  ECF No. 65.

SunTrust filed an Answer to the First Amended Complaint on April 29, 2023.  ECF No. 72. The Answer includes eleven affirmative defenses, none of which are supported by any factual

**quinn emanuel urquhart & sullivan, llp**
ATLANTA | AUSTIN | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON |
LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY |
SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

allegations, as well as four counterclaims, each of which merely seeks a declaration that SunTrust did not breach the Credit Agreement as alleged by Plaintiffs.

Plaintiffs now respectfully request the Court's permission to file a motion to dismiss SunTrust's counterclaims pursuant to Federal Rule of Civil Procedure 12(b) and to strike certain of SunTrust's affirmative defenses pursuant to Rule Federal Rule of Civil Procedure 12(f). Plaintiffs' contemplated motion is proper for the reasons set forth below:

**Motion to Dismiss Counterclaims**

Plaintiffs request the Court's permission to move to dismiss SunTrust's four counterclaims. Each of these counterclaims is a request for a declaratory judgment that SunTrust did not breach the Credit Agreement, referring to the same provisions on which Plaintiffs' claims for breach of contract are based. Thus, these counterclaims precisely mirror Plaintiffs' claims and are the type of duplicative counterclaims for declaratory judgment that courts routinely dismiss.

Dismissal of SunTrust's counterclaims is thus proper. Courts generally consider two factors on a motion to dismiss a claim for declaratory judgment: "(1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether a judgment would finalize the controversy and offer relief from uncertainty." *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 389 (2d Cir. 2005).

***First***, it is facially clear that SunTrust's four counterclaims are mirror images of Plaintiffs' four causes of action that survived SunTrust's motions to dismiss. Each of SunTrust's counterclaims requests a declaration that SunTrust "did not breach" the same provisions of the Credit Agreement to which Plaintiffs' claims relate. *See, e.g.*, Answer Counterclaims ¶¶ 41, 46, 52, 58.

Counterclaims for declaratory judgment that are entirely duplicative of a plaintiff's claims are frequently dismissed because, under the first factor considered, they have no useful purpose. "[C]ourts will dismiss a declaratory judgment if it is the mirror image of a claim asserted in the complaint because 'the fact that a lawsuit has been filed that will necessarily settle the issues for which the declaratory judgment is sought suggests that the declaratory judgment will serve no useful purpose.'" *Josie Maran Cosms., LLC v. Shefa Grp. LLC*, 2022 WL 3586746, at *3 (E.D.N.Y. Aug. 22, 2022) (quoting *Amusement Indus., Inc. v. Stern*, 693 F. Supp. 2d 301, 311 (S.D.N.Y. 2010)); *see also Tang Cap. Partners, L.P. v. BRC Inc.*, 2023 WL 2396635, at *20 (S.D.N.Y. March 8, 2023). Whether or not SunTrust breached these provisions will necessarily be decided in the context of Plaintiffs' causes of action for breach of contract. Indeed, counterclaims for a declaratory judgment that a defendant did not breach a contract are precisely the type of duplicative counterclaims that courts routinely dismiss. *See, e.g.*, *Amusement Indus., Inc.*, 693 F. Supp. 2d at 311-12 ("courts have held that where a counterclaim seeking a declaratory judgment is merely a mirror image of the complaint, the counterclaim serves no purpose and may be dismissed") (quotations omitted); *Dolphin Direct Equity Partners, LP v. Interactive Motorsports & Entm't Corp.*, 2009 WL 577916, at *11 (S.D.N.Y. Mar. 2, 2009) ("Because this Court has already analyzed the parties' rights and obligations under the [contracts] in connection

with Plaintiffs' breach of contract claims, a declaratory judgment on the same issues would be superfluous."); *Sofi Classic S.A. de C.V. v. Hurowitz*, 444 F. Supp. 2d 231, 249–50 (S.D.N.Y. 2006) ("Plaintiffs' declaratory judgment claim seeks resolution of legal issues that will, of necessity, be resolved in the course of the litigation of the other causes of action. Therefore, the claim is duplicative in that it seeks no relief that is not implicitly sought in the other causes of action."). Therefore, dismissal of SunTrust's counterclaims is warranted.

*Second*, a declaratory judgment is a remedy, not a cause of action. *See, e.g.*, *Chiste v. Hotels.com L.P.*, 756 F. Supp. 2d 382, 406–07 (S.D.N.Y. 2010) ("Declaratory judgments and injunctions are remedies, not causes of action."); *MarketShare Corp. v. Transactis, Inc.*, 2021 WL 1948283, at *6 (S.D.N.Y. May 12, 2021) (dismissing independent cause of action for declaratory judgment because "[d]eclaratory judgments . . . are remedies, not causes of action"); *see also Weinstein v. Trump*, 2017 WL 6544635, at *5 (S.D.N.Y. Dec. 21, 2017) ("[A] request for legal relief, alone, without any corresponding legal basis upon which such relief can be granted, cannot withstand a motion to dismiss."). Because SunTrust has pleaded no underlying cause of action for which a declaratory judgment is a proper remedy, this is a second independent reason to dismiss the counterclaims.

## Motion to Strike Affirmative Defenses

Plaintiffs also request the Court's permission to move to strike SunTrust's second through eleventh affirmative defenses. These defenses are pleaded in a wholly conclusory manner—each merely stating a legal conclusion in a single sentence, and each devoid of a single factual allegation. They should be stricken from the Answer.

A court "may strike from a pleading an insufficient defense . . . ." Fed. R. Civ. P. 12(f). A motion to strike an affirmative defense is appropriate where the party moving to strike the defense has shown the following three elements: (1) that there is no question of fact which might allow the defense to meet the plausibility standard applied to pleadings; (2) that there is no question of law which might allow the defense to succeed; and (3) that the plaintiff would be prejudiced by inclusion of the defense. *Dorce v. City of New York*, 2022 WL 16639141, at *3 (S.D.N.Y. Oct. 14, 2022). All three factors are satisfied here for the affirmative defenses that Plaintiffs intend to move to strike.

*First*, on its face the Answer fails to plausibly state these affirmative defenses. A defendant raising affirmative defenses "must plead *facts* sufficient to make [them] plausible," and "boilerplate" statements are insufficient. *Id.* at *4 (quotation omitted) (emphasis added). Such defenses are subject to the same plausibility standard as a cause of action. *GEOMC Co.*, 918 F.3d at 98 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). The Answer includes *no* factual allegations supporting the affirmative defenses. For example, the Fifth Affirmative Defense states in its entirety: "Plaintiffs' claims are barred or limited by the failure of conditions precedent." SunTrust does not identify *any* condition precedent or allege *any* fact showing how any condition precedent may have failed. Answer at 24. In support of its Ninth Affirmative Defense for laches, SunTrust merely pleads "Plaintiffs' claims are barred or limited by the doctrine of laches" without a single factual allegation. *Id.* Similarly, SunTrust's Eighth Affirmative Defense pleads:

3

"Plaintiffs' claims are barred or limited by contract to be reformed based on scrivener's error or mutual mistake," but does not identify the mutual mistake or purported error justifying reformation.  *Id.*

Such conclusory affirmative defenses are routinely stricken.  *See, e.g.*, *Dorce*, 2022 WL 16639141, at \*4 (striking similar laches defense that offered "no factual basis"); *Coach, Inc. v. Kmart Corporations*, 756 F. Supp. 2d 421, 427–28 (S.D.N.Y. 2010) (dismissing affirmative defenses where "the pleadings lack any facts"); *Kochan v. Kowalski*, 478 F. Supp. 3d 440, 454 (W.D.N.Y. 2020) (striking affirmative defenses where defendants "have not offered any explanation for how these equitable defenses could apply in this case").

*Second*, none of SunTrust's affirmative defenses are sufficient as a matter of law.  Courts routinely find that affirmative defenses that do not allege sufficient facts to state a claim do not raise any questions of law sufficient to sustain the defenses.  *See, e.g.*, *Coach*, 756 F. Supp. 2d at 427–28 (where no facts were pleaded in support of affirmative defense, it is "insufficient as a matter of law").

Further, certain of the affirmative defenses which Plaintiffs move to strike (Defenses Nos. 2, 3, 5, 10) are not true affirmative defenses but rather simply conclusions that Plaintiffs' claims are flawed.  For example, the Second Affirmative Defense states:  "Plaintiffs' claims are barred or limited by their inability to establish injury or damages."  Answer at 24.  Thus, these defenses do not raise any questions of law that will not already be resolved through Plaintiffs' causes of action.

*Third*, Plaintiffs would be prejudiced if these affirmative defenses are not stricken. "Litigating these defenses would increase the duration and expense of trial[,]" and "Plaintiffs would incur increased discovery costs in having to explore the factual basis for these defenses." *Coach*, 756 F. Supp. 2d at 428.  This is particularly prejudicial where Plaintiffs have not been adequately put on notice of the basis of these defenses.  *See Federal Trade Comm'n v. Vyera Pharm., LLC*, 2020 WL 7695828, at \*1 (S.D.N.Y. Dec. 28, 2020) (a "core purpose" of the pleading requirement for affirmative defenses "is to place the opposing parties on notice that a particular defense will be pursued so as to prevent surprise or unfair prejudice") (quotation omitted). Plaintiffs should not be put to the time and expense of conducting discovery and litigating with respect to these factually uncertain and legally insufficient affirmative defenses.

***

For the foregoing reasons, Plaintiffs respectfully request permission to file a motion to dismiss SunTrust's counterclaims and strike certain of SunTrust's affirmative defenses.

Respectfully submitted,

*/s/ Corey Worcester*
Corey Worcester

4