UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

OFFICE OF THE CLERK
500 PEARL STREET
NEW YORK, NEW YORK 10007



RUBY J. KRAJICK

CLERK OF COURT

June 26, 2023

**BY ECF AND OVERNIGHT MAIL**

Leigha Empson
Quinn Emanuel Urquhart & Sullivan LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010

Gary Edward Gans
Quinn Emanuel Urquhart & Sullivan
865 South Figueroa, Ste Tenth Floor
Los Angeles, CA 90017

Jennifer L Nassiri
Sheppard Mullin Richter & Hampton LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067

Sage Vanden Heuvel
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa St. FL 10
Los Angeles, CA 90017

Richard Corey Worcester
Quinn Emanuel Urquhart & Sullivan LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010

David Tetrick
King & Spalding
1180 Peachtree St. NE, Suite 1700
Atlanta, GA 30309

Kenneth Fowler
King & Spalding LLP (NYC)
1185 Avenue of the Americas
New York, NY 10036

Peter Joseph Isajiw
King & Spalding LLP (NYC)
1185 Avenue of the Americas
New York, NY 10036

Emanuel Christopher Grillo
Allen & Overy LLP
1221 Avenue of the Americas
New York, NY 10020

Re: Emigrant Bank v. Suntrust Bank, Case No. 20-cv-02391(PGG)(KHP)

Notice Concerning Waiver of Judicial Disqualification

Dear Counsel,

I have been contacted by Magistrate Judge Katharine H. Parker who was recently named in an Order of Reference signed by the presiding judge in this case, Judge Paul G. Gardephe. Magistrate Judge Parker informed me that as a practicing attorney, she represented Plaintiff Emigrant Bank in one matter in 2016.

Magistrate Judge Parker raised this circumstance immediately upon being named in the Order of Reference and before taking any action in the case.  She does not anticipate that the circumstance will affect or impact her future decisions in this case.  However, this circumstance may require recusal under the Code of Conduct for United States Judges.  Therefore, Magistrate Judge Parker directed that I notify the parties of the potential conflict.

Canon 3D of the Code of Conduct provides (with exceptions not pertinent to this case) that when a judge is disqualified in a proceeding because "the judge's impartiality might reasonably be questioned," the judge may participate in the proceeding only if all the parties and lawyers, after notice of the basis for the disqualification, have an opportunity to confer outside of the presence of the judge and all agree in writing or on the record to waive the disqualification under a procedure independent of the judge's participation.

Unless a waiver is obtained from all parties and all counsel, Magistrate Judge Parker intends to disqualify in this proceeding because of these circumstances.  If you and your client(s) wish to waive the judge's disqualification, a letter to that effect from you and from your client(s) must be sent to Ruby J. Krajick, Clerk of Court, within ten (10) days of the date of this Notice.  A sample letter is enclosed.  The letter should be signed and submitted by the attorney of record only after consultation with all of his or her clients in the above-styled and numbered cause.

**THE LETTERS SHOULD NOT BE SENT TO THE JUDGE AND COPIES SHOULD NOT BE SENT TO OTHER COUNSEL.  DO NOT E-FILE YOUR LETTER(S). SUBMIT LETTERS DIRECTLY TO THE CLERK OF COURT**.

If all parties submit such letters, this Notice and all responses will be made part of the record, as required by Canon 3D, and the judge will continue participation in the proceeding.  If a waiver is not received on behalf of all parties and their respective counsel, this Notice and any responses will be kept under seal by the Clerk and not shown to the judge, nor will the judge be informed of the identity of any party or lawyer who declined to waive the disqualification.  If the disqualification is not waived, the case will be referred to another magistrate judge.

Signed,

Ruby J. Krajick
Clerk of Court

cc: Hon. Paul G. Gardephe, U.S.D.J.
    Hon. Katharine H. Parker, U.S.M.J.

*SAMPLE* Waiver of Disqualification Letter

NOTICE TO ATTORNEYS: DO NOT E-FILE THIS FORM<br>SUBMIT DIRECTLY TO THE CLERK OF COURT

From: [*Insert Name and Address of Attorney*]

To:    Ruby J. Krajick
       Clerk of Court
       United States District Court
       Southern District of New York
       Daniel Patrick Moynihan Courthouse
       500 Pearl Street
       New York, NY 10007

Date:  [*Insert date*]

Re:    <u>Emigrant Bank v. Suntrust Bank</u>, Case No. 20-cv-02391(PGG)(KHP)

Dear Ms. Krajick:

    I have consulted with my client(s), [*Insert client name(s)*] which are all of the clients that I represent in the above-styled and numbered cause, concerning the Clerk's Notice that Magistrate Judge Parker intends to disqualify herself from this case because her impartiality might reasonably be questioned.

    My client(s) and I hereby waive this disqualification. We are willing to proceed forward with Magistrate Judge Parker on the case.

    Pursuant to Canon 3D of the Code of Conduct, I am submitting this letter to the Clerk of Court, but I am not copying Magistrate Judge Parker, nor am I copying the other counsel of record or the other parties.

Yours truly,

_____
Signature
[*Insert attorney's name*]
Attorney of Record, on behalf of
[*Insert client name(s)*]