# KING & SPALDING

David Tetrick
King & Spalding LLP
1180 Peachtree Street N.E. Ste. 1600
Atlanta, GA 30309-3521
Direct Dial: +1 404 572 3526
Direct Fax: +1 404 572 5100
dtetrick@kslaw.com

August 10, 2023

**VIA ECF**

Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 2204
New York, NY 10007

Re:    *Emigrant Bank and Pacific Mercantile Bank v. SunTrust Bank, et al.*, No. 1:20-cv-02391

Dear Judge Gardephe:

We represent Defendants SunTrust Bank and Truist Bank ("Truist") and write pursuant to Rule IV(A) of Your Honor's Individual Rules in response to Plaintiffs' request for a pre-motion conference regarding a proposed motion to dismiss Truist's counterclaims and to strike Truist's eighth defense (ECF 94, the "Letter").

***First***, as outlined in Truist's response to Plaintiffs' first attempt to seek the dismissal of Truist's counterclaims (ECF 78), which the Court did not allow (ECF 87), the counterclaims are not narrowly cabined to seek only declarations that Truist is not liable for the breaches of contract that Plaintiffs allege. Truist's counterclaims seek to finalize the controversy over what actions the Required Lenders can force Truist, as Administrative Agent, to take pursuant to the terms of the governing agreements. Plaintiffs' surviving claims will resolve whether they can force Truist to sue Virgo Investment Group, LLC and its affiliates based on Plaintiffs' December 2019 demand letter. But the dispute over whether Plaintiffs can force Truist to sue contractual non-parties will remain, and Truist's claims for declaratory judgment ensures that this litigation finally resolves that live and ripe dispute. Although this Court held that Truist was not entitled to dismissal of Plaintiffs' claims under Rule 12 (ECF 65), the facts developed in this litigation will establish that Truist is entitled to a declaratory judgment as to its rights and obligations under the contracts.

***Second***, contrary to Plaintiffs' contentions, Truist's eighth defense is proper and adequately pleaded. The eighth defense is a *defense*, not a claim for relief. As such, Plaintiffs' attempt to impose onto it the requirements of a claim for reformation is misplaced. Moreover, the defense is not subject to the statute of limitations, it is not subject to a pleading standard higher than plausibility (a standard Truist meets), and it is sufficient to bar at least a portion of Plaintiffs' claims. Accordingly, the defense is not subject to being stricken.

**A.   The Court Should Deny Any Motion to Dismiss Truist's Counterclaims**

The Court has discretion to exercise jurisdiction over Truist's counterclaims and should

exercise jurisdiction here. *See* 28 U.S.C. § 2201(a). In determining whether to hear a declaratory judgment claim, district courts ask, "(1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether a judgment would finalize the controversy and offer relief from uncertainty." *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 389 (2d Cir. 2005). To constitute an "actual controversy," the disagreement between the parties "must have taken on fixed and final shape so that a court can see what legal issues it is deciding, what effect its decision will have on the adversaries, and some useful purpose to be achieved in deciding them." *Amusement Indus., Inc. v. Stern*, 693 F. Supp. 2d 301, 311 (S.D.N.Y. 2010) (citing *Jenkins v. United States,* 386 F.3d 415, 417-18 (2d Cir. 2004)).

Here, the Court should deny any motion to dismiss the counterclaims because a declaratory judgment in favor of Truist would finally resolve the parties' controversy. Moreover, such declaratory judgments would eliminate uncertainty on issues that go beyond those that must be necessarily decided to resolve Plaintiffs' breach of contract claims.

***First***, Truist's Counterclaims are not merely "mirror images" of Plaintiffs' breach of contract claims. Truist's claims for declaratory judgment enlarge the scope of this dispute to include a live controversy broader than Plaintiffs' breach of contract claims by seeking to clarify or settle the parties' rights under the Loan Documents. For example, in Counts I and II of Truist's Counterclaims, Truist seeks "a judgment declaring that Defendants/Counterclaim Plaintiffs have no obligation" under the Credit Agreement (Count I) and under the Term Loan Joinder Agreement (Count II) "to sue Virgo Investment Group and/or its affiliates for breach of the Guaranty Agreement under an alter ego or principal-agent theory of liability." (ECF 72 ¶¶ 42, 47.) Plaintiffs' contention—that Truist's counterclaims are limited to seeking a declaration only "as to *past* conduct"—ignores that very language ("have no obligation"). These counterclaims go further than what is—or may be—necessary to decide Plaintiffs' breach of contract claims. For instance, Plaintiffs made their demand that Truist sue Virgo as Calrissian's "alter ego" while Calrissian was a bankruptcy debtor. As the Bankruptcy Court has already held with respect to Our Alchemy, such alter ego claims belong to the Trustee, and any lawsuit by Truist at the time would have violated the automatic stay under the Bankruptcy Code. Accordingly, Plaintiffs' claims should fail for that reason alone.

But, even if the Court holds that Plaintiffs' claims fail on those grounds, Truist would still be at risk of being sued if Plaintiffs sent a new demand for Truist to sue contractual non-parties on various grounds. *Cf. Town & Country Linen Corp. v. Ingenious Designs LLC*, 2020 WL 3472597, at *14 (S.D.N.Y. June 25, 2020) (counterclaims not redundant where, in the absence of a merits ruling, defendants "would remain vulnerable to liability on the same claims"). Truist is thus entitled to a declaration clarifying its rights because the relevant contracts do not require Truist to sue such contractual non-parties on Plaintiffs' demand.[1] And, without a declaratory judgment to

---

[1] In addition to the arguments Truist made in its motion to dismiss the Amended Complaint, the Credit Agreement does not require Truist to file such a suit because, among other things, (a) Section 9.2 of the Credit Agreement provides that "the Administrative Agent shall not be required to take any action that, in its opinion or the opinion of its counsel, may expose the Administrative Agent to liability or that is contrary to any Loan Document or applicable law" (ECF 45-1 § 9.2),

August 10, 2023
Page 3

that effect, the Required Lenders' and Truist's rights will remain in doubt even if the Court entered judgment in Truist's favor on narrower grounds. Contrary to Plaintiffs' assertion (ECF 94 at 3), this is not "completely speculative." Unlike the cases Plaintiffs cite,[2] here, Plaintiffs in fact already have demanded that Truist take certain action that Truist believes Plaintiffs have no right to demand (sue Virgo). Truist has the right to seek the complete resolution of the parties' dispute. Accordingly, Plaintiffs' reliance on *Josie Maran Cosms., LLC v. Shefa Grp. LLC*, 2022 WL 3586746 (E.D.N.Y. Aug. 22, 2022), is misplaced. *Contra* ECF 77, at 2 (Plaintiff's Letter, quoting *Josie Moran* for the proposition that, where a lawsuit "will necessarily settle the issues for which the declaratory judgment is sought suggests that the declaratory judgment will serve no useful purpose").

Thus, even if Plaintiffs voluntarily dismissed their claims, an actual controversy still exists as to the parties' rights, as Truist's efforts to recover amounts for the Lenders' benefit continue. Truist seeks judgment that Plaintiffs do not have the right to demand that Truist, in its capacity as Administrative Agent, sue Virgo or any other contractual non-party Plaintiffs identify as a target. *See Clark St. Wine & Spirits v. Emporos Sys. Corp.*, 754 F. Supp. 2d 474, 488 (E.D.N.Y. 2010) (a claim for declaratory judgment that any fines, penalties or other judgments against the plaintiff were the defendant's responsibility could proceed alongside a claim seeking the damages for past losses, because it covered future, as yet undiscovered, loss).

**Second**, Plaintiffs miss the mark in arguing that a declaratory judgment is only a remedy and not a cause of action. In *Chiste v. Hotels.com L.P.,* Judge McMahon ruled that "declaratory judgments . . . are remedies, not causes of action", *under New York's consumer protection statute*, G.B.L. § 349. 756 F. Supp. 2d 382, 406–07 (S.D.N.Y. 2010) (dismissing a claim for declaratory judgment that defendants violated the New York Deceptive Trade Practices Act and for injunctive relief against further violations because plaintiffs had not pleaded a viable claim under that statute); *MarketShare Corp. v. Transactis, Inc.,* 2021 WL 1948283, at *6 (S.D.N.Y. May 12, 2021) (citing to *Chiste* only for this proposition); *Weinstein v. Trump*, 2017 WL 6544635, at *5 (S.D.N.Y. Dec. 21, 2017) (plaintiff failed to allege a legal cause of action whatsoever). The Counterclaims state a claim under New York law and nothing in any of Plaintiffs' cases abrogates the plain language in 28 U.S.C. § 2201 providing that this Court, "upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

### B. The Court Should Deny Any Motion to Strike Truist's Eighth Defense

Courts disfavor motions to strike. *Rich v. New York*, 2022 WL 4241380 (S.D.N.Y. Sept.

---

and (b) Section 7.4 of the Guaranty Agreement grants Truist "sole discretion" to pursue certain remedies and provides that Truist "shall be under no obligation to do so" (ECF 45-2 § 7.4).

[2] *See Kingvision Pay-Per-View, Ltd. v. Falu*, 2008 WL 318352, at *1 (S.D.N.Y. Feb. 4, 2008) (one page order granting motion to dismiss pro se claimant's declaratory relief claim as "speculative" without any analysis or discussion); *Katzman v. Helen of Troy Tex. Corp.*, 2012 WL 3831745, at *3 (S.D.N.Y. Aug. 28, 2012) (dismissing declaratory judgment counterclaims unrelated to the plaintiff's claims and regarding defendant's indemnification rights as to never-asserted third-party claims).

August 10, 2023
Page 4

15, 2022). As the movants, Plaintiffs bear the burden of showing a compelling reason for this Court to strike Truist's eighth defense. *See id.* at * 2. Plaintiffs' Letter fails to do so.

*First*, in arguing that the eighth defense is both "time-barred" and precluded by a missing necessary party (ECF 94 at 4-5), Plaintiffs confuse a *claim* for contract reformation with the *defense* asserted here: that the Credit Agreement must be construed, and applied as between the parties, such that the Carve-Out applies as the parties intended. *Cf. Donovan v. City of New York*, 123 N.E. 863, 863 (N.Y. 1919) (affirming judgment for defendant who "plead[ed] as affirmative defense[] . . . that the contract, if given the construction sought to be placed upon it by the plaintiff, is ultra vires and void"). Truist does not seek a declaration or other affirmative relief reforming or rescinding the Credit Agreement generally or affecting the rights or obligations of non-parties.

*Second*, even if the eighth defense were construed as an affirmative counterclaim for reformation, the claim would not be time-barred under the 6-year limitations period because: (i) a claim for reformation of the July 2015 Credit Agreement would have been timely when this case was filed in March 2020; and also (ii) a claim for reformation of the Credit Agreement arises out of the same transaction at the claims asserted in Plaintiffs' complaint. New York's statute-of-limitations provisions expressly provide as much:

> A defense or counterclaim is not barred if it was not barred at the time the claims asserted in the complaint were interposed, except that if the defense or counterclaim arose from the transactions, occurrences, or series of transactions or occurrences, upon which a claim asserted in the complaint depends, it is not barred to the extent of the demand in the complaint notwithstanding that it was barred at the time the claims asserted in the complaint were interposed.

N.Y. CPLR 203(d). The New York Court of Appeals has explained that this statutory provision means "that claims and defenses that arise out of the same transaction as a claim asserted in the complaint are not barred by the Statute of Limitations, even though an independent action by defendant might have been time-barred at the time the action was commenced." *Bloomfield v. Bloomfield*, 764 N.E.2d 950, 952 (N.Y. 2001). Plaintiff's Letter ignores this basic tenet of New York statute-of-limitations law.[3]

*Third*, Truist's answer alleges more than sufficient facts to adequately plead the eighth defense. The application of the *Twombly* plausibility standard, which Plaintiffs insist applies to Truist's defenses, is, in fact, "context-specific." *GEOMC Co. v. Calmare Therapeutics Inc.*, 918

---

[3] Plaintiff relies on a non-controlling federal case in which the court applied the statute of limitations to a "scrivener's error" defense because the defendant "ha[d] not identified any case law supporting that this formal distinction [between claim and defense] matters." *Ambac Assurance Corp. v. U.S. Bank N.A.*, 632 F. Supp. 3d 517, 546-47 (S.D.N.Y. 2022). That court, in turn, based its ruling on dicta in *Wallace v. 600 Partners Co.*, 658 N.E.2d 715 (N.Y. 1995), a case in which the New York Court of Appeals mentioned, in dicta, that a reformation claim would be time-barred where the underlying contract had been executed *decades* before the case was filed. *Ambac* did not consider CPLR 203(d), and *Wallace* had no reason to do so.

F.3d 92, 99 (2d Cir. 2019) (clarifying the standard for a motion to strike an affirmative defense). The "key aspect of the context relevant to the standard for pleading an affirmative defense is that an affirmative defense, rather than an affirmative claim for relief, is at issue," so the "degree of rigor appropriate for testing the pleading" is lessened. *Id.* at 98. Nevertheless, Truist's eighth defense—which Truist amended specifically to satisfy Plaintiffs' demand for additional supporting allegations—is at least plausible. Truist alleges that the Section 8.1 of the Credit Agreement, describing various Events of Default, is modeled on Section 7.1 of the LSTA template agreement and details, through a subsection-by-subsection comparison, how that is so. Truist further alleges that the parties, in the course of negotiations, added certain Events of Default to the template list as additional subsections but failed to update subsequent cross-references to the subsections to account for the additions. That failure, Truist alleges, was a mutual mistake because "the parties intended" to follow the template. Truist is not required to allege anything more to show that the mutual mistake was plausible.

**Fourth**, there is no question that, if the Credit Agreement is construed as Truist alleges it should be, at least some of Plaintiffs' claims are barred: those based on the allegation that Our Alchemy's bankruptcy filing was an Event of Default requiring Truist to take certain actions. (*See* ECF 45, ¶ 75 (describing Our Alchemy's bankruptcy as an Event of Default triggering the alleged obligations giving rise to Plaintiffs' claims).) But Plaintiffs' Letter appears to suggest that the eighth defense still should be stricken because Plaintiffs have alternative theories of Truist's liability, based on other alleged Events of Default. Plaintiffs do not cite any authority holding that a defense can be stricken merely because it is dispositive as to some but not all of Plaintiffs' claims and theories.

**Finally**, Plaintiffs face no cognizable "prejudice" from having to litigate the eighth defense. An affirmative defense should be stricken only "if it is a legally insufficient basis for precluding a plaintiff from prevailing on its claims." *GEOMC*, 918 F.3d at 98. To strike a defense, the court must be able to say that, as a matter of law, the defendants cannot avail themselves of the defense. *Dorce v. City of New York*, 2022 WL 16639141, at *4 (S.D.N.Y. Oct. 14, 2022) (quoting *GEOMC*). No basis exists to make such a finding here. Truist's eighth defense presents legally sufficient bases for precluding at least some of Plaintiffs' claims.

* * * *

Truist respectfully requests that the Court deny any motion to dismiss Truist's counterclaims and any motion to strike Truist's eighth defenses.

Respectfully submitted,

/s/ David Tetrick

David Tetrick
*Counsel for Truist*