**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

August 22, 2023

WRITER'S DIRECT DIAL NO.
**(212) 849-7471**

WRITER'S EMAIL ADDRESS
coreyworcester@quinnemanuel.com

<u>VIA ECF</u>

Honorable Ona T. Wang
United States Magistrate Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

Re:   *Emigrant Bank,, et al. v. SunTrust Bank, et al.*, No. 1:20-cv-02391-PGG-OTW

Dear Judge Wang:

We represent Plaintiffs Emigrant Bank and Pacific Mercantile Bank ("Plaintiffs") and write in response to the August 18, 2023 letter filed by non-party Virgo Investment Group LLC ("Virgo") requesting a pre-motion conference for a proposed motion for a protective order in connection with the subpoena served by Plaintiffs on Virgo.  ECF 97 (the "Letter").

Virgo seeks a protective order regarding two categories of documents:  (i) documents related to accounting firm Baker Tilly (Request No. 19); and (ii) documents relating to the Nu Image Arbitration (Request No. 22).  Virgo has previously sought to bar other parties from producing the same categories of documents (ECF Nos. 80, 85).

Virgo's motion should be denied for the reasons set forth in Plaintiffs' prior letters (ECF Nos. 81, 93), including because the documents sought are relevant, Virgo has articulated no confidentiality or other interest justifying a protective order, and even if it had a confidentiality interest in the documents, it would be protected by the Protective Order in this action.  Virgo's production of these documents is particularly important because Baker Tilly has apparently not preserved certain categories of documents, including its communications with Virgo, and Virgo is the only potential source of its internal communications.

I.     **Background**

This action stems from a Credit Agreement through which Plaintiffs and other lenders (the "Lenders") provided funds to Our Alchemy, LLC ("Alchemy") in connection with the acquisition of Alchemy for Virgo's benefit.  Calrissian L.P., a shell company formed and owned by Virgo, is the party that formally acquired Alchemy and, importantly, guaranteed the loan.  Baker Tilly was hired by Virgo to perform due diligence regarding Alchemy's finances in advance of the purchase of Alchemy by Virgo's alter ego and agent, Calrissian.  Baker Tilly issued a draft report to Virgo stating that Alchemy had a low quality of earnings and that some of Alchemy's financial reporting

could provide a misleading view of its earnings. ECF No. 45 ("Compl.") ¶ 28. Plaintiffs allege that Virgo directed Baker Tilly to change these negative assessments in the final report and concealed them from the Lenders. *Id.*

On two occasions after the loan closed, Alchemy drew on the loan facility and immediately transferred the borrowed funds to Virgo, through Calrissian, leaving both Alchemy and Calrissian insolvent. Further, during this time, Virgo used its control of Alchemy through its subsidiary, Calrissian, to misrepresent and conceal Alchemy's financial problems from the Lenders. Alchemy soon declared bankruptcy. Compl. ¶¶ 74-75. Then, when Defendant SunTrust Bank, the administrative agent under the Credit Agreement, sought to collect on Calrissian's guaranty, Calrissian declared bankruptcy. *Id.* ¶ 9. Accordingly, although Virgo received much of the funds lent by the Lenders, the Lenders lost approximately $50 million.

Plaintiffs demanded that SunTrust, as administrative agent, bring suit against Virgo for breach of the Guaranty as Calrissian's alter ego and/or principal, but SunTrust refused. Plaintiffs therefore brought this action against SunTrust for breach of its contractual obligation to bring suit on behalf of the Lenders. A key component of Plaintiffs' claims will be establishing that the Lenders had a colorable claim against Virgo as Calrissian's alter ego or principal for breach of the Guaranty and using its alter ego status to mislead and defraud the Lenders.

Plaintiffs served subpoenas on Virgo, Calrissian, and another Virgo affiliate, Virgo Service Company, LLC ("VSC"), the general partner of Calrissian. Virgo refused to produce any documents regarding Baker Tilly or the Nu Image Arbitration. Virgo has produced only documents it had produced to the Alchemy Trustee in the adversary proceedings the Trustee had brought against Virgo for the aforementioned fraudulent transfer of funds, along with a few other categories of documents consisting mostly of Calrissian's financial documents that were publicly filed in Calrissian's bankruptcy proceedings. Plaintiffs are still reviewing the contents of this production to identify additional deficiencies—a process that has been substantially delayed by Virgo's production of documents in an unusable format—but Virgo still refuses to produce documents relating to Baker Tilly or the Nu Image Arbitration.

As the parties have already briefed the relevance of these documents (ECF Nos. 80, 81, 85, 93), for the sake of efficiency, Plaintiffs will not restate every argument they have made regarding their production, but instead offer additional reasons why it is appropriate to order the production of these documents from Virgo as well.

Plaintiffs also served subpoenas on VSC and Calrissian seeking categories of documents encompassing the Baker Tilly and Nu Image documents. When neither entity responded to the subpoenas, Plaintiffs filed a motion to compel in the District Court for the District of Delaware. *See Emigrant Bank, et al. v. Calrissian L.P. et al.*, Case No. 1:23-mc-00341-RGA-LDH (D. Del.). Calrissian and VSC failed to respond to the motion. On August 14, 2023, the Court granted the motion in its entirety. *See id.* at ECF No. 9. Plaintiffs thus have an order compelling the production of documents that would include the Baker Tilly and Nu Image documents from Calrissian and VSC, but those entities will not produce them. Although Calrissian and VSC are affiliates of Virgo—and Virgo's current counsel represented Calrissian and VSC in an action filed against them by SunTrust for breach of the Guaranty and represented Calrissian in its bankruptcy—neither Virgo nor Calrissian nor VSC ever objected to the Calrissian or VSC subpoenas or opposed the

production of documents in this forum or the District of Delaware. Therefore, the relief sought by Virgo would be inconsistent with the Order of the District of Delaware.

**II.      Virgo Should Produce Documents Related to the Baker Tilly Report**

As set forth in Plaintiffs' prior briefing (ECF No. 93), documents relating to Baker Tilly are highly relevant. Essentially, Virgo's documents related to Baker Tilly's analysis, draft report, and final report are relevant to Plaintiffs' allegations that Virgo knowingly misled Lenders regarding Alchemy's finances while improperly using its alter ego, Calrissian, to perpetuate a fraud. These issues go directly to the alter ego claim Plaintiffs demanded that SunTrust bring.

Virgo's production of documents related to Baker Tilly are even more important than Baker Tilly's production of the same. Baker Tilly has informed Plaintiffs that it likely has not retained documents other than its draft report and final report. Virgo is thus the sole source of internal and external communications regarding the Baker Tilly report and revisions to the draft.

**III.     Virgo Should Produce Documents Related to the Nu Image Arbitration**

Plaintiffs have previously explained that documents from the Nu Image Arbitration are highly relevant. ECF No. 81. The requested documents involve Virgo's control over Calrissian in the purchase of Alchemy, Calrissian's inadequate capitalization, and Virgo and Calrissian's knowledge of Alchemy's finances. The Nu Image Arbitration thus involves the same transactions, the same witnesses, the same documents, and the same fundamental inquiries as this litigation, including who managed the transaction, what Virgo knew about Alchemy's finances, and how Virgo used its control over Calrissian to shield itself from liability.

Virgo has failed to articulate any confidentiality interest in the documents, as they concern a transaction that occurred nine years ago involving a company in bankruptcy (Alchemy) and a company that is defunct (Calrissian). Thus, Virgo has expressed no justification for a protective order, particularly considering that the operative protective order in this action (ECF No. 75) will sufficiently protect confidential information, if any. Further, the District of Delaware has already ordered that categories of documents that would include these documents be produced by Virgo's affiliates Calrissian and VSC. *See supra* at 2.

Finally, in 2016, Calrissian provided to SunTrust the documents it produced in the Nu Image Arbitration (though to Plaintiffs' knowledge, transcripts, orders, and documents produced by other parties were not provided). Again, Virgo cannot articulate any reason that such documents are now confidential when one party to this action already has them.

*** 

For the reasons above, Plaintiffs oppose Virgo's anticipated motion for a protective order. Plaintiffs agree with Virgo that additional briefing on this anticipated motion is not necessary.

Respectfully submitted,

*/s/ Corey Worcester*
Corey Worcester