UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMIGRANT BANK AND PACIFIC MERCANTILE BANK,<br><br>        Plaintiffs,<br><br> v.<br><br>SUNTRUST BANK; TRUIST BANK; AND DOES 1 THROUGH 10 INCLUSIVE,<br><br>        Defendants. | Civil Action No. 1:20-cv-02391-PGG |

**[PROPOSED] AGREED ESI PROTOCOL ORDER
AND ORDER PURSUANT TO FEDERAL RULE OF EVIDENCE 502(d)**

The parties in the above-captioned action have agreed to the terms of this Agreed ESI Protocol Order as set forth below; accordingly, it is ORDERED:

This protocol describes the specifications for the production and use of electronically stored information, such as emails, electronic documents, hard copy documents (which will be converted to an appropriate electronic format as set forth below), text messages, instant messages and chat formats, audio and video files (including voicemail recordings), and any relevant structured data sources ("ESI").

Nothing in this Order is intended to abrogate the applicability of Fed. R. Civ. P. 26, 34 and 37, or to obviate the parties' respective rights and obligations under such Rules.

1. **DEFINITIONS**

Definitions will be construed according to the Federal Rules of Civil Procedure and The Sedona Conference® Glossary: E-Discovery & Digital Information Management (Fifth Edition), available at https://thesedonaconference.org/publication/The_Sedona_Conference_Glossary (last accessed June 1, 2023).

1

2.  **SEARCH METHODOLOGY**

The parties agree that they will meet and confer regarding the search terms, custodians, and date ranges ("Search Criteria") that a Producing Party plans to use to identify ESI responsive to document requests if applicable. The parties also agree to employ reasonable sampling/testing procedures to validate any applied search terms or any automated review methodology used for that party's own production. If a party chooses to utilize an automated or technology-assisted review methodology to automatically code documents for responsiveness, that party must disclose such review methodology to opposing counsel. The parties are required to engage in transparent and sincere negotiations regarding appropriate search terms and custodians for the discovery of ESI that is responsive to document requests and other discovery. These discussions have already begun, and will continue throughout discovery. If good faith negotiations do not resolve all ESI questions, the parties will bring any remaining disputes to the Court for resolution.

3.  **CUSTODIANS**

The parties will meet and confer to identify their respective custodians and data sources.

4.  **DOCUMENT PROCESSING**

4.1   <u>Hidden Data</u>.  The parties will, during processing, ensure that documents display the following, where available:

      i.    track changes (absent special circumstances, the TIFF images should show all track changes in markup form); hidden columns or rows (noting that hidden columns or rows exist in native Excel files is sufficient);

      ii.    hidden text or worksheets;

      iii.    hidden slides in native PowerPoint presentations; and

      iv.    comments (these should be visible on the TIFF images of the documents).

4.2     Upon request by the receiving party, the producing party must produce native copies of any documents containing hidden data.

**5.      DATA CULLING**

5.1     <u>Duplicates</u>.  The parties will use MD5 hash values to de-duplicate documents.  The parties will apply de-duplication on a family basis.  The parties will de-duplicate across custodians ("global de-duplication").  The parties will not de-duplicate loose electronic documents against email attachments.  The parties will not count a document containing handwritten notes, highlighting, or any other markings as a duplicate of a non-marked or annotated version of the same document.

5.2     <u>Date Range</u>.  The parties will meet and confer regarding the start date and end date to be applied to limit documents.

5.3     <u>Search Terms</u>.  The parties will meet and confer regarding the search terms to be applied to limit documents.  If any family member hits on a search term, the entire family must be included for review purposes.  To the extent one or more documents in any family are responsive to any document request, the entire family must be produced, with the exception that privileged material may be redacted or withheld.  The parties must run optical character recognition ("OCR") conversion on PDF files and other stand-alone files and email attachments that do not have text file extraction in order to make them searchable before running the searches.  The parties further agree that applying the agreed-upon search terms to a given party's collection of ESI does not by itself satisfy that party's obligations in responding to specific discovery requests; there may be categories of documents requiring collection other than by application of search terms, including without limitation documents that cannot be effectively searched following OCR conversion.

3

5.4     The parties agree that search terms, custodians, data sources and/or date ranges may need to be adjusted or supplemented as discovery proceeds.  The parties will meet and confer in a timely fashion regarding any additional search terms, custodians, data sources and/or date ranges.

**6.     PRODUCTION**

6.1     <u>Media</u>.  Any production may be produced via FTPS or HTTPS site.  Otherwise, the parties will deliver each production on a CD, DVD, or USB flash drive using overnight delivery, or if a delivery is too large to fit on two CDs, DVDs, or USB flash drives, the production will be delivered via an external hard drive using overnight delivery.  If any productions are made via physical storage hardware (including, but not limited to CDs, DVDs, USB flash drives, laptop computer, and/or external hard drives) such hardware shall be encrypted or password-protected prior to exchange.  The production media should be labeled with:

    i.    the producing party's name;

    ii.   the case name and number;

    iii.  the production volume; and

    iv.   the Bates number range.

6.2     <u>Production Format</u>.  Any files not produced in native form shall be produced as tagged image file format ("TIFF") images accompanied with an image load file, a data load file, and document-level searchable text.

    i.    Image Requirements.  A TIFF image converted from native file shall be produced as follows:

        1.    All images shall be group 4 black and white 300 dpi TIFF files named according to Bates number (although a party may request a document be produced in color if required to understand its content);

4

      2.      Requested color images will be produced in JPG format;

      3.      Hidden content, tracked changes or edits, comments, and other similar information viewable within the native file shall also be imaged so that such content is viewable on the image;

      4.      Bates numbers and confidentiality designations shall be branded to the images so that the numbers and designations print;

      5.      If a Bates number or set of Bates numbers is skipped in a production, the producing party will so note in a cover letter or production log accompanying the production;

      6.      Images shall be single page TIFFs (one TIFF file for each page); and

      7.      Each TIFF image should be assigned a Bates number that is unique and maintains a constant length across the entire document production (i.e., padded to the same number of characters).

ii.    Data Load File Requirements. The parties will produce a Relativity-compatible .dat load file with standard Concordance delimiters with each production volume. The data load file will contain all fields listed on Appendix A with a header row describing each field. The parties will also produce an Opticon-compatible .opt file to provide paths to individual Bates-numbered TIFF and JPG files.

      1.      The parties are not obligated to produce metadata from a document if metadata does not exist or if the metadata is not machine extractable, except that the parties will produce custodian metadata

            for hard-copy documents to the extent that a custodian is reasonably known or can be assigned.

      iii.    Extracted Text Requirements. The parties will provide electronically extracted text for ESI.

            1.    The parties will provide document text as separate, document-level text files not embedded in the metadata load file; and

            2.    The parties will name each text file with the unique Bates number of the first page of the corresponding document, followed by the extension "txt."

6.3    <u>Native Production</u>. The parties will produce presentations (i.e., PowerPoint), Excel and/or CSV spreadsheets, SAP systems, Schedule .XER files, and any other scheduling or program files in native form to the extent these files are possessed by the producing party in native form. The parties will replace the TIFF image with a document placeholder containing a unique Bates number and language sufficient to convey that the document was produced in native form, along with any applicable Protective Order designation. The text file will contain the extracted text of the native file. Should any TIFF images not be legible, the parties will work together to provide native versions of such documents on a case-by-case basis.

      i.    The parties will name each native file with the unique Bates number of the first page of the corresponding document, followed by the appropriate extension ("xls," "csv," or "ppt", etc.);

      ii.    The parties will provide a path to each native file in the data load file;

      iii.    When redaction is necessary, a redacted full TIFF version may be produced instead;

   iv. When documents of file types such as audio files, Access databases, Microsoft Project files, Log files, and the like cannot be converted to image files or cannot be converted without undue burden and/or expense, such documents may be produced in native format with placeholders; and

   v. The requirements of Paragraph 6.2(ii) apply equally to all documents produced in native format.

  6.4 <u>Other Files</u>.  The parties will meet and confer to discuss a suitable production format for any document types not addressed herein, including, but not limited to, text messages, Bloomberg or Slack chats, audio files, and messages from other platforms.

  6.5 <u>Bates Numbering</u>. The Bates number and any confidentiality designation should be electronically branded on each produced TIFF image of ESI. For documents produced in native format, the Bates number and confidentiality designation should be electronically branded on the document placeholder.

  6.6 <u>Prior Productions</u>. Notwithstanding the above, documents previously produced to a third party in any other proceeding, investigation, or inquiry that are to be re-produced in this action and are already formatted for production can be produced in the manner they were previously produced to the third party (although also Bates stamped for production in this case). The producing party shall also provide any information concerning production formatting and/or specifications to the extent needed by the receiving party to process, use, or interpret the previously produced documents.  Notwithstanding the foregoing, the parties expressly reserve all objections to any such request for documents.

7.  **CONFIDENTIALITY**

Confidentiality of documents produced will be designated in accordance with the Protective Order entered in the above-captioned case.

8.  **PRIVILEGE**

8.1  Privilege Log.  The parties will provide a privilege log that complies with Rule 26 for any document withheld in whole or in part (i.e., redacted) based upon a claim of privilege on a rolling basis within 30 days after production.  The parties further agree to meet and confer regarding the production of a privilege log prior to any deposition(s) as necessary.  The privilege log will include the basis of the privilege claimed ((a) AC for Attorney/Client, (b) WP for Attorney Work Product, (c) CI for Common Interest; and/or (d) OTH for Other), a description sufficient to allow the receiving party to assess the privilege claim (although for descriptions, categorical privilege designations consistent with Local Rule 26.2(c) are permitted), and include the metadata fields (where available) as identified on Appendix A.

8.2  A party is required to include only one entry on the privilege log to identify each withheld e-mail string that constitutes an uninterrupted dialogue between or among individuals (an "E-mail Chain"). The privilege log entry for any withheld or redacted E-mail Chain must identify:

    i.  The senders and recipients of all e-mails that are part of the E-mail Chain.

8.3  Privilege logs must be provided in Microsoft Excel format.

8.4  The privilege log rules discussed herein may be modified for certain categories of privileged documents as agreed to by the parties in the course of discovery.

9.  **APPLICATION OF FEDERAL RULE OF EVIDENCE 502(d)**

9.1  In order to allow for expeditious production of documents, pursuant to Federal Rule of Evidence 502(d), a Party may, at its sole option, produce materials without detailed, or any,

review to determine whether the production includes Privileged Material.  The production of such privileged or work-product protected documents, ESI or other information is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.  This Stipulation and Order does not preclude a party from intentionally waiving any claims of privilege or protection.

        9.2     If information produced is subject to a claim of privilege or work-product protection, the party making the claim may notify any party that received the information of the claim and the basis for it.  After being notified,  the receiving party must (i) immediately cease the review and use of the disclosed document or information, except to the extent necessary to determine and/or contest the privilege or protection; (ii) if the receiving party does not challenge the assertion, return, sequester, or destroy the disclosed document or information, as well as any and all copies thereof; and (iii) if the receiving party does not challenge the assertion, destroy or sequester any references to the erroneously or inadvertently disclosed document or its contents.

        9.3     The receiving party may move the Court for an order compelling production of the inadvertently produced information, but the motion shall not assert protection was waived as a result of inadvertent production.  If a claim is disputed, the receiving party shall not use or disclose the relevant information  (except as necessary to determine and/or contest the privilege or protection) until the matter is resolved by agreement of the parties or by a decision of the Court.

SO STIPULATED AND AGREED.

Dated: September 5, 2023

| | |
|---|---|
| */s/ Corey Worcester* | */s/ David Tetrick, Jr.* |
| Corey Worcester | Peter Isajiw |
| Leigha Empson | Kenneth B. Fowler |
| 51 Madison Ave., 22nd Floor | 1185 Avenue of the Americas |
| New York, NY 10010 | New York, NY 10036 |
| Tel: (212) 849-7000 | Telephone: (212) 556-2235 |
| Fax: (212) 849-1000 | Facsimile: (212) 556-2222 |
| coreyworcester@quinnemanuel.com | pisajiw@kslaw.com kfowler@kslaw.com |
| leighaempson@quinnemanuel.com | |
| | David Tetrick, Jr. |
| Gary E. Gans (pro hac vice) | 1180 Peachtree Street, NE |
| Sage R. Vanden Heuvel (pro hac vice) | Suite 1600 |
| 865 S. Figueroa Street, 10th Floor | Atlanta, GA 30309 |
| Los Angeles, CA 90017 | Telephone: (404) 572-3526 |
| Telephone: (213) 443-3000 | dtetrick@kslaw.com |
| Facsimile: (213) 443-3100 | *Counsel for Defendants SunTrust Bank* |
| garygans@quinnemanuel.com | *and Truist Bank* |
| sagevandenheuvel@quinnemanuel.com | |

*Counsel for Plaintiffs Emigrant Bank
and Pacific Mercantile Bank*

SO ORDERED

Dated:
    New York, New York

                                         The Honorable Paul G. Gardephe
                                         United States District Judge

## Appendix A

| Field Name | Description |
| --- | --- |
| BatesBegin | The first page of the document |
| BatesEnd | The last page of the document |
| AttachBegin | The first page/doc of the first parent of an attachment family. (e.g., ABC000001). |
| AttachEnd | The last page/doc of the last attachment. (e.g., ABC000019). |
| Custodian | Custodian name |
| Confidentiality | The text demonstrating the confidential level of the document (e.g., Confidential, Highly Confidential, etc.) |
| Email Subject | E-mail subject |
| Email To | The values in the original "To" field for emails. |
| Email From | The values in the original "From" field for emails. |
| Email CC | The values in the original "CC" field for emails. |
| Email BCC | The values in the original "BCC" field for emails. |
| Time Sent | Time the e-mail was sent in Eastern Standard Time |
| Date Sent | Date the e-mail was sent |
| Date Received | Date the e-mail was received |
| Time Received | Time the e-mail was received in Eastern Standard Time |
| Document Title | Title field value extracted from the metadata of the native file |
| Document Type | A reference to the application that created the file, for example "Word Document" or "Excel Spreadsheet" |
| File Name | Original file name |
| File Path | The path the original native file (excluding name and file extension) |
| File Size | File size of the native file in bytes. |
| Date Created | Date the file was created (not applicable to e-mails that were sent or received) |

| Field Name | Description |
|---|---|
| Date Modified | Date the file was last modified (not applicable to e-mails that were sent or received) |
| Extracted Text Path | File path to the extracted text/OCR file, or the extracted/OCR file link (e.g. ABC001\Text\001\ABC000001.txt) |
| Native File Path | File path to the native file, or the native file link (e.g., ABC001\Native\001\ABC000001.xls) |
| MD5Hash | Unique "fingerprint" that exists for every document. This identifier is used for identification of exact duplicate documents. |
| Parent Date | For emails and email attachments, shows the date the parent email was sent or received. For other documents, shows the last date modified. |