# EXHIBIT 9

**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(213) 443-3210**

WRITER'S EMAIL ADDRESS
**garygans@quinnemanuel.com**

October 16, 2023

<u>VIA EMAIL</u>

Andrea L. Kim                          Emanuel C. Grillo
Daniels & Tredennick PLLC              Allen & Overy LLP
6363 Woodway, Suite 700                1221 Avenue of the Americas
Houston, Texas 77057                   New York, New York 10020
andrea@dtlawyers.com                   Emanuel.Grillo@allenovery.com

Re:   <u>*Emigrant Bank, et al, v. SunTrust Bank, et al.*, Case No. 1:20-cv-02391-PGG-OTW</u>
      <u>(S.D.N.Y.)</u>

Counsel:

　　　　We write on behalf of Plaintiffs Emigrant Bank and Pacific Mercantile Bank ("Plaintiffs") in response to your September 15, 2023 letter and regarding Virgo Investment Group LLC's ("VIG's") document production. We further write to notify you of certain depositions of VIG witnesses that Plaintiffs intend to take in the above-captioned matter.

**I.       DEFICIENCIES IN VIG'S PRODUCTION**

　　　　Plaintiffs' September 11, 2023 letter set forth several deficiencies in VIG's production, including but not limited to the absence of a meaningful number of internal VIG communications or any documents prior to August 18, 2014 (the date of the Alchemy acquisition and weeks after Calrissian was formed). Among these missing documents are those related to Calrissian's formation, the negotiation of the relevant Credit Agreements and related agreements, and documents related to VIG's due diligence prior to the Alchemy acquisition. These deficiencies are not surprising given VIG's insistence that a re-production of its production to the Alchemy trustee (without providing Plaintiffs with the search parameters for such production) would be sufficient. VIG now insists that Plaintiffs have not adequately identified deficiencies because, although Plaintiffs have identified the types of communications with categories of recipients that are missing, Plaintiffs have not sufficiently described "the substance of the documents they believe are missing." VIG September 15, 2023 Letter at 1.

**quinn emanuel urquhart & sullivan, llp**

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE
LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH

Contrary to your assertions, Plaintiffs are under no obligation to describe in further detail the "substance" of the documents VIG has failed to produce. Plaintiffs cannot see the documents that VIG is choosing to withhold; therefore it would be impossible to describe the documents or their contents. Moreover, your request is inconsistent with Rules 45 and 26. Plaintiffs are under no obligation to set forth the exact substance of the documents they seek; they need only "identif[y] with reasonable clarity the kinds of documents that are sought." *Pullen v. Arrow Fin. Servs., LLC*, 2002 WL 32864712, at *3 (D. Conn. Oct. 17, 2002).

Plaintiffs have repeatedly satisfied this basic requirement. Your letter misrepresents our September 11, 2023 letter by asserting that "[a]t most, Plaintiffs identify recipients of documents they believe should be contained in the production." This is an incomplete summary of our prior letter, which—as explained above—identified numerous requests from the May 9, 2023 subpoena issued to VIG that were not covered sufficiently or at all by VIG's document production. At a minimum, we informed you that VIG has not produced a meaningful number of—or any—documents in response to any of the below requests:[1]

- Request No. 1: Documents related to the formation of Calrissian.

- Request Nos. 9-11: Documents related to the negotiation of the Credit Agreement, Guaranty Agreement, and Joinder Agreement.

- Request No. 12: Documents related to VIG's due diligence before the Alchemy Transaction.

These requests are facially clear, and Plaintiffs are under no greater obligation to guess what the exact substance of documents responsive to these requests might be. Furthermore, we identified a substantial number of requests—specifically, Request Nos. 2-8, 13-18, and 21—to which VIG's communications with SunTrust and internal Virgo communications (as defined in our September 11 Letter) would be responsive. Beyond identifying the expected senders and recipients of documents responsive to these requests, it is impossible for Plaintiffs to identify the substance of responsive documents in any greater detail.

Plaintiffs have offered repeatedly to negotiate document custodians and/or search terms that could reduce VIG's burden as it searches for responsive documents in its possession, custody, or control. Plaintiffs have also offered to review the search methodology used by VIG in the Alchemy Bankruptcy, so Plaintiffs may better understand what documents VIG has already searched for to avoid any duplicative efforts. However, we have received no response to these multiple offers.

VIG has not and cannot dispute that it has failed to produce documents responsive to the above requests, and VIG's production is missing several categories of correspondence and documents Plaintiffs have requested. It appears that your most recent letter requesting an even

---

[1] VIG has also failed to produce documents regarding Baker Tilly or the Nu Image Arbitration (Request Nos. 19 & 22), and the parties' dispute over those categories is presently pending before the Court.

more specific summary of the documents Plaintiffs are seeking is just a tactic to delay discovery further.  Therefore, Plaintiffs believe that we are at an impasse unless VIG promptly agrees to produce non-privileged documents that are responsive to the above requests and are within VIG's possession, custody, or control, including responsive internal Virgo communications and responsive documents and communications predating August 2014.  We therefore ask that you respond to this portion of our letter no later than **Thursday, October 19.**

Plaintiffs reserve all rights, including the right to move to compel production of documents in response to the subpoena.

## II.   DEPOSITIONS OF VIG WITNESSES

We also write to inform you that Plaintiffs intend to notice third-party depositions of the below individuals, who are current or former officers and employees of VIG and/or its subsidiaries and affiliates:

- A representative of VIG to provide testimony pursuant to Fed. R. Civ. P. 30(b)(6) regarding, *inter alia*, the Alchemy Transaction and the relationships among VIG, Virgo Onshore, Virgo Offshore, Virgo Service Company, and Calrissian[2]

- Mark Perez

- Jesse Watson

- Chris MacDonald

Third-party discovery in this matter concludes on December 7, 2023.  Therefore, we request that you promptly provide us with dates on which the above individuals are available for depositions.  Plaintiffs will serve notices for depositions of the above individuals once we reach agreement on dates and locations.

Regards,

*/s/ Gary Gans*

Gary Gans

---

[2]   Plaintiffs provide these topic exclusively for the sake of clarity, and will serve a complete set of 30(b)(6) topics in due course.