**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
EMIGRANT BANK AND PACIFIC MERCANTILE BANK,

                        Plaintiffs,

        -against-

SUNTRUST BANK et al.,

                        Defendants.
---------------------------------------------------------------x

20-cv-2391 (PGG) (OTW)

**OPINION AND ORDER**

**ONA T. WANG, United States Magistrate Judge:**

This case involves multiple contracts, multiple lenders, and two bankruptcies in a leveraged buyout gone south. The Court assumes familiarity with the general facts as well as the naming conventions for all the relevant parties and non-parties referenced. Plaintiffs are two lenders, Pacific Mercantile Bank ("PMB") and Emigrant Bank, suing Defendant SunTrust Bank ("SunTrust") as administrative agent of the lenders, for failing to sue the non-party Virgo entities under an alter ego theory for non-party (and bankrupt) Calrissian L.P.'s ("Calrissian") alleged breach of a Guaranty Agreement. (*See generally* ECF Nos. 65, 80, 85, 108, 111, 118, and 127). Various third-party discovery disputes have been referred to me. (ECF 88). They concern three subpoenas served by Plaintiffs:

1. Subpoena to Baker Tilly, dated May 8, 2023,
2. Subpoena to Nu Image, dated May 9, 2023, and
3. Subpoena to VIG, dated May 8, 2023.

I will address each in turn.

1. **Baker Tilly Subpoena**

After my September 20, 2023, status conference, Plaintiffs narrowed the scope of the requested documents to Baker Tilly's draft and final due diligence reports to VIG, together with correspondence with VIG regarding the reports. (ECF 118 at 5). It is undisputed that all the parties, Baker Tilly, and the Virgo Parties had access to the same data room containing Alchemy's documents. The only new information to be gained from the narrowed Baker Tilly subpoena would thus be Baker Tilly's (work product) analysis of Alchemy. Plaintiffs do not explain how this report, provided only to VIG and/or the Virgo parties, analyzing documents that were available to all parties, would shed any light on SunTrust's decision not to pursue claims against Virgo on the basis that Virgo was Calrissian's alter ego. Indeed, any evidence that VIG was Calrissian's alter ego (or that VIG hid that alleged fact) – even if relevant or necessary to <u>this</u> case – would not be found in Alchemy's data room or Baker Tilly's analysis of Alchemy documents. Accordingly, directing production of documents responsive to the Baker Tilly subpoena, even in its narrowed form, would not be proportional to the needs of this case.

Virgo's motion for a protective order (ECF 85) is **GRANTED**.

2. **Nu Image Subpoena**

Plaintiffs have similarly limited their requests under the Nu Image subpoena to "filings, rulings, transcripts, expert reports and exhibits from the Nu Image arbitration," and expressly state that they do not seek Nu Image's document production in the arbitration. (ECF 80 at 3; ECF 118 at 5). Nonetheless, requiring production of the Nu Image confidential arbitration documents would not be proportional to the needs of this case.

The claims in the Nu Image arbitration arise from a 2014 Purchase Agreement that predates the credit and guaranty agreements at issue in this case. (*See* ECF 80 at 2-3). The 2014 Purchase Agreement was executed by Calrissian and two Virgo entities to purchase all the outstanding equity of Alchemy from Nu Image, the sellers. *Id.* at 3. Calrissian withheld certain post-closing payments from Alchemy on the ground that Alchemy had misrepresented its financial condition before the sale and breached other provisions of the Purchase Agreement. *Id.* On February 29, 2016, Nu Image then commenced a confidential arbitration against Calrissian and the Virgo funds that had purchased Alchemy. *Id.* Alchemy filed its voluntary petition for Chapter 7 relief on July 1, 2016. *Id.* In 2018, the Alchemy Trustee commenced an adversary action against several defendants including the Virgo parties. *Id.* In 2021, after this action was commenced, the Alchemy Trustee settled the claims against the Virgo parties. *Id.* Plaintiffs opposed the settlement "solely with respect to the settlement contemplating a bar order in favor of the Virgo [p]arties, Perez, and Watson," the subjects of the Virgo subpoena. *Id.* at 3-4. On October 13, 2022, the Alchemy Trustee successfully obtained a bar order in the Alchemy bankruptcy that directs that Plaintiffs "may not pursue causes of action or theories of recovery in the State Court Litigation[1] against a [Virgo] party on the basis that that party was the alter ego of" Alchemy. *Id.* at 4.

I had expressed concern at the September conference that the third-party discovery sought should not be compelled in light of the tortured litigation history among these parties and non-parties (*see* ECF 107), and Plaintiffs have not convinced me otherwise. As Judge

---

[1] *See Emigrant Bank v. Virgo Investment Group LLC*, No. 654350/2021. On July 7, 2021, Plaintiffs sued the Virgo parties in state court for damages arising from the same disputes settled in the trustee action.

Gardephe has said, the instant case is "a dispute about what the language in the parties' agreements means, whether it's sufficiently clear or whether it's ambiguous." (ECF 127 at 22). More specifically, Plaintiffs' claim appears to be whether SunTrust was contractually obligated to pursue a claim against the Virgo parties that some subset of them were alter egos of Calrissian and/or Alchemy, without requiring they be indemnified for costs, and whether SunTrust's refusal to do so was within its discretion under the Credit Agreement. *See, e.g.*, *id.* at 19. What the Virgo entities knew or did,[2] or filed in a closed arbitration, is irrelevant to this claim.

Virgo's motion for a protective order (ECF 80) is **GRANTED**.

3. **Virgo Subpoena**

Through the coordinated efforts with these third-party subpoenas, Plaintiffs are effectively pursuing the litigation that the Bankruptcy Court barred them from pursuing in state court, and which SunTrust refused to pursue on their behalf. (*See* ECF 124 at 2: "the Subpoena requests documents relevant to whether an alter ego or agency claim would have been successful.").

Neither the Calrissian nor the Alchemy Trustee, exercising his fiduciary duties, pursued recovery from the Virgo parties beyond the Alchemy settlement referenced at ECF 80 at 3-4, which was approved by the Bankruptcy Court. (ECF 119-13). The Alchemy Trustee sought and obtained a bar order against Plaintiffs. (ECF 80 at 4; ECF 118-10). While the bar order on its face only applies to the state court litigation, it was entered in part to resolve the Trustee's motion

---

[2] Whether the Virgo entities were in fact alter egos of Calrissian or Alchemy, is also of limited applicability here. Indeed, neither the Calrissian nor the Alchemy Trustees, exercising the fiduciary duties, pursued recovery from the Virgo parties beyond the Alchemy settlement referenced at ECF 80 at 3-4, which was approved by the Bankruptcy Court. (ECF 119-13).

for sanctions for Plaintiffs' alleged violation of the automatic stay by filing the state court litigation in the first place. (*See* ECF 118-10). Indeed, Plaintiffs' claims here seem to be an acknowledgement that they indeed lacked standing to pursue alter ego claims against the Virgo parties, while their third-party discovery here seems aimed to prove the very claims that they were told not to bring, and which the Calrissian and Alchemy Trustee – exercising his fiduciary duties – elected not to bring. (*See, e.g.*, ECF 119-10, Calrissian Conversion Hearing Transcript).

Accordingly, Plaintiffs' motion to compel further compliance with the Virgo subpoena is **DENIED**, and Virgo's motion for a protective order is **GRANTED**.

Resolution of the disputes regarding these subpoenas appears to be the only outstanding third-party discovery, which should now be closed. These orders are issued without prejudice to recovery or apportionment of costs under Rule 37(a)(5), but any proposed motions under Rule 37(a)(5) are **STAYED** pending resolution of the case.

**SO ORDERED.**

Dated: November 13, 2023
New York, New York

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge