UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMIGRANT BANK; AND PACIFIC MERCANTILE BANK,<br><br>                       Plaintiffs,<br><br>-against-<br><br>SUNTRUST BANK; TRUIST BANK; AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>                       Defendants. | Case No. 1:20-cv-02391-PGG-OTW |

**PLAINTIFFS EMIGRANT BANK AND PACIFIC MERCANTILE BANK'S
OBJECTION TO MAGISTRATE JUDGE WANG'S OCTOBER 30, 2023 ORDER**

Plaintiffs Emigrant Bank ("Emigrant") and Pacific Mercantile Bank ("PMB") respectfully submit, under Federal Rule of Civil Procedure 72(a), this Objection to Magistrate Judge Wang's October 30, 2023 Order (ECF No. 125, the "October 30 Order"). The October 30 Order denied as moot Plaintiffs' request for a pre-motion conference regarding a motion to compel non-party Virgo Investment Group, LLC ("VIG") to produce certain documents in response to Plaintiffs' May 8, 2023 document subpoena. ECF No. 124 (the "Letter Motion"). The October 30 Order denying Plaintiffs' Letter Motion as "moot" was clearly erroneous and contrary to law. *Fifteen of the seventeen Requests* at issue in the Letter Motion were not at issue in any discovery disputes pending before Magistrate Judge Wang and thus were not moot when raised or when the October 30 Order was issued.

Earlier today, Magistrate Judge Wang issued an order addressing the substance of the subpoena at issue (ECF No. 131 [the "November 13 Order"]), to which Plaintiffs intend to

object.[1]  However, Plaintiffs file this Objection to preserve their right to dispute the October 30 Order's ruling that Plaintiffs' Letter Motion was moot when filed.

## FACTUAL AND PROCEDURAL BACKGROUND

This action stems from an Amended and Restated Revolving Credit and Term Loan Agreement (the "Credit Agreement") entered into by Plaintiffs, Defendant SunTrust Bank,[2] and non-party Preferred Bank (collectively, the "Lenders").  In the Credit Agreement, the Lenders established a $59.5 million loan facility for the borrower, Our Alchemy LLC ("Alchemy").  Repayment of the loans was guaranteed by Calrissian, L.P. ("Calrissian"), a shell company created by VIG and its affiliates (collectively, "Virgo"), pursuant to a Guaranty Agreement.  SunTrust is the Administrative Agent under the Credit Agreement, entrusted with the duty to protect the Lenders' rights by taking certain actions on behalf of the Lenders.

Soon after execution of the Credit Agreement, Alchemy and Calrissian declared bankruptcy.  Plaintiffs—as majority-stake Lenders—invoked their right under the Credit Agreement to demand that SunTrust sue Virgo for breach of the Guaranty Agreement under an alter ego or agency theory.  SunTrust refused to comply.  *See generally* ECF Nos. 1, 45.

SunTrust has raised the defense that Plaintiffs "must prove that . . . Virgo is the alter ego of Calrissian" but that "Plaintiffs lack sufficient evidence to make that showing."  *E.g.*, ECF No. 91 (SunTrust's Amended Answer) at 24.  Thus, although on its face this action is for breach of contract, whether Plaintiffs have sufficient evidence to show that Virgo was the alter ego of Calrissian is a critical issue, one that requires VIG's documents and communications.

---

[1]  Plaintiffs respectfully request that the Court consider this Objection in conjunction with Plaintiffs' forthcoming objection to the November 13 Order at ECF No. 131, as they relate to the same subpoena to VIG.

[2]  Defendants SunTrust Bank and Truist Bank are referred to collectively herein as "SunTrust."

To rebut SunTrust's defense and demonstrate the viability of Plaintiffs' underlying claim that Virgo was liable for breach of the Guaranty Agreement as Calrissian's alter ego or principal, Plaintiffs timely issued subpoenas in May 2023 to, among others, VIG, Nu Image, Inc. ("Nu Image"), and Baker Tilly US LLP ("Baker Tilly"). Nu Image sold Alchemy to Virgo and later brought an arbitration against Virgo and Calrissian for failure to pay the full purchase price (the "Nu Image Arbitration"). Plaintiffs sought documents related to the Nu Image Arbitration, as they are relevant to Virgo's control over Calrissian and its knowledge regarding Alchemy's finances. Baker Tilly, meanwhile, is an accounting firm that conducted due diligence into Alchemy prior to Virgo's purchase of the company through Calrissian. Plaintiffs allege that Virgo directed Baker Tilly to alter its report on Alchemy's finances in order to conceal and misrepresent Alchemy's true financial state to induce the Lenders to enter into the Credit Agreement and accept a guaranty of the loans from Calrissian.

Baker Tilly and Nu Image were willing to produce documents in response to their subpoenas, but VIG moved to intervene and sought a protective order prohibiting Baker Tilly or Nu Image from producing responsive documents. ECF Nos. 80, 85. On July 19, 2023 this Court assigned the disputes relating to the Nu Image and Baker Tilly subpoenas to Magistrate Judge Wang. ECF No. 88. In August, VIG filed a pre-motion letter seeking a protective order as to Request Nos. 19(b) and 22 in the subpoena issued to VIG, which sought documents related to Baker Tilly and the Nu Image Arbitration. ECF Nos. 97, 99. Magistrate Judge Wang presided over a hearing on these issues on September 20, 2023, and the parties submitted supplemental briefing. ECF Nos. 118-20.

While the disputes regarding the Nu Image and Baker Tilly documents were pending, Plaintiffs sought to compel VIG to produce other categories of documents responsive to the

3

subpoena to VIG. ECF No. 124. Plaintiffs' Letter Motion sought three categories of documents from VIG: (i) Virgo's internal documents and communications responsive to Request Nos. 1-2, 4-6, 8-12, 14, 16-19, and 21-22; (ii) documents responsive to Request No. 19(b) (relating to a due diligence report by Baker Tilly); and (iii) documents responsive to Request No. 22 (relating to an arbitration between VIG and Nu Image). ECF No. 124. Fifteen of the Requests in category (i)—which sought Virgo's internal documents and communications—were not pending before the Court prior to Plaintiffs' filing of the Letter Motion. VIG has acknowledged that these Requests were excluded from the issues briefed before Magistrate Judge Wang. *See, e.g.*, ECF No. 97 at 2 ("the parties continue to discuss, and have not yet reached impasse, on the remaining 20 VIG Subpoena Requests").

Approximately one hour after Plaintiffs filed their pre-motion letter, Magistrate Judge Wang issued the October 30 Order. The October 30 Order denied Plaintiffs' request for a pre-motion conference as "moot," holding that the Letter Motion involved "the same subpoenas and the same dispute" as VIG's prior requests, and that "another conference before Judge Gardephe on the same issue that is currently pending before me would be a waste of judicial resources." ECF No. 125. The October 30 Order did not address the fifteen new Requests at issue in Plaintiffs' Letter Motion.

On November 13, 2023, Magistrate Judge Wang issued a ruling on the prior disputes with VIG. In the November 13 Order, Magistrate Judge Wang granted VIG's motions for a protective order as to the Baker Tilly subpoena, the Nu Image subpoena, and the VIG subpoena. ECF No. 131.[3] Magistrate Judge Wang also ruled that Plaintiffs' motion to compel further

---

[3] Although Magistrate Judge Wang suggested that the resolution of the pending disputes between Plaintiffs and VIG regarding the subpoenas at issue "appears to be the only outstanding third-party discovery, which should now be closed" (ECF No. 131 at 5), Plaintiffs note that there

compliance with the VIG subpoena was denied. ECF No. 131 at 5. Plaintiffs intend to object to the November 13 Order under Federal Rule of Civil Procedure 72, but make this present Objection to preserve their rights as to the October 30 Order only.

## **ARGUMENT**

The October 30 Order was clearly erroneous and contrary to law, since it denied the Letter Motion as moot when at least fifteen of the seventeen Requests had never previously been briefed. As described above (*see supra* at 3), the discovery disputes pending before Magistrate Judge Wang related to VIG's requests for a protective order relating to: (i) the subpoena issued to Nu Image (ECF Nos. 80, 81); (ii) the subpoena issued to Baker Tilly (ECF Nos. 85, 93); and (iii) Request Nos. 19(b) and 22 of the subpoena served on VIG (ECF Nos. 97, 99). Plaintiffs' Letter Motion, on the other hand, sought to compel VIG to produce documents responsive to the following Requests:

- Request Nos. 1-2, 4, 6 (The formation, capitalization, finances, and management of Calrissian);

- Request No. 5 (Virgo's management of Alchemy, which it owned through Calrissian);

- Request Nos. 9-11, 14 (The relevant contracts at issue in this litigation);

- Request No. 12 (VIG's due diligence conducted prior to its acquisition of Alchemy through Calrissian);

- Request Nos. 16, 17 (The decision to terminate Alchemy's CEO and CFO);

- Request No. 19 (Alchemy's borrowing base certificates, which Plaintiffs allege were artificially inflated by Alchemy and by Virgo);[4]

---

are various other outstanding disputes, including VIG's anticipated motions to quash four deposition subpoenas served on VIG witnesses and a document subpoena served on Calrissian's financial services provider. See ECF No. 130 at 4.

[4] Although subpart (b) of Request No. 19 was at issue in VIG's letter motion, subparts (a) and (c)-(f) have not been briefed and were not at issue in that motion.

- Request No. 21 (Calrissian's bankruptcy); and

- Request No. 22 (The Nu Image Arbitration).

Only two of these seventeen Requests (Nos. 19 and 22) were even partially at issue in any of the previous motions pending before Magistrate Judge Wang. ECF No. 124. Meanwhile, the vast majority of Requests at issue in the Letter Motion (15 of 17) had not been previously briefed and were not pending. Thus, Plaintiffs' Letter Motion was not moot. *See, e.g.*, *United States v. Chapline*, 2019 WL 10270831, at *8 (W.D.N.Y. Oct. 30, 2019) (deeming discovery motion "moot" where it was "previously resolved"); *S.E.C. v. SBM Inv. Certificates, Inc.*, 2012 WL 706999, at *1 (D. Md. Mar. 2, 2012) (denying discovery motion as "moot" where it was "previously resolved"). While the October 30 Order erroneously ruled that a pre-motion conference "would be a waste of judicial resources," such a conference would have provided Plaintiffs an opportunity to argue the merits of the fifteen Requests at issue. None of these fifteen Requests were at issue in the prior briefing or the September 20, 2023 hearing before Magistrate Judge Wang. For these reasons, Plaintiffs' Objection to the October 30 Order should be sustained.

The October 30 Order further erred in denying Plaintiffs' Letter Motion since it did not address the merits of Plaintiffs' argument for an order compelling VIG's production of documents. In the November 13 Order issued earlier today, Magistrate Judge Wang ruled on the substance of Plaintiffs' Letter Motion. The November 13 Order granted VIG's motions for protective orders and ruled, *inter alia*, that the discovery sought by Plaintiffs was irrelevant and not proportional to the needs of the case.[5] The November 13 Order is also clearly erroneous and

---

[5] Contrary to SunTrust's defense that Plaintiffs "must prove that . . . Virgo is the alter ego of Calrissian" (ECF No. 91 at 24), Magistrate Judge Wang ruled that "[w]hat the Virgo entities knew or did . . . is irrelevant to this claim" (ECF No. 131 at 4), and "[w]hether the Virgo

contrary to law, and Plaintiffs intend to file an objection to the November 13 Order in due course.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court sustain their Objection to the October 30 Order. Plaintiffs further request that the Court consider this Objection in conjunction with Plaintiffs' forthcoming objection to the November 13 Order.


Dated: New York, New York
       November 13, 2023

                                        QUINN EMANUEL URQUHART &
                                          SULLIVAN, LLP

By: */s/ Corey Worcester*
     Corey Worcester
     Leigha Empson
     51 Madison Avenue, 22nd Floor
     New York, NY 10010
     Telephone: (212) 849-7000
     Facsimile: (212) 849-7100

     Gary E. Gans (*pro hac vice*)
     Sage R. Vanden Heuvel (*pro hac vice*)
     865 S. Figueroa Street, 10th Floor
     Los Angeles, CA 90017
     Telephone: (213) 443-3000
     Facsimile: (213) 443-3100

     *Attorneys for Plaintiffs Emigrant Bank and Pacific Mercantile Bank*

---

entities were in fact alter egos of Calrissian or Alchemy, is also of limited applicability here" (*id.* at 4 n.2).