**ALLEN & OVERY**

**BY ECF**

The Honorable Paul G. Gardephe
United States District Court
40 Foley Square
New York, NY 10007-1312

Allen & Overy LLP
1221 Avenue of the Americas
New York, NY 10020

Tel	+1 857 353 4500
Fax	+1 857 353 4599
Direct line	212 610 6384
Emanuel.Grillo@AllenOvery.com

November 16, 2023

*Re: Emigrant Bank and Pacific Mercantile Bank v. SunTrust Bank et. al.,* **20-cv-02391 (PGG)**

Dear Judge Gardephe,

We write in our role as co-counsel with Daniels & Tredennick PLLC, on behalf of non-parties Virgo Investment Group LLC ("VIG"), Virgo Societas Partnership III (Offshore), L.P. ("Offshore"), and Virgo Societas Partnership III (Onshore) ("Onshore" and collectively with VIG and Offshore, the "Virgo Parties"), to request a pre-motion conference to discuss outstanding third-party discovery and any necessary motions under Rule 26(c)(1) to be filed by the Virgo Parties in light of Magistrate Judge Wang's November 13 order granting VIG a protective order and denying plaintiffs Emigrant Bank and Pacific Mercantile Bank's (together "Plaintiffs") motion to compel. *See* ECF 131 ("Opinion and Order").

As this Court is now aware from Plaintiffs' request to modify the scheduling order, ECF 130, Plaintiffs served a *second* wave of additional subpoenas seeking both documents and testimony from, or concerning, the Virgo Parties. This second wave, which Plaintiffs sent out after Magistrate Judge Wang made clear in the September 20th hearing before her that the scope of third party discovery was going to be curbed, includes yet *another* duplicative, untimely, and irrelevant document subpoena dated October 17, 2023, directed to SS&C Technologies, Inc. ("SS&C") (the "SS&C Subpoena"), the Virgo Parties' fund administrator,[1] as well as three percipient deposition subpoenas directed to VIG current and former officers—Mark Perez, Jesse Watson, and Chris MacDonald—and an overbroad and burdensome 30(b)(6) subpoena served on VIG. The corporate deposition subpoena includes a demand for twelve unbounded topic requests (collectively, the "Virgo Deposition Subpoenas").[2] Given Magistrate Judge Wang's carefully considered and well-reasoned opinion, which limits discovery to facts that bear on ***SunTrust's*** decision not to pursue claims against Virgo, and excluded discovery on "what the Virgo Entities knew or did," ECF 131 at 4, the materials sought by these subpoena fall squarely outside of the scope of relevancy in this Action.

---

[1]	The SS&C Subpoena (without appendices) is attached hereto as **Exhibit 1**. Filings made to this action's docket are referenced as "ECF."

[2]	The Virgo Deposition Subpoenas are attached hereto as **Exhibit 2** (Mark Perez), **Exhibit 3** (Jesse Watson), **Exhibit 4** (Chris MacDonald), and **Exhibit 5** (VIG 30(b)(6)).

Allen & Overy LLP is a limited liability partnership registered in England and Wales with registered number OC306763. It is authorized and regulated by the Solicitors Regulation Authority of England and Wales (SRA number 401323). Allen & Overy LLP is a multi-jurisdictional law firm with lawyers admitted to practice in a variety of jurisdictions. A list of the members of Allen & Overy LLP and their professional qualifications is open to inspection at its registered office, One Bishops Square, London, E1 6AD and at the above address. The term partner is used to refer to a member of Allen & Overy LLP or an employee or consultant with equivalent standing and qualifications.

Allen & Overy LLP or an affiliated undertaking has an office in each of: Abu Dhabi, Amsterdam, Antwerp, Bangkok, Beijing, Belfast, Boston, Bratislava, Brussels, Budapest, Casablanca, Dubai, Dublin, Düsseldorf, Frankfurt, Hamburg, Hanoi, Ho Chi Minh City, Hong Kong, Istanbul, Jakarta (associated office), Johannesburg, London, Los Angeles, Luxembourg, Madrid, Milan, Munich, New York, Paris, Perth, Prague, Rome, San Francisco, São Paulo, Seoul, Shanghai, Silicon Valley, Singapore, Sydney, Tokyo, Warsaw, Washington, D.C.

In light of Judge Wang's Opinion and Order, the SS&C Subpoena and the Virgo Deposition Subpoenas should be withdrawn. However, Plaintiffs have stated that they intend to file an Objection to Judge Wang's Opinion and Order. ECF 132 at 7. For the sake of judicial efficiency and to conserve the resources of the Parties, we therefore respectfully request a conference to discuss the Virgo Parties' forthcoming motion practice to end the Plaintiffs' costly, scorched-earth campaign against the Virgo Parties because, for the same reasons underlying Magistrate Judge Wang's Opinion and Order, this second wave of third-party discovery is equally irrelevant to any of the merits of the claims in this Action.

## I. MAGISTRATE JUDGE WANG'S OPINION AND ORDER

The Opinion and Order appropriately limits the scope of discovery in this Action to only the facts truly at issue in the dispute between the banks which are parties to the action. Plaintiffs' counsel have continuously stated that Plaintiffs seek discovery from the Virgo Parties because in order to be successful in this Action, they must prove that a unspecified Virgo entity was the alter ego of Calrissian. After careful consideration of the parties' voluminous briefing on three sets of pre-motion letters, ECF 80, 85, 93, 97, 99, 124, allowing the parties to be heard at an in-person hearing on September 20, and even ordering, and considering, supplemental briefing on several pertinent issues that bear on the dispute, ECF 118, 119, Magistrate Judge Wang disagreed. ECF 131. Instead, she concluded that "[w]hether the Virgo entities were in fact alter egos of Calrissian or Alchemy, is also of limited applicability here." *Id.* at 4 n.2. Judge Wang correctly identified that the Plaintiffs' case instead centers on "whether SunTrust was contractually obligated to pursue a claim against the Virgo parties that some subset of them were alter egos of Calrissian and/or Alchemy, without requiring they be indemnified for costs, and whether SunTrust's refusal to do so was within its discretion under the Credit Agreement." *Id.* at 4. Thus, the crux of relevant information is what ***SunTrust*** knew and did, while "[w]hat the Virgo entities knew or did…is irrelevant to this claim." *Id.* at 3–4. As the discovery Plaintiffs sought from VIG was not relevant to their claims at issue in this case, Judge Wang issued a protective order and denied Plaintiffs' motion to compel any further compliance with the May 9, 2023, subpoena served on VIG ("VIG Subpoena"), ECF 124-1. *See* ECF 131.

Even if the actions of the Virgo Parties had any bearing on this dispute—which they do not—Judge Wang correctly noted that Plaintiffs' third-party discovery assaults are nothing more than a backhanded attempt specifically "aimed to prove the very claims that they were told not to bring," *id.* at 4–5, and that were barred by the Bankruptcy Court. The Bankruptcy Court could have authorized the requested discovery against SS&C if it thought it was relevant, but the Calrissian and Alchemy Trustees—in exercising their respective fiduciaries duties—specifically elected not to bring these same claims that Plaintiffs seem intent on resurrecting here. *Id.*

Magistrate Judge Wang wisely heeded this Court's guidance that this is "a dispute about what the language in the parties' agreement means, whether it's sufficiently clear or whether it's ambiguous," ECF 131 at 4 (quoting ECF 127 at 22), and put a stop to Plaintiffs' quest to litigate a trial within a trial against a group of non-parties that have been subjected to the continued onslaught of litigation by the Plaintiffs in three separate courts over seven years. It is therefore now law of the case that discovery seeking to prove that the Virgo Parties were in fact alter egos of Calrissian is irrelevant and will not be permitted. In light of Judge Wang's Opinion and Order, the remaining outstanding discovery—the SS&C Subpoena and the Virgo Deposition Subpoenas—are therefore unenforceable and should be withdrawn or quashed because they seek the very same, irrelevant information that were sought by the three subpoenas over which Judge Wang granted a protective order. Given the overlap between the first wave and the second wave of discovery against the Virgo Parties, the Virgo Parties respectfully request a pre-trial conference to discuss the need, if any, for any motion practice relating to the SS&C Subpoena and the Virgo Deposition Subpoena.

## II. THE SS&C SUBPOENA IS DUPLICATIVE OF THE QUASHED VIG SUBPOENA

The SS&C Subpoena is inextricably related to the specific discovery disputes adjudicated by Judge Wang in her Opinion and Order, ECF 131. Plaintiffs' attempt to obtain the Virgo Parties' documents from SS&C—which (1) Plaintiffs have already received from VIG, the Alchemy Trustee, or defendants or (2) Plaintiffs have already sought from VIG (and were ultimately deemed not relevant and not permitted to be discovered by Judge Wang, ECF 125) is nothing more than a transparent attempt to circumvent Judge Wang with respect to discovery of VIG's documents to continue their harassment campaign against VIG. At the September Conference, Judge Wang clearly indicated that she found Plaintiffs' requests to be duplicative, untimely, and irrelevant and instructed Plaintiffs to narrow the scope of the VIG Subpoena. *See* ECF 111 at 33–34. She again in her October Order made clear that she was likely to grant VIG's motions for protective orders. ECF 125. In the face of Judge Wang's clear guidance at the September Conference and in the October Order, Plaintiffs sought to circumvent Judge Wang and VIG by serving a separate subpoena on SS&C in the hopes that SS&C would simply comply with the subpoena, leaving Judge Wang and VIG none the wiser. In fact, Plaintiffs threatened to compel the production of documents from SS&C on November 7, 2023, eight days after the October Order.[3]

While directed to SS&C, the SS&C Subpoena actually seeks ***VIG's*** documents and thus, is wholly duplicative of the VIG Subpoena. The SS&C Subpoena requests cover the same materials—in some cases, verbatim—previously called for in the VIG Subpoena. For example, Plaintiffs' Requests Nos. 1, 2, 3, 5, and 7 to SS&C tie directly to Plaintiffs' Request Nos. 1, 2, 6, 8, and 21, respectively. Additionally, SS&C Request No. 6 asks for the same documents requested in the VIG Subpoena at Request Nos. 10 and 13–15.[4] Further, insofar as the SS&C Subpoena seeks documents concerning Calrissian, including Plaintiffs' Requests Nos. 2, 3, 4, 5(c), and 7, SS&C would have those documents only if VIG provided them to SS&C.

The SS&C Subpoena's requests also seek information already in the possession of Plaintiffs. For example, Request No. 1 seeks organizational and formation documents of Calrissian, yet VIG produced these materials last July. In fact, any documents that SS&C might have, would have been provided by VIG already. Request Nos. 2, 3, and 5 seek financial documentation, and yet again all of Calrissian's bank statements, financial statements, general ledgers, and publicly-available post-bankruptcy financial documents have already been produced in response to the VIG Subpoena. For these reasons, once again, Plaintiffs have served another subpoena that is equally "duplicative[,] not relevant" and even more "untimely" than the Nu Image, Baker Tilly, and VIG Subpoenas over which Judge Wang has already granted protective orders. *See* ECF 111 at 33–34; ECF 131.

In light of the Opinion and Order, the SS&C Subpoena should be quashed without further litigation.

## III. THE VIG DEPOSITION SUBPOENAS SEEK IRRELEVANT INFORMATION

For largely the same reasons, this Court should protect VIG and its current and former employees from the hugely burdensome task of providing testimony given the total lack of relevant information as it respects to the claims in these cases between the banks.

First, the 30(b)(6) deposition subpoena served on VIG should be quashed. It is law of the case that VIG cannot provide information relevant to Plaintiffs' claims against SunTrust. All that is relevant to this case is what ***SunTrust*** knew and did, while "[w]hat the Virgo entities knew or did…is irrelevant to this

---

[3] The undersigned attended a meet and confer on November 13, 2023 prior to the Opinion and Order being entered, but Plaintiffs refused to withdraw or otherwise narrow the SS&C Subpoena. The parties therefore reached an impasse during the meet and confer.

[4] Brazenly, Request 8 seeks "***all* other** Documents and Communications related to Calrissian." (emphasis added).

claim." ECF 131 at 3–4. Plaintiffs are free to depose SunTrust to learn what it knew and did, but that information can only come from SunTrust. Whatever VIG knew or did is irrelevant. Considering the sheer irrelevance of VIG's testimony, especially considering the hugely burdensome list of topics at issue in the 30(b)(6), the subpoena should be quashed.

Plaintiffs' proposed deposition subpoenas of the individuals suffer from the same flaw and should be similarly quashed. This is especially true in light of the long-standing apex doctrine, which provides "an additional layer of protection for senior corporate executives subject to depositions." *Iowa Pub. Emps.' Ret. Sys. v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, No. 17 Civ. 6221 (KPF), 2020 WL 6273396, at *1 (S.D.N.Y. Aug. 28, 2020) (quoting *Scott v. Chipotle Mexican Grill Inc.*, 306 F.R.D. 120, 122 (S.D.N.Y. 2015)). Courts generally quash third-party subpoenas of apex witnesses unless the executive "has unique evidence, personal knowledge of the claims at issue," and "other witnesses are incapable of providing testimony about the conduct alleged, executives are safeguarded from depositions." *Harapeti v. CBS TV Stations Inc.*, No. 21 MISC. 680 (PAE), 2021 WL 3932424, at *3 (S.D.N.Y. Sept. 2, 2021) (quashing third-party subpoena seeking testimony of a former executive).[5] Here, as none of the subpoenaed witnesses worked for SunTrust, the entity whose knowledge is at issue in this litigation, there is no possible relevant information that could be provided that would not otherwise be cumulative of party discovery.

For these reasons, the Court should grant the Virgo Parties the relief sought herein.

Respectfully submitted,

ALLEN & OVERY LLP

By: /s/ *Emanuel C. Grillo*
Emanuel C. Grillo
1221 Avenue of the Americas
New York, New York 10020
Tel: 212-610-6300
Emanuel.Grillo@allenovery.com

*Attorneys for non-party Virgo Investment Group LLC, Virgo Societas Partnership III (Offshore), L.P., and Virgo Societas Partnership III (Onshore)*

Cc:   SS&C Technologies, Inc.
      c/o Amir Weinberg (amir.weinberg@ssinc.com)
          Osher Gordon (osher.gordon@sscinc.com)

---

[5] *See also Rodriguez v. SLM Corp.*, 2010 WL 1286989, at *2, (D. Conn. Mar. 26, 2010) (quashing deposition subpoenas of two former executives); *Pullano v. UBS/Paine Webber, Inc.*, No. 03 Civ. 6313, 2007 WL 9779148 at *2 (W.D.N.Y. Mar. 21, 2007) (barring deposition of executive where "plaintiff has failed to demonstrate that [executive] has 'some unique knowledge' pertinent to the real issue in this case"); *In re Blackstone Partners, L.P.*, No. 04 Civ. 7757 (NRB), 2005 WL 1560505, at *3 (S.D.N.Y. Jul. 1, 2005) (affirming bankruptcy court order quashing subpoena to former senior managing director at non-party partnership, which "would be cumulative and would subject [non-party partnership] to undue burden").