# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Kenneth Fowler
Direct Dial: +1 212 556 2227
kfowler@kslaw.com

November 21, 2023

**VIA ECF**
Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 2204
New York, NY 10007

Re:   *Emigrant Bank, et al. v. SunTrust Bank, et al.*, No. 1:20-cv-02391-PGG-OTW

Dear Judge Gardephe:

We represent Defendant Truist Bank, successor by merger to Defendant SunTrust Bank ("Truist"), and write in response to the November 16, 2023 pre-motion letter (the "Letter") submitted by non-parties Virgo Investment Group LLC ("VIG"), Virgo Societas Partnership III (Offshore), L.P., and Virgo Societas Partnership III (Onshore) (collectively the "Virgo Intervenors"). In the Letter, the Virgo Intervenors argue, among other things, that the Court should grant a protective order in response to Plaintiffs' deposition subpoenas served on VIG and three individuals affiliated with VIG (the "Virgo Deposition Subpoenas").

Truist writes separately to address Plaintiffs' delays in serving the Virgo Deposition Subpoenas and other third-party discovery, and to request that the Court grant the Virgo Intervenors' motion to the extent that compelling the Virgo depositions would require an extension of the fact discovery schedule beyond the current deadline of December 7, 2023.[1]

## BACKGROUND

### A.   Plaintiffs Anticipate the Need to Compel Discovery from Virgo in April.

The discovery stay in this matter was lifted on March 28, 2023. ECF 65. On April 13, 2023, the Court held a case management conference, during which counsel for Plaintiffs argued

---

[1] As explained herein, Truist agreed on October 26 not to oppose Plaintiffs' request for an extension of the fact discovery deadline at that time. At that time, *other* third-party disputes, which were promptly raised with the Court months ago (ECF 80, 85, and 97), were pending before Judge Wang. The discovery requests at issue here (and in Plaintiffs' November 13 objection to an order denying their separate motion to compel, ECF 132) are different. These disputes do not merit an extension of the discovery schedule, as Plaintiffs waited more than five months before serving the Virgo Deposition Subpoenas and before moving to compel. No good cause exists to extend the discovery period based on *these* belated disputes.

November 21, 2023
Page 2

that "[a]n important part of [their] claim is that Virgo and its subsidiary[2] are essentially alter ego, and the depositions that we would need to take of the overlapping Virgo and Calrissian employees would be used to show that alter ego status."  ECF 84-1 (April 13 Hr'g Tr.) at 5:4–9.  At the April 13 conference, Plaintiffs were already anticipating that they would serve deposition subpoenas on Virgo and individuals affiliated with Virgo, and that they would need to move to compel.  *Id.* at 3:2–5 ("From Virgo, we would expect . . . two to three depositions [and w]e're expecting to compel motion practice in terms of [those depositions]").

After hearing Plaintiffs' argument, the Court on April 13 issued a case management order, setting an August 14, 2023 deadline for completion of fact discovery, including non-party discovery.  *See* ECF 71.

**B.  Plaintiffs Serve Document Subpoenas; VIG Objects and Seeks Protective Orders.**

On May 8, 2023, Plaintiffs served document subpoenas on seven non-parties, including VIG, Nu Image, Inc., and Baker Tilly US LLP.  ECF 80-1 (Nu Image); 85-1 (Baker Tilly); 97-1 (VIG).  Plaintiffs were right about Virgo's resistance to discovery:  On May 23, VIG served objections to the document subpoena directed at it.  ECF 124-2. Then, on June 11, 2023, the Virgo Intervenors filed a pre-motion letter regarding their anticipated motion to intervene for a protective order over the Nu Image subpoena.  ECF 80.  On July 18, VIG filed a separate pre-motion letter regarding an anticipated motion to intervene and quash, or alternatively for a protective order regarding, the subpoena Plaintiffs served on Baker Tilly.  ECF 85.  And on August 17, 2023, VIG filed a pre-motion letter regarding an anticipated motion for protective order with respect to two of the 22 requests that Plaintiffs included in their subpoena served on VIG.  ECF 97.

Plaintiffs filed opposition letters to all three disputes raised with the Court between June and August.  ECF 81; ECF 93; ECF 99.  Plaintiffs did not, however, move to compel VIG to produce documents with respect to any other requests, nor did Plaintiffs take any action to serve deposition subpoenas on any Virgo entities or individuals, let alone move to compel Virgo depositions—despite telling the Court on April 13 that they wanted Virgo depositions and anticipated motion practice to compel them.  *See id.*; ECF 84-1 at 3:2–5.

**C.  Judge Wang Expresses Doubt Regarding the Relevance and Timeliness of Plaintiffs' May Document Subpoenas.**

On September 20, 2023, Judge Wang held a hearing on the three anticipated motions raised between June and August—the two requests in the VIG subpoena, as well as the Baker Tilly subpoena and the Nu Image subpoena.  *See* ECF 118-1 (Sept. 20 Hr'g Tr.).  At the hearing, Judge Wang stated she was "extremely concerned that the discovery sought from these subpoenas is duplicative and not relevant and untimely" and directed the parties to provide "one last shot at explaining their position."  *Id.* at 34:21 – 35:19. On September 29, Plaintiffs, VIG, and Truist filed supplemental letter briefs.  ECF 118, 119, 120.

---

[2] As in their written demand, Plaintiffs failed at the hearing to specify *which* subsidiary they believed was Calrissian's alter ego.  Plaintiffs now have identified *multiple* subsidiaries.

November 21, 2023
Page 3

Despite the fact that the Court set the original discovery cutoff for August 14,[3] and despite the fact that Judge Wang warned Plaintiffs that she believed that their May 8 requests may have been untimely, as of September 29, Plaintiffs still had not moved for an order compelling VIG to produce documents with respect to any requests other than the two already before Judge Wang.  And Plaintiffs still had not served the Virgo Deposition Subpoenas, let alone move to compel the depositions discussed at the April 13 Court conference.  *See id.*; ECF 84-1 at 3:2–5.

**D.      Following Judge Wang's October 30 Order, Plaintiffs Serve a Barrage of Third-Party Subpoenas After Delaying for Five Months.**

On October 17—about a month after the hearing before Judge Wang—Plaintiffs for the first time issued a document subpoena to SS&C Technologies, Inc., which Plaintiffs contend has possession of certain records of Calrissian.  ECF 135; ECF 135-1.  Then, two weeks later, Plaintiffs filed a letter seeking to compel VIG to produce documents for the first time.  ECF 124.  At that point, more than five months had passed since VIG objected to Plaintiffs' document subpoena and only 50 days remained in the discovery period. Plaintiffs *still* had not served a single deposition subpoena on VIG or any Virgo persons or entities.[4]

On the evening of October 30, Judge Wang denied Plaintiffs' letter request as moot. ECF 125.  Judge Wang referenced the September 20 hearing, noting the Plaintiffs' new letter concerned "the same subpoenas and the same dispute, but oddly [did] not mention the hearing of September 20, 2023, the guidance [Judge Wang] gave at the hearing, and the subsequent briefing."  ECF 125.

A week after Judge Wang denied Plaintiffs' request to compel VIG to produce documents, on November 6, Plaintiffs served the Virgo Deposition Subpoenas on VIG, Chris McDonald, Jesse Watson, and Mark Perez.  Plaintiffs noticed the depositions for November 29, December 1, December 4, and December 6.  Plaintiffs served these deposition notices nearly seven months after discovery opened and just a month and a day before the close of fact discovery.  Plaintiffs have not explained why they waited for months to serve these subpoenas, until the end of the discovery period, given that Plaintiffs knew six months earlier—on April 13—that they would seek these depositions and that they would need to move to compel deposition testimony from Virgo and affiliated individuals.  *See* ECF 84-1 at 3:2–5.

Plaintiffs' efforts to seek additional discovery after Judge Wang's October 30 order have not stopped with the Virgo Deposition Subpoenas.  Also on November 6, Plaintiffs served subpoenas for the depositions of two former SunTrust employees no longer with the bank, noticing the depositions for November 28 and November 30.  On November 9, Plaintiffs served a deposition

---

[3] On July 27, the Court extended the third-party discovery deadline to November 14.  ECF 92.  On September 20, the Court extended the deadline to December 7.  ECF 106.  For reasons unknown to Truist, Plaintiffs never moved to compel production of any documents or depositions from VIG until more than a month after the hearing and the parties' submissions of their supplemental briefs to Judge Wang.

[4] At the October 26 Court conference, Plaintiffs requested an extension of non-party fact discovery until January 14. Truist did not join the request.  Truist also did not oppose the request given the three motions pending before Judge Wang at the time, each of which had been raised relatively quickly.

November 21, 2023
Page 4

subpoena on a forensic accountant that Truist's former counsel had retained, and Plaintiffs scheduled the deposition seven business days later, on November 20 in San Francisco.  And on November 17, Plaintiffs served *another* deposition subpoena on a former employee of Our Alchemy, LLC, with a noticed deposition date of December 5.[5]

On November 13, Judge Wang issued an opinion and order granting VIG's motions for protective orders regarding the Nu Image, Baker Tilly, and VIG subpoenas, and denied Plaintiffs' motion to compel further compliance with the VIG subpoena.  ECF 131.

In sum, since Judge Wang entered her October 30 Order, Plaintiffs have served deposition notices scheduling *eight* depositions to occur within the final 12 business days of the discovery period—with seven occurring in the final eight days of the discovery period.  Put simply, Plaintiffs' lack of diligence and delay has led to an unnecessary rush of depositions.

## ARGUMENT

The Court should grant a protective order to the extent that enforcing Plaintiffs' belated discovery requests would require the Court to extend the fact discovery deadline beyond December 7, 2023.

Once entered, the discovery deadlines in a scheduling order may only be modified for "good cause."  Fed. R. Civ. P. 16(b)(4).  "To satisfy the good cause standard 'the party must show that, despite its having exercised diligence, the applicable deadline could not have been reasonably met."  *Enzymotec Ltd. v. NBTY*, 754 F. Supp. 2d 527, 536 (E.D.N.Y. 2010) (quoting *Sokol Holdings, Inc. v. BMD Munai Inc*., 2009 WL 2524611, at *7 (S.D.N.Y. Aug 14, 2009)).

Courts regularly decline to enforce subpoenas issued shortly before the close of discovery where the issuing party did not demonstrate due diligence in seeking enforcement.  *See e.g., Wood v. Mut. Redevelopment Houses, Inc*., 2019 WL 6174369, at *9 (S.D.N.Y. Nov. 19, 2019) (declining to enforce subpoenas issued shortly before discovery closed where plaintiff had not demonstrated due diligence in seeking enforcement); *see also Slomiak v. Bear Stearns & Co.*, No. 83-cv-1542, 1985 WL 410, at *1 (S.D.N.Y. Mar. 12, 1985) ("The Court will not compel discovery after such a deadline, particularly where, as here, plaintiff's counsel knew of the witnesses and the arguable need for their testimony well in advance of the deadline.")

Here, Plaintiffs failed to exercise diligence in pursuing discovery from the Virgo Intervenors.  Plaintiffs unreasonably delayed moving to compel documents from VIG until more than five months after VIG served its objections to Plaintiffs' subpoena. Plaintiffs have not explained any reason for the delay. *See Makhoul v. Watt, Tieder, Hoffar & Fitzgerald, LLP*, No. 11-cv-05108, 2014 WL 3490215, at *2 (E.D.N.Y. July 10, 2014) (denying motion to compel enforcement of deposition subpoena where moving party identified the need for the

---

[5] Plaintiffs did not attempt to coordinate the scheduling of any of these depositions with Truist (including the depositions of the former SunTrust employees), except for the former forensic accountant's deposition.

November 21, 2023
Page 5

deposition three months before the end of discovery, waited until 10 days before the close of discovery to file the motion, and provided no explanation for the delay).

Despite Judge Wang's warning to Plaintiffs on September 20 that she believed their discovery requests might be "untimely," Plaintiffs waited a month and a half before serving the Virgo Deposition Subpoenas. Plaintiffs delayed serving the Virgo Deposition Subpoenas despite telling the Court nearly seven months earlier, in April, that they would seek depositions from Virgo and anticipated motion practice with Virgo. Against that backdrop, Plaintiffs have not explained why they waited so long to serve their deposition subpoenas, in which Plaintiffs unilaterally scheduled depositions on seven of the final eight business days of the discovery period.

By delaying their motion to compel documents from VIG and delaying even further their decision to serve deposition subpoenas on VIG, Plaintiffs failed to act with diligence. *See Makhoul*, 2014 WL 3490215, at *3 ("Plaintiff's failure to pursue the deposition … in a timely way, beginning with sizable delays during what has been a lengthy discovery process, and ending with Plaintiff's failure to apprise the Court of this issue until approximately one week prior to the expiration of the discovery deadline … has created an inexcusable delay.") Accordingly, the Court should not extend the discovery period based on Plaintiffs' October 30 motion to compel nor based on Plaintiffs' November 6 Virgo Deposition Subpoenas.[6] *Id.*

Regardless of the Court's view of the marginal relevance of the depositions that Plaintiffs now seek,[7] the Court should grant VIG's proposed protective order for the simple reason that Plaintiffs have not exercised diligence in seeking this discovery, and allowing the discovery will cause further unjustified delay to the case schedule.

Respectfully submitted,

/s/ *Kenneth B. Fowler*
Kenneth B. Fowler
*Counsel for Truist*

---

[6] As noted above, Truist believes the discovery disputes that were raised with the Court months earlier are different. For that reason, if the Court were to compel discovery from Virgo based on those earlier disputes, Truist does not oppose a short extension of the discovery period to address those separate issues.

[7] In the November 13 order, Judge Wang stated that "[w]hether the Virgo entities were in fact alter egos of Calrissian or Alchemy, is also of limited applicability here." ECF 131 at 4 n.2. Truist agrees that whether any entity was Alchemy's alter ego is of *no* relevance here. Plaintiffs never demanded that Truist sue any entity as Alchemy's alter ego. By contrast, Plaintiffs' claims *do* require Plaintiffs to prove Truist would have successfully established that specific entities were Calrissian's alter ego, as Plaintiffs "agree[d], in large part" at the April 13 conference (ECF 84-1 at 5:1–9)—which is even more reason that Plaintiffs should have expeditiously sought the Virgo depositions.

In any event, despite seeking the deposition of Mark Perez because he purportedly was involved in changing a report prepared by Baker Tilly (ECF 135 at 4), Plaintiffs offer no explanation of how that fact is relevant given that they have identified no evidence suggesting the report was ever given to any of the lenders. Likewise, Plaintiffs argue that Chris MacDonald might be able to testify about "Virgo's decision not to provide Alchemy with the funding necessary to avoid bankruptcy" (*id.* at 5), but Plaintiffs' demand was that Truist sue "Virgo" as *Calrissian's* alter ego, not as Alchemy's alter ego.

November 21, 2023
Page 6

cc:     All Counsel of Record via ECF