| | |
|---|---|
| **QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010-1601<br>Tel.: (212) 849-7000<br>Fax: (212) 849-7100 | **KING & SPALDING LLP**<br>1185 Avenue of the Americas,<br>35th Floor<br>New York, NY 10036<br>Tel.: (212) 556-2100<br>Fax.: (212) 556-2222 |

March 29, 2024

<u>VIA ECF</u>

Honorable Ona T. Wang
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
Court Room 20D
500 Pearl Street
New York, NY 10007-1312

      Re:    *Emigrant Bank, et al. v. SunTrust Bank, et al.*, No. 1:20-cv-02391-PGG-OTW

Dear Judge Wang:

      In accordance with Your Honor's February 6, 2024 Order (ECF 156), Plaintiffs Emigrant Bank and Pacific Mercantile Bank ("Plaintiffs") and Defendant Truist Bank, successor by merger to Defendant SunTrust Bank ("Truist"), jointly submit the proposed agenda below for the status conference scheduled for April 11, 2024.

## I.    CASE STATUS

      The fact discovery deadline in this case was December 7, 2023, and the parties served expert reports and completed expert depositions by February 16, 2024. The parties have filed pre-motion letters requesting leave to cross-move for summary judgment, which are pending before Judge Gardephe. *See* ECF 157, 158.

      Judge Gardephe has referred all pending discovery disputes to Your Honor. ECF 155. The discovery disputes[1] to be addressed at the April 11th status conference are:

1. Truist's motion to compel documents and communications with former Our Alchemy controller and Plaintiffs' consultant Rex Bowring (ECF 140);
2. Plaintiffs' motion to compel documents reflecting the opinion of Truist's counsel withheld or redacted as privileged (ECF 154);
3. Truist's motion to compel communications with non-party Preferred Bank withheld or redacted as privileged (ECF 154);

---

[1] Plaintiffs' objections to two prior discovery rulings are pending before Judge Gardephe. ECF 132, 138.

4. The proposed motion by the Virgo Entities[2] to quash a subpoena for a deposition of a corporate representative of VIG and three subpoenas for depositions of certain Virgo executives (ECF 133); and

5. The Virgo Entities' proposed motion to quash a document subpoena to SS&C Technologies, Inc. ("SS&C") (ECF 133).

## II. PARTY DISCOVERY

### A. Truist's Motion to Compel Rex Bowring Documents and Communications (ECF 140)

i. <u>Nature of Dispute:</u>  Truist seeks to compel the production of notes taken by Rex Bowring, former controller of Alchemy and consultant to Plaintiffs, in advance of his deposition and Mr. Bowring's communications with Plaintiffs' counsel. The principal issues are whether these documents were properly requested, whether they are work product, and whether Mr. Bowring's testimony regarding documents waived any work-product protection. Truist set forth its position in its pre-motion letter. ECF 140. Plaintiffs set forth their position in their pre-motion response letter. ECF 141.

ii. <u>Efforts to Resolve the Dispute:</u>  Mr. Bowring informed Truist of his consulting agreement with Plaintiffs during his deposition on December 5, 2023. In a letter dated December 7, 2023, Truist requested that Plaintiffs produce Mr. Bowring's consulting agreement, notes, and communications with Plaintiffs' counsel. In a meet and confer via Zoom on December 11, 2023, Plaintiffs agreed to produce Mr. Bowring's consulting agreement but not the other documents. Truist moved to compel on December 12, 2023.

### B. Plaintiffs' Motion to Compel Documents Identified on Truist's Privilege Log (ECF 154)

i. <u>Nature of Dispute:</u>  Plaintiffs seek documents that contain or reflect the opinion of Truist's counsel regarding Plaintiffs' demand for Truist to file a lawsuit against Virgo as the alter ego and/or principal of Calrissian LP ("Calrissian"). The principal issue is whether Truist waived privilege by asserting an affirmative defense based in part on the opinion of counsel and by the testimony of its Rule 30(b)(6) representative relating to the opinion of counsel. Plaintiffs and Truist each set forth their positions in their joint pre-motion letter. ECF 154.

ii. <u>Efforts to Resolve the Dispute:</u>  After Truist served its privilege log on November 15, 2023, Plaintiffs wrote to Truist on December 7, 2023, requesting that Truist either produce documents reflecting the advice of

---

[2] The "Virgo Entities" are third parties Virgo Investment Group LLC ("VIG"), Virgo Societas Partnership III (Offshore), L.P., and Virgo Societas Partnership III (Onshore) L.P.

Truist's counsel or withdraw portions of its Third Affirmative Defense that Plaintiffs contend put such advice at issue and waived any privilege. The parties met and conferred by writing and further by Zoom teleconference on December 29, 2023, and on January 23, 2024, but were unable to reach an agreement. Plaintiffs moved for relief on February 2, 2024.

C. **Truist's Motion to Compel Documents Identified on Plaintiffs' Privilege Log (ECF 154)**

   i. <u>Nature of Dispute:</u> Truist seeks communications between Plaintiffs and non-party Preferred Bank, the fourth lender under the Credit Agreement, that Plaintiffs have withheld or redacted as privileged. The principal issue is whether the common interest doctrine applies. Truist and Plaintiffs each set forth their positions in their joint pre-motion letter. ECF 154.

   ii. <u>Efforts to Resolve Dispute:</u> Plaintiffs served their privilege log on December 8, 2023. Truist wrote to Plaintiffs on December 13, 2023 requesting that Plaintiffs produce their communications with Preferred Bank.[3] Since then, the parties have met and conferred, by letter and by call, including a Zoom teleconference on December 29, 2023. On December 31, 2023, Plaintiffs made a supplemental production of documents, but continue to withhold or redact certain communications with Preferred. Truist moved for relief on February 2, 2024.

III. **THIRD-PARTY DISCOVERY**

Two discovery disputes herein arise from discovery motions made by the Virgo Entities.[4] Plaintiffs provided multiple drafts of the Third Party Discovery section of this agenda to counsel for the Virgo Entities for their revision and offered to meet and confer prior to the conference regarding the outstanding disputes with them. Unfortunately, the Virgo Entities indicated a further meet and confer would be unproductive unless Plaintiffs withdrew the relevant subpoenas and insisted on filing their own letter when Plaintiffs requested to include in this joint agenda reference to their renewed offer to meet and confer.

   A. **Dispute Regarding the SS&C Subpoena (ECF 133)**

   i. <u>Nature of Dispute:</u> The Virgo Entities moved to quash a document subpoena to SS&C, which Plaintiffs understand maintained Calrissian's books and records. The Virgo Entities set forth their position in their pre-motion letter. ECF 133. Plaintiffs set forth their position in their pre-motion response

---

[3] Truist's letter included two additional requests that the Parties have been able to resolve without Court intervention.

[4] This paragraph, and the sections below regarding efforts to resolve the disputes with the Virgo Entities, represent Plaintiffs' positions, not necessarily Truist's positions.

letter.  ECF 135.  Truist set forth its position regarding this dispute in its pre-motion response letter.  ECF 136.

    ii. <u>Efforts to Resolve the Dispute</u>:  Plaintiffs served the SS&C subpoena on October 17, 2023, after Calrissian and Virgo Service Company, LLC ("VSC") (Calrissian's general partner) both failed to respond to subpoenas dated May 8, 2023.[5]  In a meet-and-confer on November 13, 2023, the Virgo Entities stated that they intended to move to quash the SS&C subpoena.  The Virgo Entities so moved on November 16, 2023.  Since the Virgo Entities moved for relief, no further efforts have been made by any party to resolve the dispute, as Plaintiffs understood the parties were at an impasse, though Plaintiffs have offered to meet and confer further prior to the conference.

**B.  Dispute Regarding Deposition Subpoenas to VIG and VIG Executives (ECF 133)**

    i. <u>Nature of Dispute</u>:  The Virgo Entities moved to quash subpoenas served by Plaintiffs for the depositions of a VIG corporate representative and three VIG executives: Mark Perez, Jesse Watson, and Chris MacDonald.  The Virgo Entities set forth their position in their pre-motion letter.  ECF 133.  Plaintiffs set forth their position in their pre-motion response letter.  ECF 135.  Truist set forth its position regarding this dispute in its pre-motion response letter.  ECF 136.

    ii. <u>Efforts to Resolve the Dispute</u>:  On October 16, 2023, Plaintiffs wrote to the Virgo Entities' counsel, informing them that Plaintiffs intended serve subpoenas for depositions of a VIG corporate representative and the above VIG executives and requesting dates convenient for the witnesses.  Plaintiffs and the Virgo Entities' counsel exchanged letters regarding the proposed depositions.  After counsel for the Virgo Entities agreed to accept service, Plaintiffs served deposition subpoenas on November 6, 2023.  In a meet-and-confer on November 13, 2023, the Virgo Entities stated that they intended to move to quash the deposition notices.  The Virgo Entities so moved on November 16, 2023.  Since the Virgo Entities moved for relief, no further efforts have been made by any party to resolve the dispute, as Plaintiffs understood the parties were at an impasse, though Plaintiffs have offered to meet and confer further prior to the conference.

---

[5]  Plaintiffs obtained an order to compel production in the U.S. District Court for the District of Delaware on August 14, 2023.  *See Emigrant Bank et al. v. Calrissian L.P. et al.*, Case No. 23-mc-341-RGA-LDH (D. Del.) (the "Delaware Misc. Action"), at ECF 9.  Calrissian and VSC have not complied with the order.  Counsel for the Virgo Entities do not represent Calrissian or VSC in the above-captioned action, nor the Delaware Misc. Action.

Respectfully submitted,

| | |
|---|---|
| */s/ Corey Worcester* | */s/ Kenneth B. Fowler* |
| Corey Worcester | Kenneth B. Fowler |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | KING & SPALDING LLP |
| | *Counsel for Defendants SunTrust Bank and Truist Bank* |
| *Counsel for Plaintiffs Emigrant Bank and Pacific Mercantile Bank* | |

cc:   All Counsel of Record via ECF