# ALLEN & OVERY

**Via ECF**

The Honorable Ona T. Wang
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

**Allen & Overy LLP**
1221 Avenue of the Americas
New York, NY 10020

Tel          +1 212 610 6300
Fax         +1 212 610 6399
Direct line   +1 212 610 6384
Emanuel.Grillo@allenovery.com

April 1, 2024

***Re: Emigrant Bank and Pacific Mercantile Bank v. SunTrust Bank et. al., 20-cv-02391 (PGG)***

Dear Judge Wang,

We write in our role as co-counsel with Daniels & Tredennick PLLC, on behalf of non-parties Virgo Investment Group LLC ("VIG"), Virgo Societas Partnership III (Offshore), L.P. ("Offshore"), and Virgo Societas Partnership III (Onshore), L.P. ("Onshore" and collectively with VIG and Offshore, the "Virgo Parties"), regarding the parties' joint proposed agenda setting out all remaining discovery disputes and steps taken to resolve those disputes without Court intervention pursuant to Your Honor's February 6, 2024 order. *See* ECF Nos. 166 (the "Joint Letter"), 156 (the "Order"). We write regarding the section of the Joint Letter discussing the outstanding third-party discovery disputes, namely the Virgo Parties' pre-motion conference letter filed on November 16, 2023 (the "November 16th Letter") regarding Plaintiffs' subpoena served on SS&C and Plaintiffs' deposition notices served on VIG and its current and former employees. *See* ECF No. 133.

After more than four months of silence from Plaintiffs regarding the pending discovery disputes, Plaintiffs first contacted counsel for the Virgo Parties on the afternoon of March 28th, providing a draft of only the third-party discovery section of the Joint Letter and requesting that the Virgo Parties provide any revisions by the close of business that same day. In this draft, rather than addressing the Order which required that the Joint Letter set out "**the steps taken to resolve these disputes without Court intervention**," *see* ECF No. 156 (emphasis in original), the draft merely outlined the procedural history leading up to the filing of the Virgo Parties' November 16th Letter. The Virgo Parties pointed out this omission and revised the draft simply to state that "[n]o efforts had been made by any party to resolve the dispute since November 16, 2023." Despite the accuracy of the proposed statement, Plaintiffs refused to incorporate this language. Again, on March 29th, the Virgo Parties urged Plaintiffs to incorporate this, or similar, language, and informed Plaintiffs that, if they were unwilling to do so, the Virgo Parties would separately advise Your Honor in writing of what is simply the truth: that Plaintiffs had taken no steps since the

Allen & Overy LLP is a limited liability partnership registered in England and Wales with registered number OC306763. It is authorized and regulated by the Solicitors Regulation Authority of England and Wales (SRA number 401323). Allen & Overy LLP is a multi-jurisdictional law firm with lawyers admitted to practice in a variety of jurisdictions. A list of the members of Allen & Overy LLP and their professional qualifications is open to inspection at its registered office, One Bishops Square, London, E1 6AD and at the above address. The term partner is used to refer to a member of Allen & Overy LLP or an employee or consultant with equivalent standing and qualifications.

Allen & Overy LLP or an affiliated undertaking has an office in each of: Abu Dhabi, Amsterdam, Antwerp, Bangkok, Beijing, Belfast, Boston, Bratislava, Brussels, Budapest, Casablanca, Dubai, Dublin, Düsseldorf, Frankfurt, Hamburg, Hanoi, Ho Chi Minh City, Hong Kong, Istanbul, Jakarta (associated office), Johannesburg, London, Los Angeles, Luxembourg, Madrid, Milan, Munich, New York, Paris, Perth, Prague, Riyadh, Rome, San Francisco, São Paulo, Seoul, Shanghai, Silicon Valley, Singapore, Sydney, Tokyo, Warsaw, Washington, D.C.

November 16th Letter to obtain the discovery that Plaintiffs supposedly needed so urgently back in November.

Later in the day on March 29th, in response to the Virgo Parties' attempts to accurately provide the information requested by this Court, Plaintiffs wrote that they had understood Plaintiffs and the Virgo Parties "to be at an impasse" with respect to the SS&C subpoena and the depositions, but that they were *now* "willing to meet and confer further at any time before the hearing to attempt to narrow or resolve the disputes." Plaintiffs then circulated a new draft of the Joint Letter which now incorporated the Virgo Parties' proposed language with an additional statement that "Plaintiffs have offered to meet and confer further prior to the conference"—notably, without any date associated with this offer. The Virgo Parties rejected this misleading attempt to characterize Plaintiffs' last-minute offer to meet and confer as insincere and declined to allow Plaintiffs to suggest in their Joint Letter that the Virgo Parties agreed to the section on third-party discovery. The Virgo Parties could only conclude that the Plaintiffs' efforts were an attempt (i) to distract this Court from Plaintiffs' unexplained four-plus-month delay and (ii) to recharacterize events in a light more favorable to them.

The Virgo Parties appreciate this opportunity to correct the record created by Plaintiffs. In the more than four months since the Virgo Parties filed their November 16th Letter, there have been no efforts to resolve or narrow the disputes without Court intervention. Indeed, the Virgo Parties have not heard from Plaintiffs at all regarding the dispute in the intervening period despite this Court's prior admonitions. Disappointingly, Plaintiffs' belated March 29th offer to meet and confer before the conference came only after the Virgo Parties insisted that the Joint Letter accurately reflect that no action has taken place since a meet and confer teleconference held on November 13, 2023. The Virgo Parties remain ready and willing to meet and confer with Plaintiffs so long as Plaintiffs are prepared to make a meaningful offer of compromise regarding outstanding discovery, such as considering the withdrawal of some of the duplicative and irrelevant pending subpoenas; otherwise, any meet and confer would be unproductive given Your Honor's prior rulings on the relevance of discovery from the Virgo Parties.

    Respectfully submitted,

    ALLEN & OVERY LLP

    By: /s/ *Emanuel C. Grillo*
    Emanuel C. Grillo
    1221 Avenue of the Americas
    New York, New York 10020
    Tel: 212-610-6300
    Emanuel.Grillo@allenovery.com

    *Attorneys for non-party Virgo Investment Group LLC, Virgo Societas Partnership III (Offshore), L.P., and Virgo Societas Partnership III (Onshore), L.P.*