# KING & SPALDING

1185 Avenue of the Americas
34th Floor
New York, NY 10036
www.kslaw.com

Kenneth B. Fowler
Tel: +1 212 556 2227
Fax: +1 212 556 2100
kfowler@kslaw.com

July 19, 2024

**VIA ECF**

The Honorable Ona T. Wang
United States Magistrate Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *Emigrant Bank, et al. v. SunTrust Bank, et al.*, No. 1:20-cv-02391-PGG-OTW (S.D.N.Y.)

Dear Judge Wang:

      We represent Defendant Truist Bank, successor by merger to Defendant SunTrust Bank ("Truist"). We write to apprise Your Honor of Truist's letter motion to temporarily seal three documents (the "Motion to Temporarily Seal," ECF 159), which has been pending for more than 120 days.[1]

      On February 28, 2024, Truist filed a response to Plaintiffs Emigrant Bank and Pacific Mercantile Bank's (together, "Plaintiffs") pre-motion letter regarding Plaintiffs' anticipated motion for partial summary judgment (the "MSJ Response Letter," ECF 160). Truist filed various exhibits to its MSJ Response Letter (ECF 160-1 through 160-8), including three expert reports—two served by Plaintiffs (ECF 160-1 & 160-3) and one served by Truist (ECF 160-5). On that same day, Truist filed the Motion to Temporarily Seal the three expert reports due to confidentiality designations made by Plaintiffs and Virgo Investment Group LLC, Virgo Societas Partnership III (Offshore), L.P., and Virgo Societas Partnership III (Onshore), L.P. (collectively the "Virgo Intervenors"). Plaintiffs designated their reports as Confidential, and the Virgo Intervenors designated information in Truist's report as Confidential. As Truist explained in the Motion to Temporarily Seal, it believes all three reports should be unsealed. (ECF 159, at 1–2.) Plaintiffs and the Virgo Intervenors filed separate responses on March 4, 2024. (ECF 163; ECF 164.)

      Because Truist filed the Motion to Temporarily Seal in connection with the pre-motion letters regarding summary judgment, Truist directed its application to Judge Gardephe. It appears, however, that Truist should have directed the Motion to Temporarily Seal to Your Honor, under the Court's amended reference of all non-dispositive pretrial motions to Your Honor. (ECF 155.)

---

[1] Rule IV(H) of Judge Gardephe's Individual Rules of Practice in Civil Cases directs counsel for the movant to alert the Court if a motion has been pending for 120 days.

Hon. Ona T. Wang
July 19, 2024
Page 2

Accordingly, Truist submits this letter to ensure that Your Honor is apprised that the Motion to Temporarily Seal is pending.

      Finally, we note that, since the filing of the Motion to Temporarily Seal, the parties have been engaged in good faith discussions in an attempt to resolve their dispute and minimize any burden on the Court. Specifically, over the past seven weeks, we have consulted with counsel for Plaintiffs and have met and conferred with counsel for the Virgo Intervenors to assess whether the parties could reach an agreement or compromise that might resolve the dispute over confidentiality and sealing. To date, however, the parties have not yet been able to reach an agreement. We intend to continue working with counsel for the Virgo Intervenors to see if the parties can reach such an agreement regarding this dispute.

      We appreciate Your Honor's attention to this matter, and we apologize for any confusion.

Respectfully,

/s/ *Kenneth B. Fowler*
Kenneth B. Fowler
*Counsel for Truist*

cc:    All counsel of record via ECF