UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMIGRANT BANK; AND PACIFIC MERCANTILE BANK,<br><br>              Plaintiffs,<br><br>      v.<br><br>SUNTRUST BANK, TRUIST BANK, and DOES 1 THROUGH 10, Inclusive,<br><br>              Defendants. | Civil Action No. 1:20-cv-02391-PGG |

**DECLARATION OF ANTHONY LUBIANO IN SUPPORT OF
THE VIRGO NON-PARTIES' LETTER-MOTION TO SEAL**

I, Anthony Lubiano, pursuant to 28 U.S.C. § 1746 hereby declare as follows:

1. I am the Senior Vice President of Finance and Chief Compliance Officer of Virgo Investment Group LLC ("VIG") and submit this Declaration in support of the non-parties VIG, Virgo Societas Partnership III (Offshore), L.P. ("Offshore") and Virgo Societas Partnership III (Onshore), L.P. ("Onshore," and collectively with VIG and Offshore, the "Virgo Parties")'s letter-motion to seal Plaintiffs' two expert reports (filed in connection with the Parties' respective motions for summary judgment filed temporarily under seal at ECF Nos. 160 and 162 (the "Expert Reports").

2. I make this Declaration based on personal knowledge. Where the facts and matters are stated as within my own knowledge, I know and believe them to be true. Where they are not within my own personal knowledge, they are true to the best of my information and belief and derived from the sources identified in this Declaration.

1

3. I have over 20 years of experience in accounting and finance operations and business strategy with a focus on private equity and venture capital investment.

4. I joined Virgo Investment Group LLC in January 2020 and remain a current employee of VIG. VIG is a private equity investment manager over various investment funds (the "Investment Funds"), including Onshore and Offshore, two funds that invested capital through special purpose entity Calrissian L.P. to purchase the membership interests in Our Alchemy, LLC f/k/a Millennium Entertainment, LLC ("Alchemy").

5. In my current role as Senior Vice President of Finance ("SVP") and Chief Compliance Officer ("CCO"), I report to VIG's Chief Investment Officer ("CIO") and I advise the CIO and VIG regarding the financial condition of both VIG and the Investment Funds managed and/or overseen by VIG. I oversee a team of finance and accounting professionals, who report to me. As SVP/CCO, I am primarily responsible for, among other things, preparing reports of the financial condition of the Investment Funds, including balance sheets and cash flow statements; generating financial forecasts and models of anticipated revenues and expenses associated with certain Investment Funds; reporting related to efforts to obtain financing from equity and debt investors for certain Investment Funds; managing investor relations; and reporting information to the Investment Funds' independent auditors to prepare annual audited financial statements. As SVP/CCO, I am also responsible for, among other things, preparing reports of the financial condition of VIG, including balance sheets and cash flow statements; and generating financial forecasts and models of anticipated revenues and expenses associated with VIG.

6. I am familiar with the Expert Reports, which discuss VIG's highly sensitive and confidential business and proprietary information. I submit this declaration to support those redactions VIG proposes of Expert Reports, which purport to describe the inner workings, private equity strategy, and corporate structure of "Virgo" (loosely defined as VIG and its unspecified affiliates)

7. VIG is a private company. VIG undertakes significant efforts to protect the confidentiality of its sensitive and proprietary business information, including its business and investment strategy. Based on my review and my personal knowledge and experience as VIG's SVP and CCO, and as a professional for over 20 years, I attest that the information VIG seeks to redact is highly sensitive and confidential business and proprietary information.

8. I understand that certain portions of the Expert Reports purport to describe the inner workings, private equity strategy, and corporate structure of "Virgo" (loosely defined to include VIG and unspecified affiliates) in connection with Onshore and Offshore's investment in Alchemy. In doing so, the Expert Reports make misleading statements about "Virgo's" role and knowledge with respect to Calrissian and Alchemy, with no acknowledgement that multiple corporate entities with different functions were in place between Virgo Investment Group LLC—the investment manager for Onshore and Offshore—and Calrissian and Alchemy. Disclosure to the public of the Expert Reports' misleading statements regarding "Virgo's" purported corporate structure would be detrimental to VIG's business relationships with current and potential investors and harm VIG's competitive standing in the marketplace. Revelation of this highly confidential information to

the public would cause material harm to VIG's business, competitive standing, relationships with investors, and ability to compete for and secure business partnerships and investors.

9. I also understand that certain portions of the Expert Report selectively quote and purport to summarize confidential emails sent by/to certain VIG-related personnel in connection with the investment in Alchemy. Such selective quotation of emails, which are taken out of context, would mislead the public—including current and potential investors—regarding VIG and VIG-funds and serve to impugn the character of past and present VIG-related individuals. Disclosure to the public of the Expert Reports' misleading statements regarding "Virgo's" purported corporate structure and misleadingly summarized emails would be detrimental to VIG's business relationships with current and potential investors and harm VIG's competitive standing in the marketplace. As a private equity fund manager, VIG's reputation is critical to its ability to obtain both investors and funds to support the Investment Funds under its management. If counterparties (such as investors and lenders) do not trust VIG's ability to manage investments, these parties will be unwilling to provide VIG with sensitive information in future negotiations, or simply transact with one of VIG's competitors.

10. For these reasons, the proposed redactions to information from the Expert Reports identified in Exhibit 1 and Exhibit 2 attached hereto are critical to VIG's business and competitive standing.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 31, 2024.

_____
Anthony Lubiano