| | |
|---|---|
| **QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>295 Fifth Avenue<br>New York, New York 10016<br>Tel.: (212) 849-7000 | **KING & SPALDING LLP**<br>1185 Avenue of the Americas,<br>35th Floor<br>New York, NY 10036<br>Tel.: (212) 556-2100 |

**MEMO ENDORSED:**
The application is granted and the proposed schedule is hereby ordered. The Clerk of Court is directed to terminate this motion (Dkt. No. 210).

SO ORDERED.

*Paul G. Gardephe*

Paul G. Gardephe
United States District Judge

Date: March 27, 2025

March 26, 2025

<u>Via ECF</u>

Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 2204
New York, NY 10007

Re: *Emigrant Bank, et al. v. SunTrust Bank, et al.*, No. 1:20-cv-02391-PGG-OTW—
Joint Request To Set Case Schedule

Dear Judge Gardephe:

We write on behalf of Plaintiffs Emigrant Bank and Pacific Mercantile Bank (together, "Plaintiffs") and Defendant Truist Bank, successor by merger to Defendant SunTrust Bank ("Truist" and, together with Plaintiffs, the "Parties"), to jointly request that the Court enter an order setting a schedule for supplemental expert discovery in the above-captioned matter, as instructed by the Court during the July 26, 2024 status conference (ECF No. 194, July 26, 2024 Hr'g Tr., at 35:20–36:6), and for the Parties' renewed pre-motion letters regarding summary judgment.

I. **BACKGROUND**

<u>Plaintiffs' Statement on the Status of Fact Discovery</u>

On July 26, 2024, the Court held a status conference wherein the Court sustained Plaintiffs' objections to certain orders regarding discovery from third parties Virgo Investment Group LLC ("VIG"), Nu Image, Inc., Baker Tilly U.S. LLP, and SS&C Technologies, Inc. ECF No. 189. The Court re-opened fact discovery until September 9, 2024 to allow the completion of that discovery, and initially required document productions to be completed by August 16, 2024. *Id*. That deadline was subsequently extended to August 30, 2024 at VIG's request. ECF No. 198.

VIG produced documents on August 30, and made additional productions on September 6, 18, and 27 after Plaintiffs identified deficiencies in VIG's initial production. VIG also made over 37,000 pages of hard copy documents available for Plaintiffs to inspect in person in Houston, Texas on September 11, 2024, which Plaintiffs promptly reviewed on September 12 and 13. On

September 27, following VIG's late production of additional documents, the Court extended the close of fact discovery to November 8, 2024.  ECF No. 205.

Over the course of their document review, Plaintiffs identified numerous additional deficiencies in VIG's belated supplemental productions and promptly raised those with VIG.  On October 4, for example—more than a month before the deadline to complete depositions—Plaintiffs wrote to VIG to identify outstanding deficiencies in VIG's document production. VIG did not address either of these deficiencies prior to the depositions of its witnesses, which Plaintiffs nonetheless completed by the November 8, 2024 deadline.  Because of these document production deficiencies, as well as VIG's failure to produce a privilege log, Plaintiffs left each of the depositions open.

Deposition testimony from VIG's witnesses, as well as productions from other third parties, confirmed that VIG had improperly withheld additional responsive documents from its productions. Plaintiffs followed up with VIG regarding its discovery deficiencies on November 8 and 14, 2024. VIG did not substantively respond to the Plaintiffs' deficiency letters until December 9, 2024.  Even then, VIG stated that it would require several weeks to address these deficiencies by producing additional responsive documents.  VIG made additional document productions to purportedly resolve those deficiencies on January 6, 2025.

Further, VIG exhibited extraordinary delay in producing the privilege log for its productions. On October 24, 2024, before the close of re-opened discovery, Plaintiffs wrote to VIG, noting that VIG had not provided a privilege log for any of its productions, and asking when VIG intended to produce its privilege log.  VIG did not provide its initial privilege log until December 4.  This initial privilege log was facially deficient.  Among other things, VIG failed to provide any subject matter descriptions for over 1,100 purportedly privileged documents.  Plaintiffs promptly raised these deficiencies on December 9, but VIG did not provide an amended privilege log until January 16, 2025.  VIG then made an additional production of documents that had been incorrectly withheld on the basis of privilege on January 20.

Because VIG produced nearly 15,000 pages of additional documents after the depositions of its witnesses, Plaintiffs were denied the ability to authenticate these documents during depositions. Plaintiffs and VIG engaged in several weeks of good faith negotiations to avoid further delay and motion practice before this Court.  On March 1, 2024, VIG agreed to certify the authenticity of its productions pursuant to FRE 803(6) and FRE 902(11).  Finally, VIG complied with its discovery obligations and Plaintiffs thus have no remaining discovery disputes with VIG.

### The Parties' Statement on the Status of Expert Discovery

Over the course of re-opened fact discovery, VIG has produced thousands of additional documents and its individual and corporate witnesses have been deposed.  At the July 26, 2024 hearing, the Court anticipated that the Parties would need to reopen expert discovery as a result of this additional fact discovery, and instructed the parties to meet and confer regarding an expert discovery schedule.  July 26, 2024 Hr'g Tr. at 35:20–36:6.  The Parties have conferred in good faith and agree that supplemental expert discovery is warranted.

## II.   THE PARTIES' PROPOSED SCHEDULE

There is no operative case schedule in this action. The Court ordered that fact discovery be completed by November 8, 2024, but until recently Plaintiffs have been working to address outstanding discovery disputes with VIG to avoid burdening this Court with motion practice. Additionally, the Court's order re-opening fact discovery terminated the Parties' pending pre-motion letters regarding their proposed motions for summary judgment. ECF No. 189 (terminating ECF Nos. 157, 158).

Now that the discovery disputes have been resolved, the Parties agree that the remaining pretrial matters should proceed expeditiously. Therefore, the Parties respectfully request that the Court set deadlines for supplemental expert disclosures and for the Parties to submit amended summary judgment pre-motion letters.

The Parties respectfully request that the Court order the following schedule.

| Event | Proposed Deadline |
|---|---|
| Supplemental Affirmative Expert Disclosures | April 11, 2025 |
| Supplemental Responsive Expert Disclosures | May 9, 2025 |
| All Supplemental Expert Discovery Completed | June 19, 2025 |
| Amended Summary Judgment Pre-Motion Letters | July 3, 2025 |
| Responses to Amended Summary Judgment Pre-Motion Letters | July 17, 2025 |

***

We thank the Court for its attention to this matter.

Respectfully submitted,

| | |
|---|---|
| */s/ Corey Worcester* | */s/ David Tetrick* |
| Corey Worcester<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP | David Tetrick<br>KING & SPALDING LLP |
| *Counsel for Plaintiffs Emigrant Bank and Pacific Mercantile Bank* | *Counsel for Defendant Truist Bank, successor by merger to Defendant SunTrust Bank* |