# King & Spalding

1185 Avenue of the Americas
34th Floor
New York, NY 10036
www.kslaw.com

Kenneth B. Fowler
Tel: +1 212 556 2227
Fax: +1 212 556 2100
kfowler@kslaw.com

August 20, 2025

**VIA ECF**

The Honorable Ona T. Wang
United States Magistrate Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

   Re: *Emigrant Bank, et al. v. SunTrust Bank, et al.*, No. 1:20-cv-02391-PGG-OTW (S.D.N.Y.)

Dear Judge Wang:

  We represent Defendant Truist Bank, successor by merger to Defendant SunTrust Bank ("Truist"). We write to request an order to amend the schedule for the parties' renewed pre-motion letters regarding summary judgment. This is the second request for an extension of these deadlines.

  As Your Honor is aware, this case arises out of an Amended and Restated Revolving Credit and Term Loan Agreement dated July 9, 2025 (the "Credit Agreement") (ECF 45-1), under which Truist was Administrative Agent and a lender, along with three other lenders: Emigrant, PMB, and non-party Preferred Bank (collectively, the "Lenders"). Calrissian LP guaranteed performance of the Credit Agreement pursuant to a Guaranty Agreement in favor of the Lenders. ECF 45-2. The borrower under the Credit Agreement defaulted and petitioned for bankruptcy relief, and Calrissian defaulted under the Guaranty Agreement. Plaintiffs assert Truist breached its contractual obligations under the Credit Agreement by not suing Virgo Investment Group LLC and three of its affiliates for breach of the Guaranty Agreement under an alter ego theory.

  Truist, however, did sue Calrissian and one of the specified Virgo affiliates—Virgo Service Company LLC ("VSC")—and obtained a $73 million judgment against them in January 2024. ECF 158-16. Truist then domesticated that judgment in California, where Virgo Investment Group and its affiliates are located, and began pursuing post-judgment discovery from VSC. *See* ECF 180, 180-7.

  On July 1, 2025, the parties submitted a joint letter requesting an extension of the deadline for the parties to file pre-motion letters regarding their anticipated motions for summary judgment, which were originally due July 3, 2025. ECF 211, 213. As detailed in that letter, in the California post-judgment proceedings, VSC refused to produce documents unless Truist agreed that VSC could mark documents as confidential and thereby prevent Truist from sharing those documents with the other Lenders. *Id.* Truist pursued an informal discovery conference, as required at the time by the applicable California court's rules prior to moving to compel, which was scheduled

August 20, 2025
Page 2

for August 7, 2025. *Id.* Given that development, Truist requested an extension of the deadline to submit pre-motion summary judgment letters until August 26, 2025, i.e., after the discovery conference. *Id.* Plaintiffs consented, and Judge Gardephe so-ordered the parties' stipulated deadlines on July 2, 2025. ECF 215.

Truist and VSC attended the discovery conference on August 7, 2025, and Truist is now authorized to move to compel. Counsel for Truist is also involved in further discussions with counsel for VSC to potentially obtain VSC's documents while reserving the right to challenge confidentiality designations or to later seek an amended protective order allowing Truist to share the documents with the Lenders. Absent agreement with VSC, Truist will move to compel VSC to produce documents without VSC's proposed limitation preventing Truist from sharing documents designated as confidential with the other Lenders. Importantly, Truist's discovery requests in the California post-judgment proceedings seek documents and information that have not been discoverable in this action through party discovery or third-party discovery from Virgo Investment Group. For instance, Truist has requested, and VSC has agreed to produce, VSC's business records, documents relating to transfers of money into or out of VSC-owned funds, tax documents for members or managers of VSC, and documents relating to businesses in which VSC had an interest.

The impending California proceedings may narrow, clarify, or moot some or all of the issues to be briefed on summary judgment in this case. Accordingly, Truist seeks an extension of the deadline for the parties' renewed summary judgment pre-motion letters until November 25, 2025, when Truist anticipates it will have received and reviewed the forthcoming discovery.

Plaintiffs have not consented to the relief sought.[1] However, extending the schedule for dispositive motions in this case would conserve judicial resources, serve the interests of judicial economy, and promote fairness to the parties. And a short extension will not prejudice Plaintiffs.

For the foregoing reasons, Truist requests an extension until November 25, 2025 for the parties' renewed summary judgment pre-motion letters, and a corresponding extension for responses:

| Event | Proposed Deadline |
| --- | --- |
| Amended Summary Judgment Pre-Motion Letters | November 25, 2025 |
| Responses to Amended Summary Judgment Pre-Motion Letters | December 9, 2025 |

---

[1] Counsel for Truist and counsel for Plaintiffs conferred via videoconference on Tuesday, August 12, 2025, and via email on August 18, August 19, and August 20, 2025. Counsel for Truist provided Truist's view on the appropriateness of an extension of the deadlines. Although Plaintiffs' counsel has not specified Plaintiffs' precise position, the parties have been unable to reach an agreement. Truist is filing this letter motion today to ensure the Court has sufficient time to consider the request prior to the current August 26, 2025 deadline.

August 20, 2025
Page 3

                                                      Respectfully,

                                                      /s/ *Kenneth B. Fowler*
                                                      Kenneth B. Fowler
                                                      *Counsel for Truist*

cc:      All counsel of record via ECF