**quinn emanuel** trial lawyers | new york

295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7471**

WRITER'S EMAIL ADDRESS
**coreyworcester@quinnemanuel.com**

August 21, 2025

<u>VIA ECF</u>

Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 2204
New York, NY 10007

Re:    *Emigrant Bank, et al. v. SunTrust Bank, et al.*, No. 1:20-cv-02391-PGG-OTW

Dear Judge Gardephe:

We write on behalf of Plaintiffs Emigrant Bank and Pacific Mercantile Bank (together, "Plaintiffs") in opposition to Defendant Truist Bank's ("Truist") August 20, 2025 letter to Hon. Magistrate Judge Wang requesting a second extension of the summary judgment pre-motion letter briefing deadlines (ECF No. 217) (the "Letter"). Plaintiffs oppose Truist's request because Truist fails to identify any good cause for a nearly three month extension (or any further extension at all). Plaintiffs filed this action over five years ago and wish to proceed expeditiously with summary judgment briefing and, if necessary, trial. Truist provides only speculation regarding the contents and significance of a future document production in another action as the basis for its request without identifying any possible way in which that document production may affect or impact any issue with respect to summary judgment. Truist does not even identify any issue it may raise or contest on summary judgment. Plaintiffs are prepared to file a pre-motion letter on August 26, 2025 requesting the opportunity to file a motion for summary judgment. Therefore, the Court should deny Truist's request.

Plaintiffs filed this action in March 2020, after Truist, as administrative agent for the Lenders under a Credit Agreement, breached its contractual obligations to Plaintiffs under the Credit Agreement by not suing Virgo Investment Group and its affiliates ("Virgo"), as the alter ego or principal of Calrissian LP, following written demands by Plaintiffs. Undisputed evidence—as well as statements by Truist to the United States Bankruptcy Court for the District of Delaware—show that Virgo completely dominated and controlled Calrissian, the insolvent guarantor of a $37 million dollar loan from Truist, Emigrant, PMB, and one other lender, and is therefore liable under an alter ego or agency theory for Calrissian's failure to pay the any amount

August 21, 2025
Page 2

of the guaranty.  This case has been repeatedly delayed by Truist—who opposed conducting even preliminary discovery while Plaintiffs' motion to dismiss was pending and delayed document discovery after its motion was denied—and by Virgo, who delayed the case by over a year when it refused to produce documents or appear for depositions (with Truist's complicity).  Now Truist seeks yet further delay, purportedly based on documents that it may obtain in a separate action in California to enforce a judgment against Calrissian and Virgo Service Company,[1] another Virgo affiliate (the "California Action").

Truist first requested Plaintiffs' consent to the requested three-month extension on a telephone call with Plaintiffs' counsel on August 12, 2025 and again in an email dated August 19, 2025, but did not provide any basis for its request.  Instead, in its email, Truist stated that the requested extension would allow for Truist to finalize an agreement with Virgo Service Company regarding the production of documents, then "receive the documents, provide summaries, and move to compel if needed."  Aug. 19, 2025 Email from K. Fowler (attached hereto as Exhibit A).  Truist wrote that the unknown content of documents that may be produced "may" moot some unidentified issues in this lawsuit because Truist "may" take some unidentified action against unidentified third parties "if the documents support such action" or it "may" take other unidentified action that "impacts the litigation" in some unidentified way.  *Id.*  Truist did not wait for Plaintiffs to respond and filed its letter motion the next day.

In its Letter, which is misdirected to Magistrate Judge Wang rather than the Court,[2] Truist again claims with no basis at all that the California Action "may narrow, clarify, or moot some or all of the issues to be briefed on summary judgment in this case."  Letter at 2.  But Truist fails to explain in any way how the California Action may "narrow, clarify, or moot" any issue in the parties' summary judgment briefing in this case or even identify any issues that may be narrowed, clarified, or mooted.  At best, Truist appears to be engaged in speculation and surmise regarding the content and timing of these future document productions while failing to discuss how the documents could impact any issue with respect to summary judgment.

Further, Truist does not even attempt to explain its extensive delays in bringing the California Action or seeking these purportedly critical documents. Truist filed its original breach of contract action against Calrissian in 2016, and Truist brought the California Action eight years later in May 2024.  *See* 05.10.2024 Truist's Application for Entry of Judgment on Sister-State Judgment, 24-CIV-02860 (Cal. Sup. Ct.).  At any point in the past nine years Truist could have

---

[1]  Capitalized terms herein have the same meaning ascribed as in the First Amended Complaint. *See* ECF No. 45.

[2]  The resolution of Truist's request to extend the present summary judgment deadlines is properly before Your Honor pursuant to Rule I.D. of Your Honor's Individual Rules of Practice in Civil Cases.  The Court has not referred this matter to Hon. Magistrate Judge Wang.  *See* Hon. Magistrate Judge Wang's Individual Practices in Civil Cases ("Civil cases come before magistrate judges in one of two ways: for one or more specific purposes pursuant to an order of reference by the assigned district judge, or, on consent of the parties.").

August 21, 2025
Page 3

sought these materials—it even could have subpoenaed the documents in this action. If Truist believed that Virgo Service Company possesses such potentially dispositive materials, it should have sought them in discovery long ago.

Truist's delays have prejudiced Plaintiffs. Since this case was filed five years ago, memories have faded, and documents and witnesses are no longer available, including, for example, Chris MacDonald, a founding partner of Virgo Investment Group, who could not recall which Virgo entity he worked for or other basic facts related to the case during his deposition late last year. Further, the Virgo entities who had sufficient assets to pay the amount of the Guaranty may have dissipated those assets. The Court has explained that the proper standard to evaluate Truist's contractual breach is whether there was a "viable" alter ego claim that Truist wrongfully chose to forgo six years ago. ECF No. 194 (July 26, 2024 Hr'g Tr.) at 25:12–14. This action has produced ample evidence to meet that standard, including, for example, Truist's own counsel's acknowledgment there were "colorable" alter ego claims between Virgo and Calrissian in August 2017, Truist's representations to the Bankruptcy Court that Virgo completely dominated and controlled Calrissian and that Virgo used that control to mismanage Calrissian's sole asset, and Virgo's internal documents and admissions reflecting Calrissian's financial dependence on Virgo, Virgo's domination and control over both Calrissian and its wholly owned subsidiary, Alchemy, and Calrissian's lack of separateness from Virgo . There are no possible documents to be obtained in the California Action that can contradict this evidence and Truist certainly has not identified any.

Truist's real problem is that it has an undeniable conflict of interest between its role as administrative agent on behalf of the Lenders in the California Action and the position it has taken in this action. In this action, Truist denies Plaintiffs' claim that Virgo is the alter ego of Calrissian, asserting that there is no evidence of an alter ego relationship between Virgo and Calrissian. In the California Action, Truist is attempting to enforce a judgment against Calrissian and Virgo Service Company, both of whom are defunct and insolvent. Accordingly, the only possible means of recovery in the California Action, in which Truist acts as Plaintiff's agent, is to enforce the judgment against Virgo on the basis that Virgo is their alter ego. Thus, here, Truist asserts there is *no* evidence of alter ego, and in California it asserts there *is* evidence of alter ego. Plainly, there is a conflict and Truist cannot fairly and adequately represent Plaintiffs' interest in pursuing Virgo as an alter ego in the California Action while denying Virgo is an alter ego in this action. Plaintiffs have repeatedly requested that Truist resign as administrative agent, so that an unconflicted agent can pursue the California Action, but Truist has refused to do so.

Now, faced with summary judgment on the alter ego issue in this action based on its own admissions and recent discovery from Virgo, Truist is trying to find a way to avoid or, at least, delay Plaintiffs' motion. But if Truist intends to enforce its judgment against Virgo in California, it should do so now. If Truist intends for the California Action to fail, so that it can seek to use a finding of a lack of alter ego for preclusive purposes here, it should immediately resign as administrative agent for the Plaintiffs. In either event, there is no justification for further delay.

August 21, 2025
Page 4

      For the foregoing reasons, Plaintiffs ask the Court to maintain the current schedule and deny Truist's request for an additional extension for the parties' summary judgment pre-motion letter briefing.


Respectfully submitted,

*/s/ Corey Worcester*

Corey Worcester
*Counsel for Plaintiffs*

# Ex. A

| | |
|---|---|
| **From:** | Ken Fowler <KFowler@KSLAW.com> |
| **Sent:** | Tuesday, August 19, 2025 6:12 PM |
| **To:** | Sage Vanden Heuvel; Leigha Empson; Kathryne Hunter; Shane Flanagan; Corey Worcester; Gary E. Gans; Kayla Rooney; Jeffrey Miller |
| **Cc:** | David Tetrick; Sam Diamant |
| **Subject:** | Re: Virgo Service Company's Second Supplemental Responses & Objection to Truist RPFs & Interrogatories |

**[EXTERNAL EMAIL from kfowler@kslaw.com]**

Sage,

Thank you for the email. I will get back to you tomorrow after checking one item on your first point.

On the requested extension, consistent with what we discussed on the call, we request an extension to allow for us to finalize the agreement, receive the documents, provide summaries, and move to compel if needed. The production by VSC may moot some or most of the issues in the SDNY lawsuit, as Truist may take affirmative action against third parties if the documents support such action, or it may take other action that impacts the litigation based on the production.

We believe an extension until November 25 would be appropriate. Please let us know if you agree. If not, we will need to file a letter motion with the court noting the parties have not agreed.

All the best,
Ken