**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

EMIGRANT BANK AND PACIFIC MERCANTILE BANK,

                    Plaintiffs,

      -against-

SUNTRUST BANK et al.,

                    Defendants.

------------------------------------------------------------x

20-cv-2391 (PGG) (OTW)

**ORDER ON SEALING MOTIONS**

**ONA T. WANG, United States Magistrate Judge:**

I.  **INTRODUCTION**

Before the Court are several motions brought by Plaintiffs, Defendants, and non-parties Virgo Investment Group LLC ("VIG"), Virgo Societas Partnership III (Offshore), L.P., and Virgo Societas Partnership III (Onshore), L.P. (collectively the "Virgo Entities") seeking to seal Exhibits that include information the Virgo Entities have deemed "Confidential" under a Stipulation of Confidentiality Agreement and Protective Order at ECF 75 (the "Protective Order"). For the following reasons, the applications are **GRANTED IN PART, DENIED IN PART**.

II.  **BACKGROUND**

The Court assumes familiarity with the basic facts underlying this action. As relevant here, Plaintiffs Emigrant Bank and Pacific Mercantile Bank (collectively, "Plaintiffs") and Defendant Truist Bank, successor by merger to Defendant SunTrust Bank (collectively "Defendants") entered into certain credit and loan agreements along with Non-Party Alchemy LLC. In this action, Plaintiffs allege, *inter alia*, that Defendants breached their obligations under the credit

agreement by refusing to sue the Virgo Entities, whom Plaintiffs believe are the parent of Calrissian L.P., which in turn is alleged to own Alchemy LLC. (ECF 194 at 2-3). Litigation has been ongoing since 2016.

The Court will discuss the following motions in turn:

1) **ECF 190**: Virgo Entities' motion to seal Exhibits 1, 3, and 5 in Defendants' opposition to Plaintiffs' first pre-motion letter for partial summary judgment (ECF 162);
2) **ECF 221**: Plaintiffs' motion to seal Exhibits 1-5, 7-9, 11-13, 17-18, and 21-24 in Plaintiffs' second pre-motion letter for partial summary judgment (ECF 222), supported by a letter from the Virgo Entities (ECF 266);
3) **ECF 229**: Defendants' motion to redact references in Defendants' opposition to Plaintiffs' second pre-motion letter for partial summary judgment that reference the Exhibits filed temporarily under seal (ECF 230); and
4) **ECF 232**: Plaintiffs' motion to seal Exhibit 9 in Plaintiffs' reply (ECF 233).

A. **Initial Set of Pre-Motion Letters (Sealing Sought at ECF 190)**

In February 2024, after an extensive discovery period, the Plaintiffs filed a pre-motion letter requesting to file a motion for partial summary judgment (ECF 158). Defendants filed their opposition temporarily under seal at ECF 162 because they believed Exhibits 1, 3, and 5 contained expert reports designated "Confidential" by the Virgo Entities under the Protective Order. The Virgo Entities subsequently moved to permanently seal these expert reports located at ECF Nos. 162-1, 162-3, and 162-5. (ECF 190). Judge Gardephe then reopened discovery which, mooted Plaintiffs' request to move for partial summary judgment. The Court temporarily sealed ECF 162. (ECF 228).

B. **Second Set of Pre-Motion Letters (Sealing Sought at ECF Nos. 221, 229, 232)**

Now that discovery has again concluded, and Plaintiffs have again filed a pre-motion letter seeking to bring a partial summary judgment motion. (ECF 222). Plaintiffs moved to seal their pre-motion letter because Exhibits 1-5, 7, 8, 9, 11,12,13,17,18, and 21-24 consist of documents

produced by the Virgo Entities, which Plaintiffs believed were "Confidential" under the Protective Order. (ECF 221). The Virgo Entities then filed a letter in support of Plaintiffs' motion to seal, but stated that Plaintiffs did not need to file Exhibits 22 - 24 under seal because The Virgo Entities did not deem those documents "Confidential." (ECF 226). Defendants sought sealing of their opposition (ECF 230) because they had redacted references to the Exhibits that were the subject of Plaintiffs' motion to seal. (ECF 229). Plaintiffs moved to file their reply under seal as well because Plaintiffs believed Exhibit 9 was subject to the Protective Order. (ECF 233). The Virgo Entities later informed Plaintiffs that they did not deem Exhibit 9 to be "Confidential." (ECF 235).

While the confidential information contained in the first set of pre-motion letters is different from that in the second, the underlying justification for each motion to seal--the privacy interests of the Virgo Entities--is the same.

### III. DISCUSSION

The common law right of public access to judicial documents is based on "the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). The First Amendment also secures, to both the public and the press, a right of access to civil proceedings. *Westmoreland v. Columbia Broad. Sys., Inc.*, 752 F.2d 16, 23 (2d Cir. 1984). When determining whether documents at issue on a motion to seal or redact are subject to this common law right the court must first conclude that the documents at issue are judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). If the Court determines that the documents at

issue are judicial documents, and that, therefore, the constitutional and common law presumption of access attaches, it must determine the presumption's weight. *Id.* "The strongest presumption attaches where the documents 'determin[e] litigants' substantive rights,' and [the presumption] is weaker where the 'documents play only a negligible role in the performance of Article III duties.'" *Olson v. Major League Baseball*, 29 F.4th 59, 89-90 (2d Cir. 2022) (citations omitted). Finally, the Court balances competing considerations against the presumption of access. *Id.* at 120 (citing *Amodeo*, 71 F.3d at 1050). "Higher values," the preservation of which might warrant sealing, include personal privacy interests, public safety, the preservation of attorney-client privilege, and the protection of competitively sensitive business information. *Johnson v. Esports Ent. Grp., Inc.*, No. 22-CV-10861(PGG)(KHP), 2023 WL 6035668, at *2 (S.D.N.Y. Sept. 14, 2023) (citing *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015). Under both constitutional and common law frameworks, the burden of justifying sealing rests with the party seeking sealing. *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997).

   A. Judicial Documents

Pre-motion letters for a dispositive motion and their attachments are unquestionably judicial documents. "The documents in question are 'judicial documents' in which the presumption of public access attaches because they are filed items submitted in connection with a letter motion [seeking] to file a motion for summary judgment." *Johnson v. Esports Ent. Grp., Inc.*, No. 22-CV-10861, 2023 WL 6035668, at *2 (S.D.N.Y. Sept. 14, 2023); *see also Coventry Cap. US LLC v. EEA Life Settlements, Inc.*, No. 17-CV-7417, 2023 WL 2810660, at *2 (S.D.N.Y. Apr.

4

6, 2023).("…the documents at issue here are 'judicial documents' entitled to 'a strong presumption of access' because the parties submitted them in connection with their anticipated summary judgment motions.")

B. **Presumption of Access**

   1. *First Set of Pre-Motion Letters*

The Court did not act on the first set of pre-motion letters before the reopening of discovery mooted them. Thus, the presumption of public access is low. *See Valassis Commc'ns, Inc. v. News Corp.*, No. 17-CV-7378(PKC), 2019 WL 10984156, at *1 (S.D.N.Y. Mar. 11, 2019) ("The Court did not take action on the parties' pre-motion letters. Therefore, even if these documents constitute judicial documents, the presumption of access is low and does not outweigh the parties' interest in protecting the proposed redacted information.")

   2. *Second Set of Pre-Motion Letters*

Since the second set of pre-motion letters are not moot, they have a much stronger presumption of access. *See Lugosch* 435 F.3d at 121.

C. **The Privacy Interest at Stake Compared to the Presumption of Public Access**

   1. *First Set of Pre-Motion Letters*

Since the first set of pre-motion letters became a legal nullity, the privacy concerns at issue clearly outweigh any *de minimis* presumption of access to them. Accordingly, ECF Nos. 162-1, 162-3, and 162-5 should remain sealed.

   2. *Second Set of Pre-Motion Letters*

While it is possible that "[F]inancial information implicate[s] significant privacy interests

5

that overcome the strong presumption of public access…" (*Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, No. 20-CV-10832(AT), 2023 WL 3477552, at *3 (S.D.N.Y. May 16, 2023) (internal quotation marks omitted), a sealing order must be "narrowly tailored to achieve that aim." *Lugosch*, *435 F.3d* at 124. The Court cannot fashion a narrowly tailored sealing order until Plaintiffs file their anticipated motion for partial summary judgment, and it is clear to what extent the parties include, or rely on, the Exhibits in question. Accordingly, the balance of equities is best served by continuing to temporarily seal the Exhibits at issue pending the submission and resolution of Plaintiffs' anticipated partial summary judgment motion.

Finally, Plaintiffs moved to seal ECF 232-9 because they believed the Virgo Entities would deem the Exhibit "Confidential" under the Protective Order. (ECF 233). Plaintiffs subsequently filed a letter on the docket informing the Court that the Virgo Entities did not. Accordingly, there is no reason ECF 233-9 should remain sealed.

## IV.    CONCLUSION

For the foregoing reasons:

- The Virgo Entities' motion at ECF 190 is **GRANTED** and ECF Nos. 162-1, 162-3, and 162-5 remain **SEALED**.
- Plaintiffs' motion at ECF 221, is **GRANTED IN PART, DENIED IN PART** as follows: ECF 222 Exhibits 1-5, 7-9, 11-13, 17-18, and 21 continue to be **TEMPORARILY SEALED** pending the Court's decision on Plaintiff's anticipated partial summary judgment motion. Plaintiffs are directed to file a copy of ECF 223 that does not seal Exhibits 22 – 24;
- Defendants' motion at ECF 229 is **GRANTED** and ECF 230 remains **SEALED** pending a decision on Plaintiffs' motion for partial summary judgment; and
- Plaintiffs' motion at ECF 232 is **DENIED**, and so ECF 233 is **UNSEALED**.

The Clerk of Court is respectfully directed to unseal ECF 233 and close ECF Nos. 221, 229, 232[1].

**SO ORDERED.**

Dated: November 10, 2025
      New York, New York

/s/ Ona T. Wang
**Ona T. Wang**
United States Magistrate Judge

---

[1] The Court previously closed ECF 190 in a prior Order granting temporary sealing. (*See* ECF 228).